**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KATHLEEN BISHOP, NANCY GRAF, JEANNE HAMAN, TOM PAUL and MARK SUMPTER, individually and on behalf of the putative class, | ) ) ) ) ) | |
| | | Case No. 1:17-cv-04464 |
| Plaintiffs, | ) ) | Judge John Robert Blakey |
| v. | ) ) | |
| | ) | Magistrate Judge Mary M. Rowland |
| BEHR PROCESS CORP., a California corporation, THE HOME DEPOT, INC., a Delaware corporation and HOME DEPOT U.S.A., INC., a Delaware corporation. | ) ) ) ) ) | |
| Defendants. | ) | |

**THE HOME DEPOT, INC. AND HOME DEPOT U.S.A, INC.'S
ANSWER AND DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT**

Defendants The Home Depot, Inc. and Home Depot U.S.A., Inc. (together as "Home Depot") submit their Answer and Defenses to Plaintiffs' Class Action Complaint ("Complaint"), respectfully showing as follows:

**NATURE OF CASE**

1.     Outdoor wooden decks and similar structures typically require upkeep as they are exposed to the elements and to surface contact. Traditionally, that upkeep would have required application of a paint or stain about once a year and then eventual replacement of the surface entirely. More recently, homeowners have the option of applying a "resurfacer," a thicker coating than paint or stain that is supposed to last longer and extend the life of the surface by repairing splinters and filling cracks. Because resurfacers offer the promise of extending the life of the surface and avoid the hassle of traditional upkeep, they are substantially more expensive than regular paints and stains.

**RESPONSE:**  Paragraph 1 of the Complaint contains allegations that are not directed toward Home Depot, and therefore no response from Home Depot is required.  To the extent a response is deemed required, Home Depot states that it lacks sufficient information or

knowledge to form a belief as to the truth of the allegations, and therefore those allegations are denied.

**2.      Defendant Behr Process Corporation ("Behr") manufactures and sells DeckOver, a line of deck resurfacing products, exclusively sold by Defendants The Home Depot, Inc. and Home Depot U.S.A, Inc. (collectively, "Home Depot") at Home Depot-branded stores. DeckOver is marketed as a "premium" product and a superior alternative to traditional paints and stains and thus worth the extra money. The product name "DeckOver," for example, conveys that it will cover decking thus extending its life (or giving the deck a "do over").**

      **RESPONSE:**  In response to allegations in the first sentence of Paragraph 2 of the Complaint, Home Depot admits that Home Depot U.S.A., Inc. sells "BEHR Premium DeckOver."  Home Depot denies the remaining allegations in the first sentence of Paragraph 2 of the Complaint as stated.  Home Depot denies the remaining allegations in Paragraph 2 of the Complaint as stated.  By way of further response, Home Depot states that The Home Depot, Inc. is the parent company to Home Depot U.S.A., Inc.  The Home Depot, Inc. does not sell products. Rather, it acts as a holding company.

**3.      But, DeckOver does not live up to these promises. Rather than providing years of protection in exchange for its high price, DeckOver deteriorates quickly within months (in some cases weeks) of application and causes extensive damage to consumers' decks and other surfaces on which DeckOver is applied. Thus, instead of getting a long-lasting coating, consumers who buy DeckOver often waste considerable time and money first applying DeckOver and then removing it and replacing damaged property.**

      **RESPONSE:**  Home Depot denies the allegations in Paragraph 3 of the Complaint.

**4.      Plaintiffs bring this suit to halt the unlawful sales and marketing of DeckOver by Defendants and for damages they sustained as a result. Given the massive quantities of DeckOver sold all over the country, this class action is the proper vehicle for addressing Defendants' misconduct and for attaining needed relief for those affected.**

      **RESPONSE:**  Home Depot denies the allegations in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5.      This Court has subject-matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332 (a) and (d), because the amount in controversy exceeds $5,000,000.00 exclusive of interest and costs, and more than two-thirds of the members of the proposed class (hereinafter "Class") are citizens of states different from that of Defendants.

RESPONSE: Paragraph 5 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Home Depot states that it lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint, and therefore those allegations are denied. Home Depot further denies that Plaintiffs can satisfy the requirements of Federal Rule 23 or that class treatment is appropriate.

6.      Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendants' improper conduct alleged in this Complaint caused injury in this judicial district.

RESPONSE: Paragraph 6 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Home Depot states that it lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint, and therefore those allegations are denied.

## PARTIES

**Plaintiffs**

7.      Plaintiff Kathleen Bishop is a resident and citizen of the State of Illinois and has standing to pursue the claims of the Class, as more fully defined below.

RESPONSE: Home Depot lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint, and therefore those allegations are

denied. Home Depot further denies that Plaintiffs can satisfy the requirements of Federal Rule 23 or that class treatment is appropriate.

**8.    Plaintiff Tom Paul is a resident and citizen of the State of Illinois and has standing to pursue the claims of the Class, as more fully defined below.**

**RESPONSE:** Home Depot lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint, and therefore those allegations are denied. Home Depot further denies that Plaintiffs can satisfy the requirements of Federal Rule 23 or that class treatment is appropriate.

**9.    Plaintiff Mark Sumpter is a resident and citizen of the State of Illinois and has standing to pursue the claims of the Class, as more fully defined below.**

**RESPONSE:** Home Depot lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint, and therefore those allegations are denied. Home Depot further denies that Plaintiffs can satisfy the requirements of Federal Rule 23 or that class treatment is appropriate.

**10.    Plaintiff Jeanne Haman is a resident and citizen of the State of California and has standing to pursue the claims of the Class, as more fully defined below.**

**RESPONSE:** Home Depot lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint, and therefore those allegations are denied. Home Depot further denies that Plaintiffs can satisfy the requirements of Federal Rule 23 or that class treatment is appropriate.

**11.    Plaintiff Nancy Graf is a resident and citizen of the State of New Jersey and has standing to pursue the claims of the Class, as more fully defined below.**

**RESPONSE:** Home Depot lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint, and therefore those allegations

are denied.  Home Depot further denies that Plaintiffs can satisfy the requirements of Federal

Rule 23 or that class treatment is appropriate.

**Defendants**

12. **Defendant Behr Process Corp. is a supplier of paint and exterior wood care products to the United States and Canadian do-it-yourself markets. Behr is a California corporation with its principal place of business in Santa Ana, California. Behr products are sold exclusively at The Home Depot, a "proud partner" of Behr since 1978.[1]**

**RESPONSE:**  Home Depot lacks sufficient information or knowledge to form a belief as

to the truth of the allegations in the first two sentences of Paragraph 12 of the Complaint, and

therefore those allegations are denied.  Home Depot admits the allegations in the third sentence

of Paragraph 12 of the Complaint.

13. **Defendant The Home Depot, Inc. is a Delaware corporation, with its principal place of business in Georgia. The Home Depot, Inc. is the parent company of Home Depot U.S.A., Inc., the world's largest home improvement retailer.**

**RESPONSE:**  Home Depot admits the allegations in Paragraph 13 of the Complaint.

14. **Defendant Home Depot U.S.A., Inc. is a Delaware corporation, with its principal place of business in Georgia. Home Depot owns and operates approximately 2,000 home improvement retail stores under the brand name "The Home Depot" in the United States.**

**RESPONSE:**  Home Depot denies the allegations in Paragraph 14 of the Complaint.  By

way of further clarification, Home Depot states that there are approximately 1,977 Home Depot

stores in the United States.

15. **As a "partner" of Home Depot, Behr represents on its website that the companies' "jointly-made strategic decisions have led to year-over-year growth, global market expansion and greater brand recognition for both companies."[2]**

---

[1] http://www.behr.com/consumer/about/partnerships (last visited June 13, 2017).
[2] http://www.behr.com/consumer/about/partnerships (last visited June 13, 2017).

**RESPONSE:** Home Depot states that the website purportedly containing the text referenced in Paragraph 15 of the Complaint speaks for itself, and denies any allegations in Paragraph 15 of the Complaint inconsistent therewith.

## RESPONSE TO "COMMON FACTUAL ALLEGATIONS"

### Response to "Deck and Patio Restoration"

**16.** **Millions of Americans have wooden decks and similar structures outside of their homes. As time passes, the surfaces of these structures are prone to wear. The wear can consist of scuffing, chipping and peeling paint, cracking, and, for wooden decks, the development of splinters. Most deck surfaces thus require regular maintenance not only to maximize their useful life, but also to maintain their aesthetics.**

**RESPONSE:** Paragraph 16 of the Complaint contains allegations that are not directed toward Home Depot, and therefore no response from Home Depot is required. To the extent a response is deemed required, Home Depot states that it lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and therefore those allegations are denied.

**17.** **There are several maintenance options. First, one can replace the structure in whole or in part (the costliest option). Second, one can apply a surface coating in the form of a paint or stain, which can offer some protection without the cost of a full replacement. Although paints and stains are spread over the surface to provide a thin coating (with the stains actually soaking pigment into the fibers themselves), they generally do not fundamentally improve a deck's condition (*e.g.*, by filling cracks or splinters), and they need to be reapplied, generally yearly, to maintain their cosmetic and protective benefits.**

**RESPONSE:** Paragraph 17 of the Complaint contains allegations that are not directed toward Home Depot, and therefore no response from Home Depot is required. To the extent a response is deemed required, Home Depot states that it lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and therefore those allegations are denied.

18. **Finally, consumers have the third option of applying a resurfacer. Resurfacers are newer products. They are similar to paint, but they are supposed to provide a thicker and longer-lasting benefit (at a greater cost) than traditional paints or stains. While paints and stains may last a year or two, resurfacers are marketed to last for a much longer span of years, thus purporting to minimize the time and money spent on annual maintenance and reapplication.**

**RESPONSE:** Paragraph 18 of the Complaint contains allegations that are not directed toward Home Depot, and therefore no response from Home Depot is required. To the extent a response is deemed required, Home Depot states that it lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and therefore those allegations are denied.

**Response to "Behr's DeckOver Product and Defendants' Marketing Campaign"**

19. **Behr manufactures a line of "Premium" resurfacing products known as "DeckOver," available in smooth, textured, and extra textured finishes, all marketed by Defendants in nearly identical ways. According to Defendants, DeckOver to "Brings new life to old wood & concrete," "conceal cracks and splinters up to 1/4", and create a "slip-resistant finish that also resists cracking and peeling." These representations tell consumers that DeckOver is a durable and long-lasting alternative to paint and stains, capable of restoring and extending the life of surfaces on which it is applied.**

**RESPONSE:** Home Depot denies the allegations in Paragraph 19 of the Complaint as stated.

20. **Specific representations appear right on the labels of the DeckOver product and include representations that the product is a "PREMIUM" wood coating, that "BRINGS NEW LIFE TO OLD WOOD & CONCRETE," creates a "Slip-Resistant Finish" and "Conceals Splinters & Cracks up to 1/4"." Examples of the front product labels are as follows:**

  

**RESPONSE:** Home Depot states that it lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint, and therefore those allegations are denied. Home Depot further states that the purported labels and pictures referenced in Paragraph 20 of the Complaint speak for themselves, and denies any allegations in Paragraph 20 of the Complaint inconsistent therewith.

21. **Other areas on the product labeling (not pictured) further represent that DeckOver: "Resists Cracking & Peeling"; provides a "Durable, Mildew Resistant Finish"; that it can be used in "Waterproofing"; that it "Revives Wood & Composite Decks [and other surfaces]"; and is "Great for Concrete Pool Decks, Patios & Sidewalks."**

**RESPONSE:** Home Depot states that it lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint, and therefore those allegations are denied. Home Depot further states that the purported product labeling referenced in Paragraph 21 of the Complaint speaks for itself, and denies any allegations in Paragraph 21 of the Complaint inconsistent therewith.

22. **Behr's marketing message in other media, including on its website, elsewhere online and in television commercials is consistent with the representations stated on the product label.**

**RESPONSE:** Paragraph 22 of the Complaint contains allegations that are not directed toward Home Depot, and therefore no response from Home Depot is required. To the extent a response is deemed required, Home Depot states that it lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and therefore those allegations are denied.

23. **DeckOver is exclusively sold at Home Depot and DeckOver is similarly marketed by Defendants in Home Depot stores and on Home Depot's website. Obviously, Home Depot is not the end user of DeckOver products, but markets the product directly with Behr to its customers. One examples of a Home Depot ad for DeckOver is:**



**RESPONSE:** In response to allegations in the first two sentences of Paragraph 23 of the Complaint, Home Depot admits that Home Depot U.S.A., Inc. sells "BEHR Premium DeckOver" and that Home Depot is not the end user of that product. Home Depot denies the remaining allegations in the first two sentences of Paragraph 23 of the Complaint as stated. With respect to the remaining allegations in Paragraph 23 of the Complaint, Home Depot states that it lacks sufficient information or knowledge to form a belief as to the truth of those allegations, and therefore those allegations are denied. Home Depot further states that the purported advertisement referenced in Paragraph 23 of the Complaint speaks for itself, and denies any allegations in Paragraph 23 of the Complaint inconsistent therewith.

**24.     According to Home Depot's website, one gallon of DeckOver retails for $34.94 and covers 75 square feet "in two coats," making the cost significantly higher than ordinary paints or stains.[3]**

**RESPONSE:** Home Depot states that the website containing the text referenced in Paragraph 24 of the Complaint speaks for itself, and denies any allegations in Paragraph 24 of

---

[3] http://www.homedepot.com/p/BEHR-Premium-DeckOver-1-gal-Wood-and-Concrete-Coating-500001/206031374 (last visited June 13, 2017).

the Complaint inconsistent therewith. Home Depot denies the remaining allegations in Paragraph 24 of the Complaint as stated.

Response to "Plaintiffs' Experiences"

Plaintiff Bishop

**25.     Plaintiff Kathleen Bishop, a resident and citizen of the State of Illinois, purchased and paid for multiple gallons of DeckOver at a Home Depot store in or around the summer of 2016. DeckOver was applied to Plaintiff's deck in accordance with the instructions provided by Behr. Plaintiff has incurred damages and has standing to pursue the claims asserted in the Complaint.**

**RESPONSE:**  Home Depot lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint, and therefore those allegations are denied.  Home Depot further denies that Plaintiffs can satisfy the requirements of Federal Rule 23 or that class treatment is appropriate.

**26.     Within months of application, DeckOver began to fail.**

**RESPONSE:**  Home Depot lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint, and therefore those allegations are denied.

**27.     Plaintiff Bishop has and/or will incur out of pocket expenses to repair damage caused by DeckOver's premature failure. Behr has not fully reimbursed Plaintiff for these damages and/or the concomitant costs of repair and/or replacement of the deck. Had Plaintiff Bishop known that DeckOver would not perform as represented and/or would prematurely fail, she would not have purchased or used the product.**

**RESPONSE:**  Home Depot lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 27 of the Complaint, and therefore those allegations are denied.

**28.     Prior to purchasing DeckOver, Plaintiff Bishop recalls, generally, seeing and relying on advertisements regarding DeckOver's high quality and longevity. Prior to her**

purchase, Plaintiff Bishop specifically reviewed the product's label and the representations made thereon.

**RESPONSE:** Home Depot lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint, and therefore those allegations are denied.

### Plaintiff Graf

29. **Plaintiff Nancy Graf, a resident and citizen of the State of New Jersey, purchased and paid for multiple gallons of DeckOver at a Home Depot store in or around 2015. DeckOver was applied to Plaintiff's deck in accordance with the instructions provided by Behr. Plaintiff has incurred damages and has standing to pursue the claims asserted in the Complaint.**

**RESPONSE:** Home Depot lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint, and therefore those allegations are denied. Home Depot further denies that Plaintiffs can satisfy the requirements of Federal Rule 23 or that class treatment is appropriate.

30. **In 2016, DeckOver began to fail.**

**RESPONSE:** Home Depot lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint, and therefore those allegations are denied.

31. **Plaintiff Graf has and/or will incur out of pocket expenses to repair damage caused by DeckOver's premature failure. Behr has not fully reimbursed Plaintiff for these damages and/or the concomitant costs of repair and/or replacement of the deck. Had Plaintiff Graf known that DeckOver would not perform as represented and/or would prematurely fail, she would not have purchased or used the product.**

**RESPONSE:** Home Depot lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint, and therefore those allegations are denied.

32.     Prior to purchasing DeckOver, Plaintiff Graf recalls, generally, seeing and relying on advertisements regarding DeckOver's high quality and longevity. Prior to her purchase, Plaintiff Graf specifically reviewed the product's label and the representations made thereon.

**RESPONSE:** Home Depot lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint, and therefore those allegations are denied.

## Plaintiff Haman

33.     Plaintiff Jeanne Haman, a resident and citizen of the State of California, purchased and paid for multiple gallons of DeckOver at a Home Depot store in or around July 2016. DeckOver was applied to Plaintiff's deck in accordance with the instructions provided by Behr. Plaintiff has incurred damages and has standing to pursue the claims asserted in the Complaint.

**RESPONSE:** Home Depot lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 33 of the Complaint, and therefore those allegations are denied. Home Depot further denies that Plaintiffs can satisfy the requirements of Federal Rule 23 or that class treatment is appropriate.

34.     Within weeks of application, DeckOver began to fail.

**RESPONSE:** Home Depot lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 34 of the Complaint, and therefore those allegations are denied.

35.     Plaintiff Haman has and/or will incur out of pocket expenses to repair damage caused by DeckOver's premature failure. Behr has not fully reimbursed Plaintiff for these damages and/or the concomitant costs of repair and/or replacement of the deck. Had Plaintiff Haman known that DeckOver would not perform as represented and/or would prematurely fail, she would not have purchased or used the product.

**RESPONSE:** Home Depot lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint, and therefore those allegations are denied.

**36.     Prior to purchasing DeckOver, Plaintiff Haman recalls, generally, seeing and relying on advertisements regarding DeckOver's high quality and longevity. Prior to her purchase, Plaintiff Haman specifically reviewed the product's label and the representations made thereon.**

**RESPONSE:** Home Depot lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint, and therefore those allegations are denied.

**Plaintiff Paul**

**37.     Plaintiff Tom Paul, a resident and citizen of the State of Illinois, purchased and paid for multiple gallons of DeckOver at a Home Depot store in or around October 2014.  DeckOver was applied to Plaintiff's deck in accordance with the instructions provided by Behr.  Plaintiff has incurred damages and has standing to pursue the claims asserted in the Complaint.**

**RESPONSE:** Home Depot lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint, and therefore those allegations are denied.  Home Depot further denies that Plaintiffs can satisfy the requirements of Federal Rule 23 or that class treatment is appropriate.

**38.     Within two winters of application, DeckOver began to fail.**

**RESPONSE:** Home Depot lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint, and therefore those allegations are denied.

**39.     Plaintiff Paul has and/or will incur out of pocket expenses to repair damage caused by DeckOver's premature failure. Behr has not fully reimbursed Plaintiff for these damages and/or the concomitant costs of repair and/or replacement of the deck. Had**

Plaintiff Paul known that DeckOver would not perform as represented and/or would prematurely fail, he would not have purchased or used the product.

**RESPONSE:** Home Depot lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint, and therefore those allegations are denied.

40. **Prior to purchasing DeckOver, Plaintiff Paul recalls, generally, seeing and relying on advertisements regarding DeckOver's high quality and longevity. Prior to his purchase, Plaintiff Paul specifically reviewed the product's label and the representations made thereon.**

**RESPONSE:** Home Depot lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint, and therefore those allegations are denied.

### Plaintiff Sumpter

41. **Plaintiff Mark Sumpter, a resident and citizen of the State of Illinois, purchased and paid for multiple gallons of DeckOver at a Home Depot store in or around August 2014. DeckOver was applied to Plaintiff's deck in accordance with the instructions provided by Behr. Plaintiff has incurred damages and has standing to pursue the claims asserted in the Complaint.**

**RESPONSE:** Home Depot lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 41 of the Complaint, and therefore those allegations are denied. Home Depot further denies that Plaintiffs can satisfy the requirements of Federal Rule 23 or that class treatment is appropriate.

42. **Within a few seasons of application, DeckOver began to fail.**

**RESPONSE:** Home Depot lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint, and therefore those allegations are denied.

43. **Plaintiff Sumpter has and/or will incur out of pocket expenses to repair damage caused by DeckOver's premature failure. Behr has not fully reimbursed Plaintiff for these damages and/or the concomitant costs of repair and/or replacement of the deck. Had Plaintiff Sumpter known that DeckOver would not perform as represented and/or would prematurely fail, he would not have purchased or used the product.**

**RESPONSE:** Home Depot lacks sufficient information or knowledge to form a belief as

to the truth of the allegations in Paragraph 43 of the Complaint, and therefore those allegations

are denied.

44. **Prior to purchasing DeckOver, Plaintiff Sumpter recalls, generally, seeing and relying on advertisements regarding DeckOver's high quality and longevity. Prior to his purchase, Plaintiff Sumpter specifically reviewed the product's label and the representations made thereon.**

**RESPONSE:** Home Depot lacks sufficient information or knowledge to form a belief as

to the truth of the allegations in Paragraph 44 of the Complaint, and therefore those allegations

are denied.

### Response to "DeckOver Does Not Perform As Marketed"

45. **While consumers expect, and pay a premium for, a long-lasting and aesthetically-pleasing protective barrier for decks and other surfaces, DeckOver beings to prematurely crack, peel, flake, chip, bubble, pucker, separate and generally degrade shortly after application and has the propensity to cause damage to decks and other property.**

**RESPONSE:** Home Depot lacks sufficient information or knowledge to form a belief as

to the truth of the allegations in Paragraph 45 of the Complaint, and therefore those allegations

are denied.

46. **Defendants know this. There are scores of customer complaints on Behr's website. As of the date of this filing, there are <u>155 one-star reviews</u> of the product on the company's own website (and the negative reviews misleadingly do not appear on the "Latest Featured Reviews" list, despite being far more recent than the five-star reviews**

shown on the product's landing page).[4] The following are just a small sample of the most recent customer complaints—*the most recent from the day before this filing* [all sic]:

- "My deck is trashed from deckover. Hate it. Less than 2 years. Peels up in sheets, power washed it, sanded it, and I still have spots of this stuff. Just want it gone so I can start over." (posted on June 12, 2017 by "Mns88" of Indiana).

- "Terrible. Spent a lot of money on this product for our deck and followed the directions. After 2 years its peeling. NOT RECOMMENDED!" (posted on June 10, 2017 by Cindyanne29 of Michigan).

- "just terrible. we had a new deck put on and we used this deck over, it did not even las[t] a year my paint is peeling up everywhere. This product should be taken off the shelves. I wish I could get my money back. We used 2- 5 gal buckets. DONOT USE WASTE OF MONEY" (posted on June 6, 2017 by "TABBY0822" of Kansas).

- "Sad. Terrible product. I pressure washed my deck, let dry for a week (no rain), and applied the product as instructed. 7 months later it's peeling up and i have to replace my deck boards. I'm pretty upset that this product has made my life more difficult and expensive. Unfortunately it looks like I'm not alone. Many other reviews like mine!" (posted on June 2, 2017 by "GreenvilleMatt" of South Carolina).

- "VERY DISAPPOINTED. We did two coats last summer on our covered porch at our seasonal cabin. It didn't even hold up a year. For the high price of this product, I expected it to last at least a few seasons." (posted on June 1, 2017 by "Ikoskie" of New York).

- "Did not last 8 months. I grew-up as a painter working for the family business. I know enough to know that prep is critical. I followed directions for prepping my deck. I applied the first coat with a brush. Waited a week then applied a second coat. Finished the second coat in September of 2016. It is now the end on May 2017, We had a mild winter in Denver, Colorado. Went out to the deck today and noticed that the paint was cracked and peeling. Total waste of the money spent on eight gallons." (posted on May 26, 2017 by Pro12309 of Colorado).

    **RESPONSE:** Home Depot denies the allegations in the first sentence of Paragraph 46 of the Complaint. The remaining allegations in Paragraph 46 of the Complaint are not directed toward Home Depot, and therefore no response from Home Depot is required. To the extent a

---

[4] http://www.behr.com/consumer/products/wood-stains-finishes-cleaners-and-strippers/behr-premiumdeckover (last visited June 13, 2017).

response to those allegations is deemed required, Home Depot states that it lacks sufficient information or knowledge to form a belief as to the truth of those allegations, and therefore those allegations are denied.

47. **But the complaints on Behr's own website are not limited to very recent ones: they go back years, demonstrating that Behr had notice that the product was failing at a very high rate. For example, in 2015, customers complained that the product was "Peeling After 3 Months" (Sept. 11, 2015); that it was a "Very Poor Product" (July 29, 2015) and "Subpar" (May 12, 2015). In 2014, customers called it a "HUGE WASTE OF MONEY" (September 14, 2014) and "the worst product I have ever purchased" (August 5, 2014) a "BIG MISTAKE" (June 29, 2014), "Lousy" (May 14, 2014). Indeed, complaints started rolling in soon after DeckOver's launch in 2013.**

**RESPONSE:** The allegations in Paragraph 47 of the Complaint are not directed toward Home Depot, and therefore no response from Home Depot is required. To the extent a response to those allegations is deemed required, Home Depot states that it lacks sufficient information or knowledge to form a belief as to the truth of those allegations, and therefore those allegations are denied.

48. **Likewise, customers have also complained directly to Home Depot on the company's website, which as of the date of this filing, has a staggering <u>688 one-star reviews</u> of DeckOver [all sic]:[5]**

- **This product was advertised as covering and long lasting. After 1 year and hundreds of dollars spent, it is all peeling. I am beyond upset! Do not purchase thus paint! (posted by "Leroy 22" on April 25, 2017).**

- **Do not buy this product. We decided to paint our deck with it, now, less than 2 years later, it already looks horribly. We followed all instructions exactly - bought the recommended wood cleaner, let dry the recommended amount of time - painted 2 coats. We bought 5 gallons (about $ 175 w/o tax).**

  **Since this product has a warranty, we went back to Home Depot and were told that we have to handle our claim with Behr directly, we are in the process of doing this, but I researched online and found out that a lot**

---

[5] http://www.homedepot.com/p/BEHR-Premium-DeckOver-1-gal-Wood-and-Concrete-Coating-500001/206031374 (last visited June 13, 2017).

of people are having the same problem and haven't received a refund from Behr. Home Depot of course is of no help! Spend your money elsewhere and on other products who actually warrant their stuff. Behr's warranty is not worth the paper it's printed on. (posted by "dontbuydeckover" on May 21, 2017).

- I prepped and applied exactly as instructions say approximately 5 weeks ago. I live in Upcountry Maui- the temperatures NEVER exceed recommended application temps, high or low, year-round. It looked great! 4 weeks later it started bubbling up all over the deck. Really nasty. Cracking and chipping can only be what lies ahead. The house is for sale and my big selling point is now a complete eyesore. I will have no choice but to give a buyer a credit to replace the whole deck. I am going to lose $5,000 by using $150. worth of this 'easy to use, miracle product'!

- Just sick after seeing all the similar complaints on this site and many others on the web. Wow, guess I am not alone. I don't think any other Home Depot product reviews have more 1-star reviews than any other star reviews. Point being- THEY KNOW this is a terrible product that is costing buyers HUGE amounts of money to remedy, yet they KEEP SELLING IT. (posted by "natgro" on October 7, 2016).

- I have a relatively new deck: no large cracks, holes or peeling wood. But I wanted something I wouldn't have to redo every few years. This seemed like the perfect answer and I love Behr paint. Boy, what a mistake. Last year it was new so very few reviews. Now most of us who put this down last summer/fall are reaping the horrible consequences. Stay away from this product. Now I have a mess on my hands because once you paint a deck you have to repaint because it's impossible to get it all off easily. (posted by "tedsgirl6" on May 16, 2014).

- bought a can and applied it to my front deck in the Spring of this year. Its now December of the same year and its literally coming up everywhere. Followed the directions….even applied a third coat in some spots where I thought it was needed. Don't waste your time or money. (posted by "jace" on December 22, 2013).

**RESPONSE:** Home Depot denies the allegations in Paragraph 48 of the Complaint as stated, including all sub-parts thereof. Home Depot further states that it admits that there are comments on its website regarding the referenced product, but states that the website purportedly containing the text referenced in Paragraph 48 of the Complaint speaks for itself, and denies any allegations in Paragraph 48 of the Complaint inconsistent therewith.

49. **After DeckOver peels and deteriorates, consumers must spend even more time and money fixing damage to their decks, including but not limited to the following costs for: (1) removing the product (*e.g.*, by sanding or power washing); (2) replacing the product (*e.g.*, with paint, stain, or another resurfacer); and (3) repairing any damages to existing decks and similar property. In other words, while purchasers of DeckOver expect to prevent future costs by purchasing this "premium" product, they actually end up spending more time and money to repair damages it causes.**

   **RESPONSE:** Home Depot lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 49 of the Complaint, and therefore those allegations are denied.

50. **Since or soon after the time Defendants began selling DeckOver, they knew or should have known that the product would not meet its marketing representations, including the specific representations on its own product packaging.**

   **RESPONSE:** Home Depot denies the allegations in Paragraph 50 of the Complaint.

51. **Despite the above evidence that DeckOver does not meet Defendants' representations, Behr did not reformulate the product, and Defendants refused to pull the product from the market, or disclose DeckOver's lack of functionality. Rather, Defendants continue to market and sell the product knowing that it is causing extensive damage to consumers' decks and that they are complaining in droves. Plaintiffs and the Class could not have reasonably discovered these omitted facts before purchasing the product and experiencing problems for themselves.**

   **RESPONSE:** Home Depot denies the allegations in Paragraph 51 of the Complaint.

52. **As a result of Defendants' misrepresentations and omissions, consumers continue to spend thousands of dollars on purchasing and applying DeckOver, and they then spend even more money removing and replacing the product when it peels, cracks, and causes damages to their property.**

   **RESPONSE:** Home Depot denies the allegations in Paragraph 52 of the Complaint.

53. **Nonetheless, Defendants have not offered refunds to customers *en* masse, have not warned potential customers about the influx of complaints, or provided any assistance to purchasers who have incurred expenses removing DeckOver and/or repairing their decks.**

   **RESPONSE:** Home Depot denies the allegations in Paragraph 53 of the Complaint as stated.

## RESPONSE TO "ESTOPPEL FROM PLEADING AND TOLLING OF APPLICABLE STATUTES OF LIMITATIONS"

**54.    Plaintiffs and members of the Class are within the applicable statute of limitation for the claims presented here. Defendants have non-public information detailing DeckOver's propensity to prematurely degrade, but failed to disclose this information to consumers, and Plaintiffs and Class members therefore could not reasonably have known that DeckOver would prematurely degrade. Rather, consumers relied upon Defendants' misrepresentations and omissions, including the statements on the product labeling as set forth above.**

**RESPONSE:**   The first sentence of Paragraph 54 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is deemed required, Home Depot denies the allegations in the first sentence of Paragraph 54 of the Complaint.  Home Depot denies the remaining allegations in Paragraph 54 of the Complaint.

**55.    Once Plaintiffs incurred damages, they promptly acted to preserve their rights, filing this action. Defendants are estopped from asserting any statute of limitation defense that might otherwise be applicable to the claims asserted herein.**

**RESPONSE:**   The allegations in Paragraph 55 of the Complaint set forth a legal conclusion to which no response is required.  To the extent a response is deemed required, Home Depot denies the allegations in Paragraph 55 of the Complaint.

## RESPONSE TO "CLASS ACTION ALLEGATIONS"

**56.    This action is brought and may be maintained as a class action pursuant to FED. R. CIV. P. 23(a), 23(b)(2) and/or 23(b)(3).**

**RESPONSE:**   Home Depot denies the allegations in Paragraph 56 of the Complaint. Home Depot further denies that Plaintiffs can satisfy the requirements of Federal Rule 23 or that class treatment is appropriate.

**57.    Plaintiffs seek to represent the following Nationwide Class defined as follows:**

**All individuals and entities residing in the United States that purchased DeckOver, not for resale.**

**RESPONSE:** Home Depot admits that Plaintiffs seek to represent the class as defined in Paragraph 57 of the Complaint, but denies that Plaintiffs can satisfy the requirements of Federal Rule 23 or that class treatment is appropriate.

58. **Alternatively, or in addition to the Nationwide Class claims, Plaintiffs also seek to represent the following Multi-State Class as defined as follows:**

> **All individuals and entities in the United States that purchased DeckOver, not for resale, and are residents of the following states: California, Colorado, Florida, Illinois, Indiana, Massachusetts, Michigan, Minnesota, Missouri, Nebraska, New Jersey, New York, Ohio, Oregon, and Washington.**

**RESPONSE:** Home Depot admits that Plaintiffs alternatively seek to represent the class as defined in Paragraph 58 of the Complaint, but denies that Plaintiffs can satisfy the requirements of Federal Rule 23 or that class treatment is appropriate.

59. **Alternatively, or in addition to the Nationwide Class and Multi-State Class claims, Plaintiffs Bishop, Paul, and Sumpter seek to represent the following Illinois Class defined as follows:**

> **All individuals and entities residing in Illinois that purchased DeckOver, not for resale.**

**RESPONSE:** Home Depot admits that Plaintiffs alternatively seek to represent the class as defined in Paragraph 59 of the Complaint, but denies that Plaintiffs can satisfy the requirements of Federal Rule 23 or that class treatment is appropriate.

60. **Alternatively, or in addition to the Nationwide Class and Multi-State Class claims, Plaintiff Haman seeks to represent the following California Class defined as follows:**

> **All individuals and entities residing in California that purchased DeckOver, not for resale.**

**RESPONSE:** Home Depot admits that Plaintiffs alternatively seek to represent the class as defined in Paragraph 60 of the Complaint, but denies that Plaintiffs can satisfy the requirements of Federal Rule 23 or that class treatment is appropriate.

61.     Alternatively, or in addition to the Nationwide Class and Multi-State Class claims, Plaintiff Graf seeks to represent the following New Jersey Class defined as follows:

> All individuals and entities residing in New Jersey that purchased DeckOver, not for resale.

**RESPONSE:** Home Depot admits that Plaintiffs alternatively seek to represent the class as defined in Paragraph 61 of the Complaint, but denies that Plaintiffs can satisfy the requirements of Federal Rule 23 or that class treatment is appropriate.

62.     Excluded from the Classes are: (1) Defendants, and any entity in which Defendants have a controlling interest or which have a controlling interest in Defendants; (2) Defendants' legal representatives, assigns and successors; and (3) the judge(s) to whom this case is assigned and any member of the judge's immediate family.

**RESPONSE:** Home Depot admits that Plaintiffs seek to exclude the categories of members set forth in Paragraph 62 of the Complaint from their putative class, but denies that Plaintiffs can satisfy the requirements of Federal Rule 23 or that class treatment is appropriate.

63.     Class members seek relief under both Rule 23(b)(2) and (b)(3). Specifically, Class members who need to replace decking material and/or repair decks and other property seek to have the Court declare any purported limits on full recovery to be unenforceable and otherwise null and void. Under Rule 23(b)(3), the central issues for each and every Class member are the same: whether DeckOver has the propensity to prematurely fail, whether Defendants acted unlawfully and wilfully, and whether the Class is entitled to common remedies.

**RESPONSE:** In response to the allegations in the first sentence of Paragraph 63 of the Complaint, Home Depot admits that Plaintiffs purport to seek relief under Rule 23(b)(2) and (b)(3), but denies that Plaintiffs are entitled to such relief, that Plaintiffs can satisfy the requirements of Federal Rule 23 or that class treatment is appropriate.  In response to the allegations in the second sentence of Paragraph 63 of the Complaint, Home Depot admits that Plaintiffs purport to seek the Court make the referenced declaration, but denies that Plaintiffs are

entitled to such relief, that Plaintiffs can satisfy the requirements of Federal Rule 23 or that class treatment is appropriate.

**64.     Plaintiffs reserve the right to redefine the Class(es), and/or requests for relief.**

**RESPONSE:**  Home Depot admits that Plaintiffs reserve the right to redefine the putative class(es) and/or requests for relief, but denies that Plaintiffs are entitled to any such relief, that Plaintiffs can satisfy the requirements of Federal Rule 23 or that class treatment is appropriate.

**65.     The members of the proposed Class(es) are so numerous that joinder of all members is impracticable.**

**RESPONSE:**  Home Depot denies the allegations in Paragraph 65 of the Complaint. Home Depot further denies that Plaintiffs can satisfy the requirements of Federal Rule 23 or that class treatment is appropriate.

**66.     The exact number of Class members is unknown. Due to the nature of the trade and commerce involved, as well as the number of online and direct complaints, Plaintiffs believe the Class consists of thousands of consumers.**

**RESPONSE:**  Home Depot lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 66 of the Complaint, and therefore those allegations are denied.  Home Depot further denies that Plaintiffs can satisfy the requirements of Federal Rule 23 or that class treatment is appropriate.

**67.     Common questions of law and fact affect the right of each Class member, and a common relief by way of damages is sought for Plaintiffs and Class members.**

**RESPONSE:**  Paragraph 67 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent a response is deemed required, Home Depot denies the

allegations in Paragraph 67 of the Complaint. Home Depot further denies that Plaintiffs can satisfy the requirements of Federal Rule 23 or that class treatment is appropriate.

**68. Common questions of law and fact that affect Class members include, but are not limited to:**

**a. Whether Defendants marketed DeckOver as a superior, longer-lasting alternative to paint or stain, capable of extending the life of wooden decks and related structures to which it was applied;**

**b. Whether Defendants' marketing of DeckOver was false, deceptive, and/or misleading to reasonable consumers;**

**c. When Defendants knew that DeckOver was susceptible to premature failure;**

**d. Whether Defendants ever disclosed their knowledge that DeckOver was susceptible to premature failure;**

**e. Whether DeckOver's propensity of premature failure would be material to a reasonable consumer;**

**f. Whether Defendants were unjustly enriched by the sale of DeckOver;**

**g. Whether Defendants engaged in fraudulent, unfair, or deceptive conduct with respect to the handling of customer complaints;**

**h. Whether members of the proposed Class have sustained damages and, if so, the proper measure of such damages; and**

**i. Whether Defendants should be declared financially responsible for notifying all Class members about DeckOver's propensity to prematurely fail and for all damages associated with application of the product on Class members' decks and similar property.**

**RESPONSE:** Paragraph 68 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Home Depot denies the allegations in Paragraph 68 of the Complaint, including all sub-parts thereof. Home Depot further denies that Plaintiffs can satisfy the requirements of Federal Rule 23 or that class treatment is appropriate.

- 24 -

69. **The claims and defenses of the named Plaintiffs are typical of the claims and defenses of the Class. Plaintiffs and all members of the Class purchased DeckOver and own homes, residences, or other structures on which DeckOver has been applied. The product has failed and will continue to fail prematurely. The named Plaintiffs, like all Class members, have been damaged by Defendants' conduct in that they have incurred or will incur the costs of replacing DeckOver and repairing and/or replacing their decks and additional property that was damaged by DeckOver's premature failure. Additionally, the factual basis of Defendants' conduct is common to all Class members and represents a common thread of misconduct resulting in injury and damages to all members of the Class.**

**RESPONSE:** The first sentence of Paragraph 69 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Home Depot denies the allegations in the first sentence of Paragraph 69 of the Complaint. Home Depot lacks sufficient information or knowledge to form a belief as to the truth of the allegations in the second and third sentences of Paragraph 69 of the Complaint, and therefore those allegations are denied. Home Depot denies the remaining allegations in Paragraph 69 of the Complaint. Home Depot further denies that Plaintiffs can satisfy the requirements of Federal Rule 23 or that class treatment is appropriate.

70. **The named Plaintiffs will fairly and adequately assert and protect the interests of the Class. Specifically, they have hired attorneys who are experienced in prosecuting class action claims and will adequately represent the interests of the Class; and they have no conflict of interests that will interfere with the maintenance of this class action.**

**RESPONSE:** Home Depot denies the allegations in Paragraph 70 of the Complaint as stated. Home Depot further denies that Plaintiffs can satisfy the requirements of Federal Rule 23 or that class treatment is appropriate.

71. **A class action provides a fair, efficient, and superior method for the adjudication of this controversy for the following reasons:**

    a. **The common questions of law and fact set forth herein predominate over any questions affecting only individual Class members;**

    b.   **The Class is so numerous as to make joinder impracticable but not so numerous as to create manageability problems;**

    c.   **There are no unusual legal or factual issues which would create manageability problems, and depending on discovery, manageability will not be an issue as much information is solely in Defendants' possession;**

    d.   **Prosecution of separate actions by individual members of the Class would create a risk of inconsistent and varying adjudications against Defendants when confronted with incompatible standards of conduct;**

    e.   **Adjudications with respect to individual members of the Class could, as a practical matter, be dispositive of any interest of other members not parties to such adjudications, or substantially impair their ability to protect their interests; and**

    f.   **The claims of the individual Class members are small in relation to the expenses of litigation, making a Class action the only procedure in which Class members can, as a practical matter, recover. However, the claims of individual Class members are collectively large enough to justify the expense and effort in maintaining a class action.**

**RESPONSE:** Paragraph 71 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Home Depot denies the allegations in Paragraph 71 of the Complaint, including all sub-parts thereof.

## <u>RESPONSE TO "CLAIMS FOR RELIEF"</u>

### FIRST CLAIM FOR RELIEF
### Claim for Declaratory and Injunctive And/Or Equitable Relief
### (On Behalf of the Nationwide Class)

**72.** **Plaintiffs re-allege and incorporate by reference the allegations contained in Paragraphs 1-71, as though set forth fully herein.**

**RESPONSE:** Home Depot hereby incorporates its previous responses to Paragraphs 1 through 71 of the Complaint as if set forth fully herein.

**73.** **An actual controversy exists between Defendants and Plaintiffs concerning the common questions identified in Paragraph 68 above.**

**RESPONSE:** Paragraph 73 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Home Depot denies the

allegations in Paragraph 73 of the Complaint. Home Depot further denies that Plaintiffs can satisfy the requirements of Federal Rule 23 or that class treatment is appropriate.

**74. Under the Declaratory Judgment Act, 28 U.S.C. § 2201, this Court may "declare the rights and legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." The declaratory relief sought here does not fall within any of the exemptions set forth in that Act.**

**RESPONSE:** Paragraph 74 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Home Depot denies the allegations in Paragraph 74 of the Complaint. Home Depot further states that the statute referenced in the first sentence of Paragraph 74 of the Complaint speaks for itself, and denies any allegations inconsistent therewith.

**75. Accordingly, Plaintiffs pray this Court declare that:**

    **a. DeckOver has a propensity to prematurely fail, which causes consumers to suffer damages, including to other property;**

    **b. Defendants knew and/or should have known that DeckOver had a propensity to prematurely fail, which would cause consumers to suffer damages;**

    **c. Defendants are required to disclose to consumers, at their own cost, that DeckOver's propensity to prematurely fail causes damages, including to other property;**

    **d. Defendants are required to review and re-audit all prior customer claims, including claims previously denied in whole or in part.**

**RESPONSE:** Home Depot admits that Plaintiffs purport to have the Court make the declaration referenced in Paragraph 75, but denies the statements therein or that Plaintiffs are entitled to such relief.

**76. The requested declaratory relief will generate common answers that will resolve controversies that lie at the heart of this litigation and will allow Plaintiffs to obtain relief that directly redresses the injury suffered. Resolving these issues in this class action will eliminate the need for continued and repeated litigation.**

**RESPONSE:** Paragraph 76 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Home Depot denies the allegations in Paragraph 76 of the Complaint. Home Depot further denies that Plaintiffs are entitled to the declaratory or other relief requested, that Plaintiffs can satisfy the requirements of Federal Rule 23, or that class treatment is appropriate.

**SECOND CLAIM FOR RELIEF**
**Unjust Enrichment**
**(On Behalf of the Nationwide Class)**

**77.** **Plaintiffs re-allege and incorporate by reference the allegations contained in Paragraphs 1-71, as though set forth fully herein.**

**RESPONSE:** Home Depot hereby incorporates its previous responses to Paragraphs 1 through 71 of the Complaint as if set forth fully herein.

**78.** **Plaintiffs and Class members conferred a tangible economic benefit upon Defendants by purchasing DeckOver. Plaintiffs and Class members would not have purchased DeckOver had they known that DeckOver had a propensity to prematurely fail and would not perform as represented.**

**RESPONSE:** Home Depot denies the allegations in Paragraph 78 of the Complaint as stated. Home Depot further denies that Plaintiffs can satisfy the requirements of Federal Rule 23 or that class treatment is appropriate.

**79.** **Failing to require Defendants to provide remuneration under these circumstances would result in Defendants being unjustly enriched at the expense of Plaintiffs and the Class members.**

**RESPONSE:** Home Depot denies the allegations in Paragraph 79 of the Complaint.

**80.** **Defendants' retention of the benefit conferred upon them by Plaintiffs and members of the Class would be unjust and inequitable.**

**RESPONSE:** Home Depot denies the allegations in Paragraph 80 of the Complaint.

**THIRD CLAIM FOR RELIEF**
**Negligent Misrepresentation**
**(On Behalf of the Nationwide Class)**

81.     Plaintiffs re-allege and incorporate by reference the allegations  contained in Paragraphs 1-71, as though set forth fully herein.

**RESPONSE:**  Home Depot hereby incorporates its previous responses to Paragraphs 1

through 71 of the Complaint as if set forth fully herein.

82.     Defendants manufactured, marketed, advertised, sold, and represented DeckOver to Plaintiffs as a deck resurfacer.

**RESPONSE:**  Home Depot denies the allegations in Paragraph 82 of the Complaint.

83.     Among  other  things,  Defendants  made  numerous  material misrepresentations regarding DeckOver, including the representations identified in Paragraphs 18-23 herein that DeckOver "brings new life to old wood and concrete surfaces," "conceals cracks and splinters up to 1/4", creates a "slip-resistant finish that also resists cracking and peeling," "resists cracking & peeling," provides a "durable, mildew resistant finish," can be used in "waterproofing," "revives wood & composite decks [and other surfaces]," and is "great for concrete pool decks, patios & sidewalks."

**RESPONSE:**  Home Depot denies the allegations in Paragraph 83 of the Complaint.

84.     These representations are false and misleading because DeckOver leads to a shorter life of a deck by requiring repairs due to its premature failure, fails to conceal cracks, results in bubbling, cracking, and peeling, is not durable, and does not revive decks.

**RESPONSE:**  Home Depot denies the allegations in Paragraph 84 of the Complaint.

85.     At the time of sale, Defendants knew or should have known about DeckOver's propensity to prematurely fail, by and through, direct online complaints and other complaints made directly to Defendants. Thus, Defendants either knew their representations were false or had no reasonable grounds for believing that their representations were true.

**RESPONSE:**  Home Depot denies the allegations in Paragraph 85 of the Complaint.

86.     Defendants also failed to disclose, concealed, suppressed and omitted material information concerning DeckOver, including the DeckOver was inherently

susceptible to cracking, peeling, flaking, chipping, bubbling, puckering, separating, generally degrading and otherwise prematurely failing.

**RESPONSE:** Home Depot denies the allegations in Paragraph 86 of the Complaint.

87. **Defendants intended that Plaintiffs rely upon their material misrepresentations and omissions to purchase more DeckOver; and Plaintiffs reviewed and reasonably relied upon Defendants' misrepresentations and omissions and incurred damages as a direct and proximate result, in an amount to be determined at trial, including repair and replacement costs and/or damages to other property. Any limitation on economic loss is precluded by Defendants' fraudulent misrepresentations.**

**RESPONSE:** Home Depot denies the allegations in Paragraph 87 of the Complaint.

**FOURTH CLAIM FOR RELIEF**
**Violation of State Consumer Protection Laws**
**(On Behalf of the Multi-State Class, Alternatively on Behalf of the California, Illinois, and New Jersey Subclasses)**

88. **Plaintiffs re-allege and incorporate by reference the allegations contained in Paragraphs 1-71, as though set forth fully herein.**

**RESPONSE:** Home Depot hereby incorporates its previous responses to Paragraphs 1 through 71 of the Complaint as if set forth fully herein.

89. **Defendants market and sell goods, including DeckOver, to consumers throughout the United States, including to Plaintiffs and the Class.**

**RESPONSE:** Home Depot admits that Home Depot, U.S.A. Inc. sells "BEHR Premium DeckOver." Home Depot denies the remaining allegations in Paragraph 89 of the Complaint as stated, and further denies that Plaintiffs can satisfy the requirements of Federal Rule 23 or that class treatment is appropriate.

90. **Plaintiffs and Multi-State Class members are consumers who purchased and used DeckOver primarily for personal, family and/or household purposes.**

**RESPONSE:** Home Depot lacks sufficient information or knowledge to form a belief as to the truth of the allegations in Paragraph 90 of the Complaint, and therefore those allegations

are denied. Home Depot further denies that Plaintiffs can satisfy the requirements of Federal Rule 23 or that class treatment is appropriate.

**91. Defendants violated state consumer protection laws by engaging in unfair methods of competition and unfair, deceptive, fraudulent, unconscionable and/or unlawful acts or practices, including without limitation, by defective design and manufacture of DeckOver as well as misleading marketing, advertising, selling, and representing of DeckOver to consumers. In connection with these sales, Defendants omitted material information about DeckOver that they were legally obligated to disclose. Defendants never informed Plaintiffs or Class members, at the point of sale or otherwise, that DeckOver would prematurely fail shortly after application. Defendants failed to disclose this information well after they were aware of these conditions. Defendants have also failed or refused to pay for resulting expenses that consumers have incurred.**

**RESPONSE:** Home Depot denies the allegations in Paragraph 91 of the Complaint. Home Depot further denies that Plaintiffs can satisfy the requirements of Federal Rule 23 or that class treatment is appropriate.

**92. Among other things, Defendants made numerous deceptive statements regarding DeckOver, including, but not limited to, the following representations that DeckOver:**

      **a. "brings new life to old wood and concrete surfaces;"**

      **b. "conceals cracks and splinters up to 1/4;"**

      **c. creates a "slip-resistant finish that also resists cracking and peeling;"**

      **d. "resists cracking & peeling;"**

      **e. provides a "durable, mildew resistant finish;"**

      **f. can be used in "waterproofing;"**

      **g. "revives wood & composite decks [and other surfaces];" and**

      **h. is "great for concrete pool decks, patios & sidewalks."**

**RESPONSE:** Home Depot denies the allegations in Paragraph 92 of the Complaint, including all sub-parts thereof.

93. **Through their conduct, Defendants have violated the following state consumer laws prohibiting unfair methods of competition and unfair, deceptive, unconscionable, fraudulent and/or unlawful acts or practices:**

    a. **The California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code, § 17200,** *et seq.* **;**

    b. **The Colorado Consumer Protection Act, Col. Rev. Stat. Ann. §§ 6-1-105(1)(b), (c), (e) and (g),** *et seq.***;**

    c. **The Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. §501.204(1),** *et seq.***;**

    d. **The Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 Ill. Stat. § 505/2,** *et seq.***, and the Illinois Uniform Deceptive Trades Practices Act, 815 Ill. Stat. § 510/2(a)(5), (7) and (12),** *et seq.***;**

    e. **e. The Indiana Deceptive Consumer Sales Act, Ind. Code §§ 24-5-0.5-3(a) and (b)(1) and (2),** *et seq.***;**

    f. **The Massachusetts Consumer Protection Act, Ma. Gen. Laws Ann. Ch. 93A § 2(a),** *et seq.***;**

    g. **The Michigan Consumer Protection Act, M.C.P.L.A. § 445.903(1)(c)(e), (s) and (cc),** *et seq.***;**

    h. **The Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. § 325D.44, subd. 1(5), (7) and (13),** *et seq.***, the Minnesota Consumer Fraud Act, Minn. Stat. § 325F.69, subd. 1, and Minn. Stat.§ 8.31, subd. 3(a),** *et seq.***;**

    i. **The Missouri Merchandising Practices Act, Mo. Ann. Stat. § 407.020(1),** *et seq.***;**

    j. **The Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1602, and the Nebraska Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. §87-302(a)(5) and (7),** *et seq.***;**

    k. **The New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-2,** *et seq.***;**

    l. **New York Business Law, N.Y. Gen. Bus. Law § 349(a),** *et seq.***;**

    m. **The Ohio Consumer Sales Practices Act, Ohio Rev. Code Ann. § 1345.02(A), (B)(1) and (2),** *et seq.* **Pursuant to Ohio Rev. Code Ann. § 1345.09(B), Defendants' alleged acts must have been previously declared to be deceptive or unconscionable under Ohio Rev. Code Ann. §§ 1345.02 or 1345.03. Defendants systematically made misrepresentations and material omissions regarding DeckOver. Ohio courts have previously**

declared such actions to be deceptive or unconscionable. *See, e.g., Arales v. Furs by Weiss, Inc*., No. 81603, 2003 WL 21469131, at \*1-4 (Ohio Ct. App. June 26, 2003) (retailer's omission to consumer was unfair or deceptive); *Lump v. Best Door & Window, Inc.*, Nos. 8-01-09, 8-01-10, 2002 WL 462863, at \*4-5 (Ohio Ct. App. Mar. 27, 2002) (failure to perform obligations to consumers in a timely and competent manner is a deceptive and unconscionable);

n. The Oregon Unfair Trade Practices Act, Or. Rev. Stat. §§ 646.608(1)(e)(g) and (u), *et seq.*;

o. The Washington Consumer Protection Act, Wash. Rev. Code § 19.86.020, *et seq.*

**RESPONSE:** Home Depot denies the allegations in Paragraph 93 of the Complaint, including all sub-parts thereof.

94. **As a direct and proximate result of Defendants' unfair methods of competition and unfair, deceptive, fraudulent, unconscionable and/or unlawful acts or practices, Plaintiffs and the Class have suffered ascertainable losses and injuries, including without limitation: (1) monetary costs of purchasing, removing, and replacing DeckOver, which was susceptible to premature failure; (2) monetary costs of repairing and replacing decks and other property upon which defective DeckOver was applied; (3) other damages resulting from DeckOver's propensity to prematurely fail.**

**RESPONSE:** Home Depot denies the allegations in Paragraph 94 of the Complaint.

95. **Plaintiffs bring this action on behalf of themselves and all similarly situated persons for the relief requested and to promote the public interests in the provision of truthful, non-deceptive information to allow consumers to make informed purchasing decisions and to protect Plaintiffs, the Class, and the public from Defendants' unfair methods of competition and unfair, deceptive, fraudulent, unconscionable and/or unlawful practices. Defendants' wrongful conduct has had widespread impact on the public at large, as demonstrated by the sheer volume of complaints about DeckOver.**

**RESPONSE:** Home Depot denies the allegations in Paragraph 95 of the Complaint.

96. **Defendants have long had notice of Plaintiffs' allegations, claims and demands, including from online and direct complaints regarding DeckOver.**

**RESPONSE:** Home Depot denies the allegations in Paragraph 96 of the Complaint.

**FIFTH CLAIM FOR RELIEF**
**Violation of the California Legal Remedies Act**
**(On behalf of the California Subclass)**

97.     Plaintiffs re-allege and incorporate by reference the allegations contained in Paragraphs 1-71, as though set forth fully herein. Plaintiff Haman has standing to pursue this cause of action on behalf of the Class.

**RESPONSE:**  In response to the allegations in the first sentence of Paragraph 97 of the Complaint, Home Depot hereby incorporates its previous responses to Paragraphs 1 through 71 of the Complaint as if set forth fully herein.  The second sentence of Paragraph 97 sets forth a legal conclusion to which no response is required.  To the extent a response is deemed required, Home Depot denies the allegations in the second sentence of Paragraph 97 of the Complaint. Home Depot further denies that Plaintiffs can satisfy the requirements of Federal Rule 23 or that class treatment is appropriate.

98.     Plaintiff Haman brings this claim pursuant to the Consumers Legal Remedies Act ("CLRA"), California Civil Code § 1750, *et seq.*, which prohibits unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result, or which does result, in the sale or lease of goods or services to any consumer.

**RESPONSE:**  Home Depot admits that Plaintiff Haman purports to bring this claim pursuant to the referenced statute, but denies that Plaintiff Haman or any other member of the putative class is entitled to such relief.  Home Depot further states that the referenced statute speaks for itself and denies any allegations in Paragraph 98 of the Complaint inconsistent therewith.

99.     Plaintiff Haman is a "consumer" and DeckOver is a "good" as defined by the CLRA. Further, Plaintiff's purchase of DeckOver constitutes a "transaction," and Defendants' conduct described in this Complaint occurred in several states, including the State of California.

- 34 -

**RESPONSE:** Paragraph 99 of the Complaint sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Home Depot denies the allegations in Paragraph 99 of the Complaint. Home Depot further states that the referenced statute speaks for itself and denies any allegations in Paragraph 99 of the Complaint inconsistent therewith. In addition, Home Depot denies that Plaintiffs are entitled to relief under the referenced statute.

**100.** **Defendants violated the CLRA by engaging in unfair methods of competition and unfair, deceptive, fraudulent, unconscionable and unlawful acts or practices in connection with transactions—namely the sale of DeckOver to Plaintiff and the proposed Class members—that were intended to result and did result in the sale of DeckOver to consumers.**

**RESPONSE:** Home Depot denies the allegations in Paragraph 100 of the Complaint.

**101.** **In connection with these sales, Defendants omitted material information about DeckOver that they were legally obligated to disclose. Defendants never informed Plaintiff or the proposed Class members, at the point of sale or otherwise, that DeckOver would prematurely fail shortly after application. Defendants failed to disclose this information well after they were aware of these conditions. Defendants have also failed or refused to pay for resulting expenses that consumers have incurred.**

**RESPONSE:** Home Depot denies the allegations in Paragraph 101 of the Complaint.

**102.** **Defendants have also violated the CLRA by making misrepresentations to Plaintiff and members of the proposed Class that were intended to result, and which did result, in the sale of DeckOver, including: (1) that DeckOver is reliable and will last for years when in fact it degrades prematurely within months; (2) that DeckOver is a premium product when in fact it is not; and (3) that sales have been supplied in accordance with representations about DeckOver which, as outlined in this Complaint, are not true.**

**RESPONSE:** Home Depot denies the allegations in Paragraph 102 of the Complaint.

**103.** **Plaintiff and the Class members reviewed and reasonably relied on Defendants' omissions and misrepresentations regarding DeckOver and incurred damages as a direct and proximate result, in an amount to be determined at trial. For example, Plaintiff Haman reviewed Defendants' advertising and product labeling regarding DeckOver's high quality and longevity, and in reasonable reliance of those statements,**

incurred out of pocket costs for damages caused by DeckOver's premature failure and/or the concomitant costs of repair and/or replacement of her deck.

**RESPONSE:** Home Depot denies the allegations in Paragraph 103 of the Complaint.

**104.** **Pursuant to § 1780(d) of the CLRA, Plaintiff Haman has or will provide Defendants with notice of Defendants' CLRA violations, accompanied by a demand that Defendants correct, repair, replace and/or otherwise rectify the prohibited practices as well as notice of Plaintiff's intent to sue.**

**RESPONSE:** Paragraph 104 sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Home Depot states that it lacks sufficient information or knowledge to form a belief as to the truth of the allegations, and therefore those allegations are denied. Home Depot further denies that Plaintiffs are entitled to relief under the referenced statute.

### SIXTH CLAIM FOR RELIEF
### Violation of the California False Advertising Law
### (On behalf of the California Subclass)

**105.** **Plaintiffs re-allege and incorporate by reference the allegations contained in Paragraphs 1-71, as though set forth fully herein. Plaintiff Haman has standing to pursue this cause of action on behalf of the Class.**

**RESPONSE:** In response to the allegations in the first sentence of Paragraph 105 of the Complaint, Home Depot hereby incorporates its previous responses to Paragraphs 1 through 71 of the Complaint as if set forth fully herein. The second sentence of Paragraph 105 sets forth a legal conclusion to which no response is required. To the extent a response is deemed required, Home Depot denies the allegations in the second sentence of Paragraph 105 of the Complaint. Home Depot further denies that Plaintiffs can satisfy the requirements of Federal Rule 23 or that class treatment is appropriate.

**106.** **Plaintiff Haman brings this claim pursuant to California's False Advertising Law, California Business and Professions Code § 17500, *et seq.*, ( "False Advertising Law"), which prohibit deceptive, misleading and/or false advertising.**

**RESPONSE:** Home Depot admits that Plaintiff Haman purports to bring this claim pursuant to the referenced statute, but denies that Plaintiff Haman or any other member of the putative class is entitled to such relief. Home Depot further states that the referenced statute speaks for itself and denies any allegations in Paragraph 106 of the Complaint inconsistent therewith.

**107. Defendants violated the False Advertising Law by advertising and representing— on product labels and advertisements—that DeckOver was a premium and long-lasting product when in fact it was not.**

**RESPONSE:** Home Depot denies the allegations in Paragraph 107 of the Complaint.

**108. As alleged, these representations were false, misleading, and likely to deceive Plaintiffs, members of the Class, and other reasonable consumers.**

**RESPONSE:** Home Depot denies the allegations in Paragraph 108 of the Complaint.

**109. In connection with these sales, Defendants also omitted material information about DeckOver that they were legally obligated to disclose. Defendants never informed Plaintiffs or the Class, at the point of sale or otherwise, that DeckOver would prematurely fail shortly after application. Defendants failed to disclose this information well after they were aware of these conditions. Defendants have also failed or refused to pay for resulting expenses that consumers have incurred.**

**RESPONSE:** Home Depot denies the allegations in Paragraph 109 of the Complaint.

**110. At the time of sale, Defendants knew, or by the exercise of reasonable care should have known—given internal data and consumer complaints—that their representations and omissions were false and misleading; or Defendants had insufficient information or knowledge to make such representations truthfully.**

**RESPONSE:** Home Depot denies the allegations in Paragraph 110 of the Complaint.

**111. Defendants made these representations and omissions for the purpose of inducing, and did induce, Plaintiff consumers to purchase DeckOver.**

**RESPONSE:** Home Depot denies the allegations in Paragraph 111 of the Complaint.

112.    Plaintiff reviewed and reasonably relied on Defendants' representations and omissions regarding DeckOver and incurred damages as a direct and proximate result.

**RESPONSE:** Home Depot denies the allegations in Paragraph 112 of the Complaint.


113.    As a direct and proximate result of Defendants' violation of False Advertising Law, Plaintiff and the Class have suffered ascertainable losses and injuries, including without limitation: (1) monetary costs of purchasing, removing, and replacing DeckOver, which was susceptible to premature failure; (2) monetary costs of repairing and replacing decks and other property upon which defective DeckOver was applied; (3) other damages resulting from DeckOver's propensity to prematurely fail.

**RESPONSE:** Home Depot denies the allegations in Paragraph 113 of the Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this case be certified and maintained as a class action and for judgment to be entered against Defendants as follows:

A. Enter an order certifying the proposed Class (and subclasses, if applicable), designating Plaintiffs as the class representatives, and designating the undersigned as class counsel;

B. Declare that Defendants are financially responsible for notifying all Class members of the problems with DeckOver;

C. Declare that Defendants must disgorge, for the benefit of the Class, all or part of the ill-gotten profits it received from the sale of DeckOver, or order Defendants to make full restitution to Plaintiffs and the members of the Class;

D. Defendants shall audit and reassess all prior customer claims regarding DeckOver, including claims previously denied in whole or in part;

E. For economic and compensatory damages on behalf of Plaintiffs and all members of the Class;

F. For actual damages sustained and/or treble damages;

G. For punitive or exemplary damages;

H. For injunctive and declaratory relief;

I. For reasonable attorneys' fees and reimbursement of all costs for the prosecution of this action; and

**J. For such other and further relief as this Court deems just and appropriate.**

**RESPONSE:** Home Depot denies the allegations contained in the section of the Complaint labelled "Prayer for Relief," and further denies that Plaintiffs are entitled to any of the relief set forth therein, that Plaintiffs can satisfy the requirements of Federal Rule 23 or that class treatment is appropriate.

Home Depot denies any allegations in the Complaint not specifically admitted herein.

## DEFENSES

Discovery and investigation may reveal that any one or more of the following defenses are available to Home Depot in this matter, and therefore Home Depot asserts these defenses to preserve the right to assert them. Upon completion of discovery, and if the facts warrant, Home Depot may withdraw any of these defenses as may be appropriate. Home Depot reserves the right to amend its Answer to assert additional defenses, cross-claims, counterclaims, and other claims and defenses as discovery and investigation proceeds. Further answering and by way of additional defense, Home Depot states as follows:

1. The Complaint fails to state a claim upon which relief may be granted against Home Depot.

2. The Complaint fails to state a valid claim for class certification or for class relief.

3. Upon information and belief, service as to Home Depot was improper.

4. This Court lacks jurisdiction to adjudicate the claims of Plaintiff Haman, who is a California resident, Plaintiff Graf, who is a New Jersey resident, or the claims of any other non-Illinois resident, or to certify the "California Class" referenced in Paragraph 60 of the Complaint, or the "New Jersey Class" referenced in Paragraph 61 of the Complaint.

5. Upon information and belief, venue may be improper.

6.      Plaintiffs' claims are barred because they have not sustained any injury.

7.      Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations, statute(s) of repose, or are otherwise untimely.

8.      Plaintiffs' claims are barred because Home Depot did not make any misrepresentations and/or because Plaintiffs were not deceived by Home Depot.

9.      Plaintiffs' claims are barred because any representations that may have been made by Home Depot were based on information supplied to Home Depot by others, which Home Depot reasonably believed to be true.

10.     Certain of Plaintiffs' claims are barred by Plaintiffs' failure to comply with applicable requirements of state law with respect to those claims including, without limitation, pre-suit notice requirements.

11.     Plaintiffs' claims for equitable relief fail because they have not alleged that they lack an adequate remedy at law and because they have an adequate remedy at law.

12.     Plaintiffs' claim for declaratory relief fails because Plaintiffs' rights had already accrued when Plaintiffs filed the Complaint and there was no uncertainty with respect to any future course of action.

13.     Plaintiffs have failed to join necessary and indispensable parties who are needed for a just adjudication of the claims in the Complaint.

14.     Plaintiffs' claims are barred by the doctrines of laches, waiver, estoppel, and/or ratification.

15.     To the extent Plaintiffs have sustained any damage, Plaintiffs' claims are barred in whole or in part by their failure to mitigate such alleged damage.

16.     To the extent Plaintiffs have alleged any damage, the sole proximate cause of the alleged damage sustained by the Plaintiffs resulted from the combination of actions, non-actions, or negligence, in whole or in part, of a person or persons other than Home Depot, for whose actions, non-actions, or negligence, in whole or in part, Home Depot is in no way liable. Plaintiffs are thus not entitled to recover from Home Depot in this action.

17.     To the extent Plaintiffs have sustained any damage, the superseding and intervening acts of a third party for which Home Depot is not liable caused such damage.

18.     To the extent Plaintiffs have sustained any damage, such damage was caused by the abuse or misuse of the product, or the failure to maintain the product, by the Plaintiffs and/or other parties for which Home Depot is not liable.

19.     Home Depot alleges that Plaintiffs' damages, if any, were caused or contributed to by Plaintiffs' failure to comply with the written and oral instructions relating to use of the subject product, including without limitation the preparation of the surface(s) to which the subject product was to be applied, and that Plaintiffs' recovery, if any, should therefore be diminished or barred in accordance with applicable law.

20.     Any alleged injury or damage sustained by Plaintiffs was caused by Plaintiffs' own negligence, which negligence under the doctrines of contributory and/or comparative negligence, acts as a complete bar to Plaintiffs' recovery, or which diminishes their recovery by an amount equal to Plaintiffs' negligence.

21.     Plaintiffs' failure to exercise reasonable care and/or assumption of the risk bars their claims, in whole or in part.

22.     Plaintiffs' claims are barred, in whole or in part, by the economic loss rule.

23. Plaintiffs fail to state a claim for an award of punitive damages and/or attorneys' fees and costs.

24. Plaintiffs' claim for punitive damages violates the Excessive Fines Clause of the Eighth Amendment and the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

25. To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Home Depot, no act or omission was malicious, willful, wanton, reckless or grossly negligent and, therefore, any award of punitive damages is barred

26. To the extent that Plaintiffs have sustained damage, which Home Depot denies, related to the design, manufacture, fabrication, assembly, or wholesale of the subject product, Home Depot did not design, manufacture, fabricate, assemble, or wholesale the subject product.

27. Plaintiffs' claims fail, in whole or in part, because Home Depot owed no duty to Plaintiffs or, if Home Depot did owe such a legal duty, Home Depot did not breach that duty.

28. Home Depot gives notice that it intends to rely upon and invoke any other defense that may become available or appear during the discovery proceedings in this case and reserves its right to amend this Answer to assert any such defense.

WHEREFORE, Home Depot prays that the Complaint and each and every Count thereof be dismissed with prejudice, that Plaintiffs take nothing, that Plaintiffs be denied any relief whatsoever, that Plaintiffs' request for class certification be denied, that Home Depot be granted judgment against Plaintiffs as to each and every count of the Complaint and recover from Plaintiffs Home Depot's reasonable attorneys' fees and expenses and all costs of this action, and that this Court grant Home Depot such other and further relief as this Court deems just and proper.

## JURY DEMAND

Home Depot hereby demands a trial by jury on all issues so triable.

Dated:  July 10, 2017

Respectfully submitted,

**THE HOME DEPOT, INC. and
HOME DEPOT U.S.A., INC.**

By:   /s/   *George R. Dougherty*
            One of Their Attorneys

Robert P. Alpert (*pro hac vice* forthcoming)
Jeffrey K. Douglass (*pro hac vice* forthcoming)
MORRIS, MANNING & MARTIN, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, NE
Atlanta, GA 30326
Telephone:  (404) 233-7000
Facsimile:   (404) 365-9532
Email:  rpa@mmmlaw.com
            jkd@mmmlaw.com

George R. Dougherty (#6196845)
SHOOK, HARDY & BACON L.L.P.
111 South Wacker Drive, *Suite 5100*
Chicago, IL 60606
Telephone:  (312) 704-7700
Facsimile:   (312) 558-1195
Email:  gdougherty@shb.com

- 43 -

## CERTIFICATE OF SERVICE

I, George R. Dougherty, an attorney, certify that on **July 10, 2017**, I electronically filed the foregoing **THE HOME DEPOT, INC. AND HOME DEPOT U.S.A., INC.'S ANSWER AND DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT** with the Clerk of the Court using CM/ECF electronic filing system, which will automatically send email notification of such filing to all attorneys of record.

> Katrina Carroll
> Ismael Tariq Salam
> Kyle Alan Shamberg
> **Lite DePalma Greenberg LLC**
> 211 W. Wacker Drive, Suite 500
> Chicago, IL 60606
> kcarroll@litedepalma.com
> isalam@litedepalma.com
> kshamberg@litedepalma.com
>
> *Counsel for Plaintiffs*
>
> Mark S. Mester
> Kathleen P. Lally
> **Latham & Watkins LLP**
> 330 N. Wabash Avenue, *Suite 2800*
> Chicago, IL 60611
> mark.mester@lw.com
> Kathleen.lally@lw.com
>
> *Counsel for Behr Process Corporation*

> /s/ *George R. Dougherty*
> George R. Dougherty