**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KATHLEEN BISHOP, NANCY GRAF, JEANNE HAMAN, TOM PAUL and MARK SUMPTER, individually and on behalf of the putative class, | ) ) ) ) ) | |
| | ) | Case No. 1:17-cv-04464 |
| Plaintiffs, | ) | |
| v. | ) | Judge John Robert Blakey |
| | ) | Magistrate Judge Mary M. Rowland |
| BEHR PROCESS CORP., a California corporation, THE HOME DEPOT, INC., a Delaware corporation, and HOME DEPOT U.S.A., INC. a Delaware corporation, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF
<u>DEFENDANT BEHR PROCESS CORPORATION</u>**

Defendant Behr Process Corporation ("Behr"), by and through its counsel, answers the

Complaint filed by Plaintiffs Kathleen Bishop, Nancy Graf, Jeanne Haman, Tom Paul and Mark

Sumpter (collectively, "Plaintiffs") as set forth below.  Behr's answers are in response to the

allegations directed at Behr only.  Behr does not answer for or on behalf of Defendants The

Home Depot, Inc. or Home Depot, U.S.A., Inc. (collectively, "Home Depot").  Behr denies all

allegations contained in section headings or other portions of the Complaint that are not

contained within the specifically numbered paragraphs of the Complaint.  All allegations, if not

expressly admitted, are denied.

<u>NATURE OF CASE</u>

1.      Outdoor wooden decks and similar structures typically require upkeep as they are
exposed to the elements and to surface contact.  Traditionally, that upkeep would have required
application of a paint or stain about once a year and then eventual replacement of the surface
entirely.  More recently, homeowners have the option of applying a "resurfacer," a thicker coating
than paint or stain that is supposed to last longer and extend the life of the surface by repairing
splinters and filling cracks.  Because resurfacers offer the promise of extending the life of the

surface and avoid the hassle of traditional upkeep, they are substantially more expensive than regular paints and stains.

**<u>ANSWER</u>:**

Behr lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 1 regarding "[o]utdoor wooden decks and similar structures" generally, the "traditional" upkeep of those structures and the use or representations regarding "resurfacers" generally and on that basis, denies them. Behr denies any and all remaining allegations in Paragraph 1.

2.      Defendant Behr Process Corporation ("Behr") manufactures and sells DeckOver, a line of deck resurfacing products, exclusively sold by Defendants The Home Depot, Inc. and Home Depot U.S.A, Inc. (collectively, "Home Depot") at Home Depot-branded stores. DeckOver is marketed as a "premium" product and a superior alternative to traditional paints and stains and thus worth the extra money. The product name "DeckOver," for example, conveys that it will cover decking thus extending its life (or giving the deck a "do over").

**<u>ANSWER</u>:**

Behr does not answer for Home Depot. Behr admits that it manufactures a resurfacing product called "DeckOver," which is sold at Home Depot stores. Except as expressly admitted, Behr denies any and all remaining allegations in Paragraph 2.

3.      But, DeckOver does not live up to these promises. Rather than providing years of protection in exchange for its high price, DeckOver deteriorates quickly within months (in some cases weeks) of application and causes extensive damage to consumers' decks and other surfaces on which DeckOver is applied. Thus, instead of getting a long-lasting coating, consumers who buy DeckOver often waste considerable time and money first applying DeckOver and then removing it and replacing damaged property.

**<u>ANSWER</u>:**

Behr denies the allegations in Paragraph 3.

4.      Plaintiffs bring this suit to halt the unlawful sales and marketing of DeckOver by Defendants and for damages they sustained as a result. Given the massive quantities of DeckOver sold all over the country, this class action is the proper vehicle for addressing Defendants' misconduct and for attaining needed relief for those affected.

**ANSWER:**

Behr admits that Plaintiffs purport to bring this suit for injunctive relief and damages and on behalf of the proposed classes identified in Plaintiffs' Complaint. Behr denies that class treatment of Plaintiffs' claims is appropriate and that the definitions and descriptions of the proposed classes are appropriate or otherwise meet the applicable requirements for class certification. Behr further denies that Plaintiffs and the members of the proposed classes are entitled to any relief whatsoever, including but not limited to the relief requested in the Complaint. Except as expressly admitted, Behr denies any and all remaining allegations in Paragraph 4.

### JURISDICTION AND VENUE

5.     This Court has subject-matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332 (a) and (d), because the amount in controversy exceeds $5,000,000.00 exclusive of interest and costs, and more than two-thirds of the members of the proposed class (hereinafter "Class") are citizens of states different from that of Defendants.

**ANSWER:**

The allegations in Paragraph 5 state legal conclusions to which no response is required. To the extent a response is required, Behr denies such allegations. Behr denies any and all remaining allegations in Paragraph 5.

6.     Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendants' improper conduct alleged in this Complaint caused injury in this judicial district.

**ANSWER:**

The allegations in Paragraph 6 state legal conclusions to which no response is required. To the extent a response is required, Behr denies such allegations. Behr denies any and all remaining allegations in Paragraph 6.

## PARTIES

### Plaintiffs

7.      Plaintiff Kathleen Bishop is a resident and citizen of the State of Illinois and has standing to pursue the claims of the Class, as more fully defined below.

**ANSWER:**

Behr is without knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations in Paragraph 7 and on that basis, denies them.  Behr denies any and all

remaining allegations in Paragraph 7.

8.      Plaintiff Tom Paul is a resident and citizen of the State of Illinois and has standing to pursue the claims of the Class, as more fully defined below.

**ANSWER:**

Behr is without knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations in Paragraph 8 and on that basis, denies them.  Behr denies any and all

remaining allegations in Paragraph 8.

9.      Plaintiff Mark Sumpter is a resident and citizen of the State of Illinois and has standing to pursue the claims of the Class, as more fully defined below.

**ANSWER:**

Behr is without knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations in Paragraph 9 and on that basis, denies them.  Behr denies any and all

remaining allegations in Paragraph 9.

10.     Plaintiff Jeanne Haman is a resident and citizen of the State of California and has standing to pursue the claims of the Class, as more fully defined below.

**ANSWER:**

Behr is without knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations in Paragraph 10 and on that basis, denies them.  Behr denies any and all

remaining allegations in Paragraph 10.

11.     Plaintiff Nancy Graf is a resident and citizen of the State of New Jersey and has standing to pursue the claims of the Class, as more fully defined below.

**ANSWER:**

Behr is without knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations in Paragraph 11 and on that basis, denies them.  Behr denies any and all

remaining allegations in Paragraph 11.

### Defendants

12.     Defendant Behr Process Corp.  is a supplier of paint and exterior wood care products to the United States and Canadian do-it-yourself markets.  Behr is a California corporation with its principal place of business in Santa Ana, California.  Behr products are sold exclusively at The Home Depot, a "proud partner" of Behr since 1978.[1]

**ANSWER:**

Behr admits that it is a California corporation with its principal place of business in Santa

Ana, California.  Behr further admits that it manufactures paint and primer, wood stains, finishes,

strippers and cleaners, floor coatings sealers and prep as well as other paint products.  Behr

further admits that certain Behr products are sold at Home Depot.  Except as expressly admitted,

Behr denies any and all remaining allegations in Paragraph 12 and Footnote 1.

13.     Defendant The Home Depot, Inc.  is a Delaware corporation, with its principal place of business in Georgia.  The Home Depot, Inc.  is the parent company of Home Depot U.S.A., Inc., the world's largest home improvement retailer

**ANSWER:**

Behr does not answer for Home Depot.  Behr is without knowledge or information

sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 13 and on that

basis, denies them.  Behr denies any and all remaining allegations in Paragraph 13.

---

[1]  http://www.behr.com/consumer/about/partnerships (last visited June 13, 2017).

14.     Defendant Home Depot U.S.A., Inc. is a Delaware corporation, with its principal place of business in Georgia. Home Depot owns and operates approximately 2,000 home improvement retail stores under the brand name "The Home Depot" in the United States.

**ANSWER:**

Behr does not answer for Home Depot. Behr is without knowledge or information

sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14 and on that

basis, denies them. Behr denies any and all remaining allegations in Paragraph 14.

15.     As a "partner" of Home Depot, Behr represents on its website that the companies' "jointly-made strategic decisions have led to year-over-year growth, global market expansion and greater brand recognition for both companies."[2]

**ANSWER:**

Behr does not answer for Home Depot. Behr's website speaks for itself, and to the extent

that the allegations in Paragraph 15 and Footnote 2 vary therewith, Behr denies those allegations.

Behr denies any and all remaining allegations in Paragraph 15 and Footnote 2.

## COMMON FACTUAL ALLEGATIONS

### Deck and Patio Restoration

16.     Millions of Americans have wooden decks and similar structures outside of their homes. As time passes, the surfaces of these structures are prone to wear. The wear can consist of scuffing, chipping and peeling paint, cracking, and, for wooden decks, the development of splinters. Most deck surfaces thus require regular maintenance not only to maximize their useful life, but also to maintain their aesthetics.

**ANSWER:**

Behr lacks knowledge or information sufficient to form a belief as to the truth or falsity

of the allegations in Paragraph 16 regarding the "wooden decks and similar structures" of

"[m]illions of Americans," the wear that those structures may experience or the regular

maintenance of those structures and on that basis, denies them. Behr denies any and all

remaining allegations in Paragraph 16.

---

[2]   http://www.behr.com/consumer/about/partnerships (last visited June 13, 2017).

17.     There are several maintenance options.  First, one can replace the structure in whole or in part (the costliest option).  Second, one can apply a surface coating in the form of a paint or stain, which can offer some protection without the cost of a full replacement.  Although paints and stains are spread over the surface to provide a thin coating (with the stains actually soaking pigment into the fibers themselves), they generally do not fundamentally improve a deck's condition (*e.g.*, by filling cracks or splinters), and they need to be reapplied, generally yearly, to maintain their cosmetic and protective benefits.

**ANSWER:**

Behr lacks knowledge or information sufficient to form a belief as to the truth or falsity

of the allegations in Paragraph 17 and on that basis, denies them.  Behr denies any and all

remaining allegations in Paragraph 17.

18.     Finally, consumers have the third option of applying a resurfacer.  Resurfacers are newer products.  They are similar to paint, but they are supposed to provide a thicker and longer-lasting benefit (at a greater cost) than traditional paints or stains.  While paints and stains may last a year or two, resurfacers are marketed to last for a much longer span of years, thus purporting to minimize the time and money spent on annual maintenance and reapplication.

**ANSWER:**

Behr lacks knowledge or information sufficient to form a belief as to the truth or falsity

of the allegations in Paragraph 18 about "resurfacers" generally and consumers' options relating

thereto and on that basis, denies them.  Behr denies any and all remaining allegations in

Paragraph 18.

**Behr' Deckover Product And Defendants' Marketing Campaign**

19.     Behr manufactures a line of "Premium" resurfacing products known as "DeckOver," available in smooth, textured, and extra textured finishes, all marketed by Defendants in nearly identical ways.  According to Defendants, DeckOver to "Brings new life to old wood & concrete," "conceal cracks and splinters up to 1/4", and create a "slip-resistant finish that also resists cracking and peeling." These representations tell consumers that DeckOver is a durable and long-lasting alternative to paint and stains, capable of restoring and extending the life of surfaces on which it is applied.

**ANSWER:**

Behr admits that it manufactures a resurfacing product called "DeckOver."  Behr further

admits that DeckOver is available in smooth, textured, and extra textured finishes.  Any

statements made on the packaging, marketing or advertising for DeckOver speak for themselves,

and to the extent that the allegations in Paragraph 19 vary therewith or with other packaging,

marketing or advertising for DeckOver, Behr denies those allegations. Except as expressly

admitted, Behr denies any and all remaining allegations in Paragraph 19.

20. Specific representations appear right on the labels of the DeckOver product and include representations that the product is a "PREMIUM" wood coating, that "BRINGS NEW LIFE TO OLD WOOD & CONCRETE," creates a "Slip-Resistant Finish" and "Conceals Splinters & Cracks up to 1/4"." Examples of the front product labels are as follows:







**ANSWER:**

Any statements made on the packaging, marketing or advertising for DeckOver speak for themselves, and to the extent that the allegations in Paragraph 20 vary therewith or with other packaging, marketing or advertising for DeckOver, Behr denies those allegations. Behr denies any and all remaining allegations in Paragraph 20.

21.     Other areas on the product labeling (not pictured) further represent that DeckOver: "Resists Cracking & Peeling"; provides a "Durable, Mildew Resistant Finish"; that it can be used in "Waterproofing"; that it "Revives Wood & Composite Decks [and other surfaces]"; and is "Great for Concrete Pool Decks, Patios & Sidewalks."

**ANSWER:**

Any statements made on the packaging, marketing or advertising for DeckOver speak for themselves, and to the extent that the allegations in Paragraph 21 vary therewith or with other packaging, marketing or advertising for DeckOver, Behr denies those allegations. Behr denies any and all remaining allegations in Paragraph 21.

22.    Behr's marketing message in other media, including on its website, elsewhere online and in television commercials is consistent with the representations stated on the product label.

**<u>ANSWER</u>:**

The marketing for DeckOver speak for itself, and to the extent that the allegations in

Paragraph 22 vary therewith or with other packaging, marketing or advertising for DeckOver,

Behr denies those allegations.  Behr denies any and all remaining allegations in Paragraph 22.

23.    DeckOver is exclusively sold at Home Depot and DeckOver is similarly marketed by Defendants in Home Depot stores and on Home Depot's website.  Obviously, Home Depot is not the end user of DeckOver products, but markets the product directly with Behr to its customers.  One examples of a Home Depot ad for DeckOver is:



**ANSWER:**

Behr does not answer for Home Depot. Behr admits that DeckOver is sold at Home Depot. Any statements made on Home Depot's website and any advertising by Home Depot for DeckOver speak for themselves, and to the extent that the allegations in Paragraph 23 vary therewith or with other packaging, marketing or advertising for DeckOver, Behr denies those allegations. Except as expressly admitted, Behr denies any and all remaining allegations in Paragraph 23.

24.     According to Home Depot's website, one gallon of DeckOver retails for $34.94 and covers 75 square feet "in two coats," making the cost significantly higher than ordinary paints or stains.[3]

**ANSWER:**

Behr does not answer for Home Depot. Behr is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24 regarding the cost of "ordinary paints or stains" and on that basis, denies them. Home Depot's website speaks for itself, and to the extent that the allegations in Paragraph 24 and Footnote 3 vary therewith, Behr denies those allegations. Behr denies any and all remaining allegations in Paragraph 24 and Footnote 3.

**Plaintiffs' Experiences**

**Plaintiff Bishop**

25.     Plaintiff Kathleen Bishop, a resident and citizen of the State of Illinois, purchased and paid for multiple gallons of DeckOver at a Home Depot store in or around the summer of 2016. DeckOver was applied to Plaintiff's deck in accordance with the instructions provided by Behr. Plaintiff has incurred damages and has standing to pursue the claims asserted in the Complaint.

---

[3]   http://www.homedepot.com/p/BEHR-Premium-DeckOver-1-gal-Wood-and-Concrete-Coating-500001/206031374 (last visited Juen *[sic]* 13, 2017).

**ANSWER**:

Behr is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25 and on that basis, denies them. Behr denies that Plaintiffs and the members of the proposed classes are entitled to any relief whatsoever, including but not limited to the relief requested in the Complaint. Behr denies any and all remaining allegations in Paragraph 25.

26.     Within months of application, DeckOver began to fail.

**ANSWER**:

Behr is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26 and on that basis, denies them. Behr denies any and all remaining allegations in Paragraph 26.

27.     Plaintiff Bishop has and/or will incur out of pocket expenses to repair damage caused by DeckOver's premature failure. Behr has not fully reimbursed Plaintiff for these damages and/or the concomitant costs of repair and/or replacement of the deck. Had Plaintiff Bishop known that DeckOver would not perform as represented and/or would prematurely fail, she would not have purchased or used the product.

**ANSWER**:

Behr is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27 and on that basis, denies them. Behr denies that Plaintiffs and the members of the proposed classes are entitled to any relief whatsoever, including but not limited to the relief requested in the Complaint. Behr denies any and all remaining allegations in Paragraph 27.

28.     Prior to purchasing DeckOver, Plaintiff Bishop recalls, generally, seeing and relying on advertisements regarding DeckOver's high quality and longevity. Prior to her purchase, Plaintiff Bishop specifically reviewed the product's label and the representations made thereon.

**ANSWER:**

Behr is without knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations in Paragraph 28 and on that basis, denies them. Behr denies any and all

remaining allegations in Paragraph 28.

**Plaintiff Graf**

29.     Plaintiff Nancy Graf, a resident and citizen of the State of New Jersey, purchased
and paid for multiple gallons of DeckOver at a Home Depot store in or around 2015. DeckOver
was applied to Plaintiff's deck in accordance with the instructions provided by Behr. Plaintiff has
incurred damages and has standing to pursue the claims asserted in the Complaint.

**ANSWER:**

Behr is without knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations in Paragraph 29 and on that basis, denies them. Behr denies that

Plaintiffs and the members of the proposed classes are entitled to any relief whatsoever,

including but not limited to the relief requested in the Complaint. Behr denies any and all

remaining allegations in Paragraph 29.

30.     In 2016, DeckOver began to fail.

**ANSWER:**

Behr is without knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations in Paragraph 30 and on that basis, denies them. Behr denies any and all

remaining allegations in Paragraph 30.

31.     Plaintiff Graf has and/or will incur out of pocket expenses to repair damage caused
by DeckOver's premature failure. Behr has not fully reimbursed Plaintiff for these damages and/or
the concomitant costs of repair and/or replacement of the deck. Had Plaintiff Graf known that
DeckOver would not perform as represented and/or would prematurely fail, she would not have
purchased or used the product.

**ANSWER:**

Behr is without knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations in Paragraph 31 and on that basis, denies them. Behr denies that

Plaintiffs and the members of the proposed classes are entitled to any relief whatsoever, including but not limited to the relief requested in the Complaint. Behr denies any and all remaining allegations in Paragraph 31.

32.     Prior to purchasing DeckOver, Plaintiff Graf recalls, generally, seeing and relying on advertisements regarding DeckOver's high quality and longevity. Prior to her purchase, Plaintiff Graf specifically reviewed the product's label and the representations made thereon.

**ANSWER:**

Behr is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 32 and on that basis, denies them. Behr denies any and all remaining allegations in Paragraph 32.

**Plaintiff Haman**

33.     Plaintiff Jeanne Haman, a resident and citizen of the State of California, purchased and paid for multiple gallons of DeckOver at a Home Depot store in or around July 2016. DeckOver was applied to Plaintiff's deck in accordance with the instructions provided by Behr. Plaintiff has incurred damages and has standing to pursue the claims asserted in the Complaint.

**ANSWER:**

Behr is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33 and on that basis, denies them. Behr denies that Plaintiffs and the members of the proposed classes are entitled to any relief whatsoever, including but not limited to the relief requested in the Complaint. Behr denies any and all remaining allegations in Paragraph 33.

34.     Within weeks of application, DeckOver began to fail.

**ANSWER:**

Behr is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34 and on that basis, denies them. Behr denies any and all remaining allegations in Paragraph 34.

35.     Plaintiff Haman has and/or will incur out of pocket expenses to repair damage caused by DeckOver's premature failure.  Behr has not fully reimbursed Plaintiff for these damages and/or the concomitant costs of repair and/or replacement of the deck.  Had Plaintiff Haman known that DeckOver would not perform as represented and/or would prematurely fail, she would not have purchased or used the product.

**ANSWER:**

Behr is without knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations in Paragraph 35 and on that basis, denies them.  Behr denies that

Plaintiffs and the members of the proposed classes are entitled to any relief whatsoever,

including but not limited to the relief requested in the Complaint.  Behr denies any and all

remaining allegations in Paragraph 35.

36.     Prior to purchasing DeckOver, Plaintiff Haman recalls, generally, seeing and relying on advertisements regarding DeckOver's high quality and longevity.  Prior to her purchase, Plaintiff Haman specifically reviewed the product's label and the representations made thereon.

**ANSWER:**

Behr is without knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations in Paragraph 36 and on that basis, denies them.  Behr denies any and all

remaining allegations in Paragraph 36.

**Plaintiff Paul**

37.     Plaintiff Tom Paul, a resident and citizen of the State of Illinois, purchased and paid for multiple gallons of DeckOver at a Home Depot store in or around October 2014.  DeckOver was applied to Plaintiff's deck in accordance with the instructions provided by Behr.  Plaintiff has incurred damages and has standing to pursue the claims asserted in the Complaint.

**ANSWER:**

Behr is without knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations in Paragraph 37 and on that basis, denies them.  Behr denies that

Plaintiffs and the members of the proposed classes are entitled to any relief whatsoever,

including but not limited to the relief requested in the Complaint.  Behr denies any and all

remaining allegations in Paragraph 37.

38.     Within two winters of application, DeckOver began to fail.

**ANSWER:**

Behr is without knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations in Paragraph 38 and on that basis, denies them.  Behr denies any and all

remaining allegations in Paragraph 38.

39.     Plaintiff Paul has and/or will incur out of pocket expenses to repair damage caused
by DeckOver's premature failure.  Behr has not fully reimbursed Plaintiff for these damages and/or
the concomitant costs of repair and/or replacement of the deck.  Had Plaintiff Paul known that
DeckOver would not perform as represented and/or would prematurely fail, he would not have
purchased or used the product.

**ANSWER:**

Behr is without knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations in Paragraph 39 and on that basis, denies them.  Behr denies that

Plaintiffs and the members of the proposed classes are entitled to any relief whatsoever,

including but not limited to the relief requested in the Complaint.  Behr denies any and all

remaining allegations in Paragraph 39.

40.     Prior to purchasing DeckOver, Plaintiff Paul recalls, generally, seeing and relying
on advertisements regarding DeckOver's high quality and longevity.  Prior to his purchase,
Plaintiff Paul specifically reviewed the product's label and the representations made thereon.

**ANSWER:**

Behr is without knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations in Paragraph 40 and on that basis, denies them.  Behr denies any and all

remaining allegations in Paragraph 40.

**Plaintiff Sumpter**

41.     Plaintiff Mark Sumpter, a resident and citizen of the State of Illinois, purchased and paid for multiple gallons of DeckOver at a Home Depot store in or around August 2014. DeckOver was applied to Plaintiff's deck in accordance with the instructions provided by Behr. Plaintiff has incurred damages and has standing to pursue the claims asserted in the Complaint.

**<u>ANSWER</u>:**

Behr is without knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations in Paragraph 41 and on that basis, denies them.  Behr denies that

Plaintiffs and the members of the proposed classes are entitled to any relief whatsoever,

including but not limited to the relief requested in the Complaint.  Behr denies any and all

remaining allegations in Paragraph 41.

42.     Within a few seasons of application, DeckOver began to fail.

**<u>ANSWER</u>:**

Behr is without knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations in Paragraph 42 and on that basis, denies them.  Behr denies any and all

remaining allegations in Paragraph 42.

43.     Plaintiff Sumpter has and/or will incur out of pocket expenses to repair damage caused by DeckOver's premature failure.  Behr has not fully reimbursed Plaintiff for these damages and/or the concomitant costs of repair and/or replacement of the deck.  Had Plaintiff Sumpter known that DeckOver would not perform as represented and/or would prematurely fail, he would not have purchased or used the product.

**<u>ANSWER</u>:**

Behr is without knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations in Paragraph 43 and on that basis, denies them.  Behr denies that

Plaintiffs and the members of the proposed classes are entitled to any relief whatsoever,

including but not limited to the relief requested in the Complaint.  Behr denies any and all

remaining allegations in Paragraph 43.

44.    Prior to purchasing DeckOver, Plaintiff Sumpter recalls, generally, seeing and relying on advertisements regarding DeckOver's high quality and longevity.  Prior to his purchase, Plaintiff Sumpter specifically reviewed the product's label and the representations made thereon.

**ANSWER:**

Behr is without knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations in Paragraph 44 and on that basis, denies them.  Behr denies any and all

remaining allegations in Paragraph 44.

### DeckOver Does Not Perform As Marketed

45.    While consumers expect, and pay a premium for, a long-lasting and aesthetically-pleasing protective barrier for decks and other surfaces, DeckOver beings to prematurely crack, peel, flake, chip, bubble, pucker, separate and generally degrade shortly after application and has the propensity to cause damage to decks and other property.

**ANSWER:**

Behr is without knowledge or information sufficient to form a belief as to the truth or

falsity of the allegations in Paragraph 45 regarding consumers' expectations and on that basis,

denies them.  Behr denies any and all remaining allegations in Paragraph 45.

46.    Defendants know this.  There are scores of customer complaints on Behr's website. As of the date of this filing, there are **155 one-star reviews** of the product on the company's own website (and the negative reviews misleadingly do not appear on the "Latest Featured Reviews" list, despite being far more recent than the five-star reviews shown on the product's landing page).[4] The following are just a small sample of the most recent customer complaints—*the most recent from the day before this filing* [all sic]:

- "My deck is trashed from deckover.  Hate it.  Less than 2 years.  Peels up in sheets, power washed it, sanded it, and I still have spots of this stuff.  Just want it gone so I can start over." (posted on June 12, 2017 by "Mns88" of Indiana).

- "Terrible.  Spent a lot of money on this product for our deck and followed the directions.  After 2 years its peeling.  NOT RECOMMENDED!"(posted on June 10, 2017 by Cindyanne29 of Michigan).

---

[4]   http://www.behr.com/consumer/products/wood-stains-finishes-cleaners-and-strippers/behr-premiumdeckover (last visited June 13, 2017).

- "just terrible. we had a new deck put on and we used this deck over, it did not even las[t] a year my paint is peeling up everywhere. This product should be taken off the shelves. I wish I could get my money back. We used 2- 5 gal buckets. DONOT USE WASTE OF MONEY" (posted on

- June 6, 2017 by "TABBY0822" of Kansas).

- "Sad. Terrible product. I pressure washed my deck, let dry for a week (no rain), and applied the product as instructed. 7 months later it's peeling up and i have to replace my deck boards. I'm pretty upset that this product has made my life more difficult and expensive. Unfortunately it looks like I'm not alone. Many other reviews like mine!" (posted on June 2, 2017 by "GreenvilleMatt" of South Carolina).

- "VERY DISAPPOINTED. We did two coats last summer on our covered porch at our seasonal cabin. It didn't even hold up a year. For the high price of this product, I expected it to last at least a few seasons." (posted on June 1, 2017 by "Ikoskie" of New York).

- "Did not last 8 months. I grew-up as a painter working for the family business. I know enough to know that prep is critical. I followed directions for prepping my deck. I applied the first coat with a brush. Waited a week then applied a second coat. Finished the second coat in September of 2016. It is now the end on May 2017, We had a mild winter in Denver, Colorado. Went out to the deck today and noticed that the paint was cracked and peeling. Total waste of the money spent on eight gallons." (posted on May 26, 2017 by Pro12309 of Colorado).

**ANSWER:**

Behr does not answer for Home Depot. Behr's website speaks for itself, and to the extent that the allegations in Paragraph 46 and Footnote 4 vary therewith or with other information on Behr's website, Behr denies those allegations. Behr denies any and all remaining allegations in Paragraph 46 and Footnote 4.

47.     But the complaints on Behr's own website are not limited to very recent ones: they go back years, demonstrating that Behr had notice that the product was failing at a very high rate. For example, in 2015, customers complained that the product was "Peeling After 3 Months" (Sept. 11, 2015); that it was a "Very Poor Product" (July 29, 2015) and "Subpar" (May 12, 2015). In 2014, customers called it a "HUGE WASTE OF MONEY" (September 14, 2014) and "the worst product I have ever purchased" (August 5, 2014) a "BIG MISTAKE" (June 29, 2014), "Lousy" (May 14, 2014). Indeed, complaints started rolling in soon after DeckOver's launch in 2013.

19

**ANSWER:**

Behr's website speaks for itself, and to the extent that the allegations in Paragraph 47

vary therewith or with other information on Behr's website, Behr denies those allegations.  Behr

denies any and all remaining allegations in Paragraph 47.

48.      Likewise, customers have also complained directly to Home Depot on the
company's website, which as of the date of this filing, has a staggering **688 one-star reviews** of
DeckOver [all sic]:[5]

- This product was advertised as covering and long lasting.  After 1 year and
hundreds of dollars spent, it is all peeling.  I am beyond upset! Do not
purchase thus paint! (posted by "Leroy 22" on April 25, 2017).

- Do not buy this product.  We decided to paint our deck with it, now, less than
2 years later, it already looks horribly.  We followed all instructions
exactly - bought the recommended wood cleaner, let dry the recommended
amount of time - painted 2 coats.  We bought 5 gallons (about $ 175 w/o tax).

  Since this product has a warranty, we went back to Home Depot and were told
that we have to handle our claim with Behr directly, we are in the process of
doing this, but I researched online and found out that a lot of people are
having the same problem and haven't received a refund from Behr.  Home
Depot of course is of no help! Spend your money elsewhere and on other
products who actually warrant their stuff.  Behr's warranty is not worth the
paper it's printed on.  (posted by "dontbuydeckover" on May 21, 2017).

- I prepped and applied exactly as instructions say approximately 5 weeks ago.
I live in Upcountry Maui- the temperatures NEVER exceed recommended
application temps, high or low, year-round.  It looked great! 4 weeks later it
started bubbling up all over the deck.  Really nasty.  Cracking and chipping
can only be what lies ahead.  The house is for sale and my big selling point is
now a complete eyesore.  I will have no choice but to give a buyer a credit to
replace the whole deck.  I am going to lose $5,000 by using $150.  worth of
this 'easy to use, miracle product'!

  Just sick after seeing all the similar complaints on this site and many others on
the web.  Wow, guess I am not alone.  I don't think any other Home Depot
product reviews have more 1-star reviews than any other star reviews.  Point
being- THEY KNOW this is a terrible product that is costing buyers HUGE
amounts of money to remedy, yet they KEEP SELLING IT.  (posted by
"natgro" on October 7, 2016).

---

[5]   http://www.homedepot.com/p/BEHR-Premium-DeckOver-1-gal-Wood-and-Concrete-
Coating-500001/206031374 (last visited June 13, 2017).

- I have a relatively new deck: no large cracks, holes or peeling wood. But I wanted something I wouldn't have to redo every few years. This seemed like the perfect answer and I love Behr paint. Boy, what a mistake. Last year it was new so very few reviews. Now most of us who put this down last summer/fall are reaping the horrible consequences. Stay away from this product. Now I have a mess on my hands because once you paint a deck you have to repaint because it's impossible to get it all off easily. (posted by "tedsgirl6" on May 16, 2014).

- bought a can and applied it to my front deck in the Spring of this year. Its now December of the same year and its literally coming up everywhere. Followed the directions….even applied a third coat in some spots where I thought it was needed. Don't waste your time or money. (posted by "jace" on December 22, 2013).

**ANSWER:**

Behr does not answer for Home Depot. Home Depot's website speaks for itself, and to the extent that the allegations in Paragraph 48 and Footnote 5 vary therewith or with other information on Home Depot's website, Behr denies those allegations. Behr denies any and all remaining allegations in Paragraph 48 and Footnote 5.

49. After DeckOver peels and deteriorates, consumers must spend even more time and money fixing damage to their decks, including but not limited to the following costs for: (1) removing the product (*e.g.*, by sanding or power washing); (2) replacing the product (*e.g.*, with paint, stain, or another resurfacer); and (3) repairing any damages to existing decks and similar property. In other words, while purchasers of DeckOver expect to prevent future costs by purchasing this "premium" product, they actually end up spending more time and money to repair damages it causes.

**ANSWER:**

Behr denies the allegations in Paragraph 49.

50. Since or soon after the time Defendants began selling DeckOver, they knew or should have known that the product would not meet its marketing representations, including the specific representations on its own product packaging.

**ANSWER:**

Behr does not answer for Home Depot. Behr denies the allegations in Paragraph 50.

51. Despite the above evidence that DeckOver does not meet Defendants' representations, Behr did not reformulate the product, and Defendants refused to pull the product

from the market, or disclose DeckOver's lack of functionality. Rather, Defendants continue to market and sell the product knowing that it is causing extensive damage to consumers' decks and that they are complaining in droves. Plaintiffs and the Class could not have reasonably discovered these omitted facts before purchasing the product and experiencing problems for themselves.

**ANSWER:**

      Behr does not answer for Home Depot. Behr denies the allegations in Paragraph 51.

      52.    As a result of Defendants' misrepresentations and omissions, consumers continue to spend thousands of dollars on purchasing and applying DeckOver, and they then spend even more money removing and replacing the product when it peels, cracks, and causes damages to their property.

**ANSWER:**

      Behr does not answer for Home Depot. Behr denies the allegations in Paragraph 52.

      53.    Nonetheless, Defendants have not offered refunds to customers *en masse*, have not warned potential customers about the influx of complaints, or provided any assistance to purchasers who have incurred expenses removing DeckOver and/or repairing their decks.

**ANSWER:**

      Behr does not answer for Home Depot. Behr denies the allegations in Paragraph 53.

**ESTOPPEL FROM PLEADING AND**
**TOLLING OF APPLICABLE STATUTES OF LIMITATIONS**

      54.    Plaintiffs and members of the Class are within the applicable statute of limitation for the claims presented here. Defendants have non-public information detailing DeckOver's propensity to prematurely degrade, but failed to disclose this information to consumers, and Plaintiffs and Class members therefore could not reasonably have known that DeckOver would prematurely degrade. Rather, consumers relied upon Defendants' misrepresentations and omissions, including the statements on the product labeling as set forth above.

**ANSWER:**

      Behr does not answer for Home Depot. Behr denies the allegations in Paragraph 54.

      55.    Once Plaintiffs incurred damages, they promptly acted to preserve their rights, filing this action. Defendants are estopped from asserting any statute of limitation defense that might otherwise be applicable to the claims asserted herein.

**ANSWER:**

      Behr does not answer for Home Depot. Behr denies the allegations in Paragraph 55.

## CLASS ACTION ALLEGATIONS

56.     This action is brought and may be maintained as a class action pursuant to FED. R. CIV. P. 23(a), 23(b)(2) and/or 23(b)(3).

**ANSWER:**

Behr admits that Plaintiffs purport to bring this action pursuant to Fed. R. Civ. P. 23(a), Fed. R. Civ. P. 23 (b)(2) and Fed. R. Civ. P. 23(b)(3).  Except as expressly admitted, Behr denies any and all remaining allegations in Paragraph 56 and specifically denies that class treatment of Plaintiffs' claims is appropriate and that the definition and description of the proposed classes are appropriate or otherwise meet the applicable requirements for class certification.

57.     Plaintiffs seek to represent the following Nationwide Class defined as follows:

All individuals and entities residing in the United States that purchased DeckOver, not for resale.

**ANSWER:**

Behr admits that Plaintiffs seek to represent a proposed "Nationwide Class" as defined in Paragraph 57.  Except as expressly admitted, Behr denies any and all remaining allegations in Paragraph 57 and specifically denies that class treatment of Plaintiffs' claims is appropriate and that the definition and description of the proposed "Nationwide Class" is appropriate or otherwise meets the applicable requirements for class certification.

58.     Alternatively, or in addition to the Nationwide Class claims, Plaintiffs also seek to represent the following Multi-State Class as defined as follows:

All individuals and entities in the United States that purchased DeckOver, not for resale, and are residents of the following states: California, Colorado, Florida, Illinois, Indiana, Massachusetts, Michigan, Minnesota, Missouri, Nebraska, New Jersey, New York, Ohio, Oregon, and Washington.

**ANSWER:**

Behr admits that Plaintiffs seek to represent a proposed "Multi-State Class" as defined in Paragraph 58.  Except as expressly admitted, Behr denies any and all remaining allegations in

Paragraph 58 and specifically denies that class treatment of Plaintiffs' claims is appropriate and

that the definition and description of the proposed "Multi-State Class" is appropriate or

otherwise meets the applicable requirements for class certification.

59.     Alternatively, or in addition to the Nationwide Class and Multi-State Class claims, Plaintiffs Bishop, Paul, and Sumpter seek to represent the following Illinois Class defined as follows:

> All individuals and entities residing in Illinois that purchased DeckOver, not for resale.

**ANSWER:**

Behr admits that Plaintiffs seek to represent a proposed "Illinois Class" as defined in

Paragraph 59.  Except as expressly admitted, Behr denies any and all remaining allegations in

Paragraph 59 and specifically denies that class treatment of Plaintiffs' claims is appropriate and

that the definition and description of the proposed "Illinois Class" is appropriate or otherwise

meets the applicable requirements for class certification.

60.     Alternatively, or in addition to the Nationwide Class and Multi-State Class claims, Plaintiff Haman seeks to represent the following California Class defined as follows:

> All individuals and entities residing in California that purchased DeckOver, not for resale.

**ANSWER:**

Behr admits that Plaintiffs seek to represent a proposed "California Class" as defined in

Paragraph 60.  Except as expressly admitted, Behr denies any and all remaining allegations in

Paragraph 60 and specifically denies that class treatment of Plaintiffs' claims is appropriate and

that the definition and description of the proposed "California Class" is appropriate or otherwise

meets the applicable requirements for class certification.

61.     Alternatively, or in addition to the Nationwide Class and Multi-State Class claims, Plaintiff Graf seeks to represent the following New Jersey Class defined as follows:

All individuals and entities residing in New Jersey that purchased DeckOver, not for resale.

**ANSWER:**

Behr admits that Plaintiffs seek to represent a proposed "New Jersey Class" as defined in

Paragraph 61. Except as expressly admitted, Behr denies any and all remaining allegations in

Paragraph 61 and specifically denies that class treatment of Plaintiffs' claims is appropriate and

that the definition and description of the proposed "New Jersey Class" is appropriate or

otherwise meets the applicable requirements for class certification.

62.     Excluded from the Classes are: (1) Defendants, and any entity in which Defendants have a controlling interest or which have a controlling interest in Defendants; (2) Defendants' legal representatives, assigns and successors; and (3) the judge(s) to whom this case is assigned and any member of the judge's immediate family.

**ANSWER:**

Behr admits that Plaintiffs purport to exclude certain persons and other entities from their

proposed classes. Except as expressly admitted, Behr denies any and all remaining allegations in

Paragraph 62 and specifically denies that class treatment of Plaintiffs' claims is appropriate and

that the definition and description of the proposed classes are appropriate or otherwise meet the

applicable requirements for class certification.

63.     Class members seek relief under both Rule 23(b)(2) and (b)(3). Specifically, Class members who need to replace decking material and/or repair decks and other property seek to have the Court declare any purported limits on full recovery to be unenforceable and otherwise null and void. Under Rule 23(b)(3), the central issues for each and every Class member are the same: whether DeckOver has the propensity to prematurely fail, whether Defendants acted unlawfully and wilfully, and whether the Class is entitled to common remedies.

**ANSWER:**

Behr admits that Plaintiffs purport to seek relief under Fed. R. Civ. P. 23 (b)(2) and Fed.

R. Civ. P. 23(b)(3) on behalf of themselves and members of the their proposed classes. Except

as expressly admitted, Behr denies any and all remaining allegations in Paragraph 63 and specifically denies that class treatment of Plaintiffs' claims is appropriate and that the definition and description of the proposed classes are appropriate or otherwise meet the applicable requirements for class certification.

64. Plaintiffs reserve the right to redefine the Class(es), and/or requests for relief.

**ANSWER:**

Behr admits that Plaintiffs purport to reserve the right to redefine the proposed classes and/or requests for relief. Except as expressly admitted, Behr denies any and all remaining allegations in Paragraph 64 and specifically denies that class treatment of Plaintiffs' claims is appropriate and that the definition and description of the proposed classes are appropriate or otherwise meet the applicable requirements for class certification.

65. The members of the proposed Class(es) are so numerous that joinder of all members is impracticable.

**ANSWER:**

Behr denies the allegations in Paragraph 65 and specifically denies that class treatment of Plaintiffs' claims is appropriate.

66. The exact number of Class members is unknown. Due to the nature of the trade and commerce involved, as well as the number of online and direct complaints, Plaintiffs believe the Class consists of thousands of consumers.

**ANSWER:**

Behr denies the allegations in Paragraph 66 and specifically denies that class treatment of Plaintiffs' claims is appropriate.

67. Common questions of law and fact affect the right of each Class member, and a common relief by way of damages is sought for Plaintiffs and Class members.

**ANSWER:**

Behr denies the allegations in Paragraph 67 and specifically denies that class treatment of

Plaintiffs' claims is appropriate.

68.     Common questions of law and fact that affect Class members include, but are not

limited to:

> a.  Whether Defendants marketed DeckOver as a superior, longer-lasting alternative to paint or stain, capable of extending the life of wooden decks and related structures to which it was applied;
>
> b.  Whether Defendants' marketing of DeckOver was false, deceptive, and/or misleading to reasonable consumers;
>
> c.  When Defendants knew that DeckOver was susceptible to premature failure;
>
> d.  Whether Defendants ever disclosed their knowledge that DeckOver was susceptible to premature failure;
>
> e.  Whether DeckOver's propensity of premature failure would be material to a reasonable consumer;
>
> f.  Whether Defendants were unjustly enriched by the sale of DeckOver;
>
> g.  Whether Defendants engaged in fraudulent, unfair, or deceptive conduct with respect to the handling of customer complaints;
>
> h.  Whether members of the proposed Class have sustained damages and, if so, the proper measure of such damages; and
>
> i.  Whether Defendants should be declared financially responsible for notifying all Class members about DeckOver's propensity to prematurely fail and for all damages associated with application of the product on Class members' decks and similar property.

**ANSWER:**

Behr denies the allegations in Paragraph 68 and specifically denies that class treatment of

Plaintiffs' claims is appropriate.

69.     The claims and defenses of the named Plaintiffs are typical of the claims and

defenses of the Class.  Plaintiffs and all members of the Class purchased DeckOver and own

homes, residences, or other structures on which DeckOver has been applied.  The product has

failed and will continue to fail prematurely.  The named Plaintiffs, like all Class members, have

been damaged by Defendants' conduct in that they have incurred or will incur the costs of replacing DeckOver and repairing and/or replacing their decks and additional property that was damaged by DeckOver's premature failure. Additionally, the factual basis of Defendants' conduct is common to all Class members and represents a common thread of misconduct resulting in injury and damages to all members of the Class.

**ANSWER:**

Behr denies the allegations in Paragraph 69 and specifically denies that class treatment of

Plaintiffs' claims is appropriate.

70. The named Plaintiffs will fairly and adequately assert and protect the interests of the Class. Specifically, they have hired attorneys who are experienced in prosecuting class action claims and will adequately represent the interests of the Class; and they have no conflict of interests that will interfere with the maintenance of this class action.

**ANSWER:**

Behr lacks knowledge or information sufficient to form a belief as to the truth or falsity

of the allegations in Paragraph 70 regarding Plaintiffs and their counsel and on that basis, denies

them. Behr denies any and all remaining allegations in Paragraph 70 and specifically denies that

class treatment of Plaintiffs' claims is appropriate.

71. A class action provides a fair, efficient, and superior method for the adjudication of this controversy for the following reasons:

    a. The common questions of law and fact set forth herein predominate over any questions affecting only individual Class members;

    b. The Class is so numerous as to make joinder impracticable but not so numerous as to create manageability problems;

    c. There are no unusual legal or factual issues which would create manageability problems, and depending on discovery, manageability will not be an issue as much information is solely in Defendants' possession;

    d. Prosecution of separate actions by individual members of the Class would create a risk of inconsistent and varying adjudications against Defendants when confronted with incompatible standards of conduct;

    e. Adjudications with respect to individual members of the Class could, as a practical matter, be dispositive of any interest of other members

not parties to such adjudications, or substantially impair their ability to protect their interests; and

f.   The claims of the individual Class members are small in relation to the expenses of litigation, making a Class action the only procedure in which Class members can, as a practical matter, recover.  However, the claims of individual Class members are collectively large enough to justify the expense and effort in maintaining a class action.

**ANSWER:**

Behr denies the allegations in Paragraph 71 and specifically denies that class treatment of

Plaintiffs' claims is appropriate.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### Claim For Declaratory And Injunctive And/Or Equitable Relief
### (On Behalf of the Nationwide Class)

72.   Plaintiffs re-allege and incorporate by reference the allegations contained in Paragraphs 1-71, as though set forth fully herein.

**ANSWER:**

Behr restates its answers to Paragraphs 1-71 above as if fully set forth herein.

73.   An actual controversy exists between Defendants and Plaintiffs concerning the common questions identified in Paragraph 68 above.

**ANSWER:**

Behr does not answer for Home Depot.  Behr denies the allegations in Paragraph 73.

74.   Under the Declaratory Judgment Act, 28 U.S.C. § 2201, this Court may "declare the rights and legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." The declaratory relief sought here does not fall within any of the exemptions set forth in that Act.

**ANSWER:**

The Declaratory Judgment Act speaks for itself, and to the extent the allegations in

Paragraph 74 vary therewith or with other applicable statutory or decisional law, Behr denies

those allegations.  Behr denies any and all remaining allegations in Paragraph 74.

75.     Accordingly, Plaintiffs pray this Court declare that:

    a.  DeckOver has a propensity to prematurely fail, which causes consumers to suffer damages, including to other property;

    b.  Defendants knew and/or should have known that DeckOver had a propensity to prematurely fail, which would cause consumers to suffer damages;

    c.  Defendants are required to disclose to consumers, at their own cost, that DeckOver's propensity to prematurely fail causes damages, including to other property;

    d.  Defendants are required to review and re-audit all prior customer claims, including claims previously denied in whole or in part.

**ANSWER:**

Behr admits that Plaintiffs purport to seek the relief described in Paragraph 75. Except as expressly admitted, Behr denies any and all remaining allegations in Paragraph 75 and specifically denies that class treatment of Plaintiffs' claims is appropriate and that Plaintiffs and the members of the proposed classes are entitled to any relief whatsoever, including but not limited to the relief requested in the Complaint.

76.     The requested declaratory relief will generate common answers that will resolve controversies that lie at the heart of this litigation and will allow Plaintiffs to obtain relief that directly redresses the injury suffered. Resolving these issues in this class action will eliminate the need for continued and repeated litigation.

**ANSWER:**

Behr denies the allegations in Paragraph 76 and specifically denies that class treatment of Plaintiffs' claims is appropriate and that Plaintiffs and the members of the proposed classes are entitled to any relief whatsoever, including but not limited to the relief requested in the Complaint.

**SECOND CLAIM FOR RELIEF**
**Unjust Enrichment**
**(On Behalf of the Nationwide Class)**

77.     Plaintiffs re-allege and incorporate by reference the allegations contained in Paragraphs 1-71, as though set forth fully herein.

**ANSWER:**

Behr restates its answers to Paragraphs 1-71 above as if fully set forth herein.

78.     Plaintiffs and Class members conferred a tangible economic benefit upon Defendants by purchasing DeckOver.  Plaintiffs and Class members would not have purchased DeckOver had they known that DeckOver had a propensity to prematurely fail and would not perform as represented.

**ANSWER:**

Behr does not answer for Home Depot.  Behr denies the allegations in Paragraph 78 and

specifically denies that class treatment of Plaintiffs' claims is appropriate and that Plaintiffs and

the members of the proposed classes are entitled to any relief whatsoever, including but not

limited to the relief requested in the Complaint.

79.     Failing to require Defendants to provide remuneration under these circumstances would result in Defendants being unjustly enriched at the expense of Plaintiffs and the Class members.

**ANSWER:**

Behr does not answer for Home Depot.  Behr denies the allegations in Paragraph 79 and

specifically denies that class treatment of Plaintiffs' claims is appropriate and that Plaintiffs and

the members of the proposed classes are entitled to any relief whatsoever, including but not

limited to the relief requested in the Complaint.

80.     Defendants' retention of the benefit conferred upon them by Plaintiffs and members of the Class would be unjust and inequitable.

**ANSWER:**

Behr does not answer for Home Depot.  Behr denies the allegations in Paragraph 80 and

specifically denies that class treatment of Plaintiffs' claims is appropriate and that Plaintiffs and

the members of the proposed classes are entitled to any relief whatsoever, including but not limited to the relief requested in the Complaint.

### THIRD CLAIM FOR RELIEF
**Negligent Misrepresentation**
**(On Behalf of the Nationwide Class)**

81.     Plaintiffs re-allege and incorporate by reference the allegations contained in Paragraphs 1-71, as though set forth fully herein.

<u>**ANSWER**</u>:

Behr restates its answers to Paragraphs 1-71 above as if fully set forth herein.

82.     Defendants manufactured, marketed, advertised, sold, and represented DeckOver to Plaintiffs as a deck resurfacer.

<u>**ANSWER**</u>:

Behr does not answer for Home Depot.  Behr denies the allegations in Paragraph 82.

83.     Among other things, Defendants made numerous material misrepresentations regarding DeckOver, including the representations identified in Paragraphs 18-23 herein that DeckOver "brings new life to old wood and concrete surfaces," "conceals cracks and splinters up to 1/4", creates a "slip-resistant finish that also resists cracking and peeling," "resists cracking & peeling," provides a "durable, mildew resistant finish," can be used in "waterproofing," "revives wood & composite decks [and other surfaces]," and is "great for concrete pool decks, patios & sidewalks."

<u>**ANSWER**</u>:

Behr does not answer for Home Depot.  Behr denies the allegations in Paragraph 83.

84.     These representations are false and misleading because DeckOver leads to a shorter life of a deck by requiring repairs due to its premature failure, fails to conceal cracks, results in bubbling, cracking, and peeling, is not durable, and does not revive decks.

<u>**ANSWER**</u>:

Behr does not answer for Home Depot.  Behr denies the allegations in Paragraph 84.

85.     At the time of sale, Defendants knew or should have known about DeckOver's propensity to prematurely fail, by and through, direct online complaints and other complaints made directly to Defendants.  Thus, Defendants either knew their representations were false or had no reasonable grounds for believing that their representations were true.

**ANSWER:**

Behr does not answer for Home Depot.  Behr denies the allegations in Paragraph 85.

86.     Defendants also failed to disclose, concealed, suppressed and omitted material information concerning DeckOver, including the DeckOver was inherently susceptible to cracking, peeling, flaking, chipping, bubbling, puckering, separating, generally degrading and otherwise prematurely failing.

**ANSWER:**

Behr does not answer for Home Depot.  Behr denies the allegations in Paragraph 86.

87.     Defendants intended that Plaintiffs rely upon their material misrepresentations and omissions to purchase more DeckOver; and Plaintiffs reviewed and reasonably relied upon Defendants' misrepresentations and omissions and incurred damages as a direct and proximate result, in an amount to be determined at trial, including repair and replacement costs and/or damages to other property.  Any limitation on economic loss is precluded by Defendants' fraudulent misrepresentations.

**ANSWER:**

Behr does not answer for Home Depot.  Behr denies the allegations in Paragraph 87 and

specifically denies that class treatment of Plaintiffs' claims is appropriate and that Plaintiffs and

the members of the proposed classes are entitled to any relief whatsoever, including but not

limited to the relief requested in the Complaint.

**FOURTH CLAIM FOR RELIEF**
**Violation of State Consumer Protection Laws**
**(On Behalf of the Multi-State Class, Alternatively on Behalf**
**of the California, Illinois, and New Jersey Subclasses)**

88.     Plaintiffs re-allege and incorporate by reference the allegations contained in Paragraphs 1-71, as though set forth fully herein.

**ANSWER:**

Behr restates its answers to Paragraphs 1-71 above as if fully set forth herein.

89.     Defendants market and sell goods, including DeckOver, to consumers throughout the United States, including to Plaintiffs and the Class.

**ANSWER:**

Behr does not answer for Home Depot. Behr denies the allegations in Paragraph 89 and specifically denies that class treatment of Plaintiffs' claims is appropriate.

90. Plaintiffs and Multi-State Class members are consumers who purchased and used DeckOver primarily for personal, family and/or household purposes.

**ANSWER:**

Behr lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 90 and on that basis, denies them. Behr denies any and all remaining the allegations in Paragraph 90 and specifically denies that class treatment of Plaintiffs' claims is appropriate.

91. Defendants violated state consumer protection laws by engaging in unfair methods of competition and unfair, deceptive, fraudulent, unconscionable and/or unlawful acts or practices, including without limitation, by defective design and manufacture of DeckOver as well as misleading marketing, advertising, selling, and representing of DeckOver to consumers. In connection with these sales, Defendants omitted material information about DeckOver that they were legally obligated to disclose. Defendants never informed Plaintiffs or Class members, at the point of sale or otherwise, that DeckOver would prematurely fail shortly after application. Defendants failed to disclose this information well after they were aware of these conditions. Defendants have also failed or refused to pay for resulting expenses that consumers have incurred.

**ANSWER:**

Behr does not answer for Home Depot. Behr denies the allegations in Paragraph 91 and specifically denies that class treatment of Plaintiffs' claims is appropriate.

92. Among other things, Defendants made numerous deceptive statements regarding DeckOver, including, but not limited to, the following representations that DeckOver:

    a. "brings new life to old wood and concrete surfaces;"

    b. "conceals cracks and splinters up to 1/4;"

    c. creates a "slip-resistant finish that also resists cracking and peeling;"

    d. "resists cracking & peeling;"

    e. provides a "durable, mildew resistant finish;"

    f.   can be used in "waterproofing;"

    g.   "revives wood & composite decks [and other surfaces];" and

    h.   is "great for concrete pool decks, patios & sidewalks."

**ANSWER:**

Behr does not answer for Home Depot.  Behr denies the allegations in Paragraph 92.

93.    Through their conduct, Defendants have violated the following state consumer laws prohibiting unfair methods of competition and unfair, deceptive, unconscionable, fraudulent and/or unlawful acts or practices:

    a.   The California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code, § 17200, *et seq.*;

    b.   The Colorado Consumer Protection Act, Col. Rev. Stat. Ann. §§ 6-1-105(1)(b), (c), (e) and (g), *et seq.*;

    c.   The Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. § 501.204(1), *et seq.*;

    d.   The Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 Ill. Stat. § 505/2, *et seq.*, and the Illinois Uniform Deceptive Trades Practices Act, 815 Ill. Stat. § 510/2(a)(5), (7) and (12), *et seq.*;

    e.   The Indiana Deceptive Consumer Sales Act, Ind. Code §§ 24-5-0.5-3(a) and (b)(1) and (2), *et seq.*;

    f.   The Massachusetts Consumer Protection Act, Ma. Gen. Laws Ann. Ch. 93A § 2(a), *et seq.*;

    g.   The Michigan Consumer Protection Act, M.C.P.L.A. § 445.903(1)(c)(e), (s) and (cc), *et seq.*;

    h.   The Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. § 325D.44, subd. 1(5), (7) and (13), *et seq.*, the Minnesota Consumer Fraud Act, Minn. Stat. § 325F.69, subd. 1, and Minn. Stat.§ 8.31, subd. 3(a), *et seq.*;

    i.   The Missouri Merchandising Practices Act, Mo. Ann. Stat. § 407.020(1), *et seq.*;

    j.   The Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1602, and the Nebraska Uniform Deceptive Trade Practices Act, Neb. Rev. Stat. § 87-302(a)(5) and (7), *et seq.*;

k.  The New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-2, *et seq.*;

l.  New York Business Law, N.Y. Gen. Bus. Law § 349(a), *et seq.*;

m.  The Ohio Consumer Sales Practices Act, Ohio Rev. Code Ann. § 1345.02(A), (B)(1) and (2), *et seq.* Pursuant to Ohio Rev. Code Ann. § 1345.09(B), Defendants' alleged acts must have been previously declared to be deceptive or unconscionable under Ohio Rev. Code Ann. §§ 1345.02 or 1345.03. Defendants systematically made misrepresentations and material omissions regarding DeckOver. Ohio courts have previously declared such actions to be deceptive or unconscionable. *See*, *e.g.*, *Arales Furs by Weiss, Inc.*, No. 81603, 2003 WL 21469131, at *1-4 (Ohio Ct. App. June 26, 2003) (retailer's omission to consumer was unfair or deceptive); *Lump v. Best Door & Window, Inc.*, Nos. 8-01-09, 8-01-10, 2002 WL 462863, at *4-5 (Ohio Ct. App. Mar. 27, 2002) (failure to perform obligations to consumers in a timely and competent manner is a deceptive and unconscionable);

n.  The Oregon Unfair Trade Practices Act, Or. Rev. Stat. §§ 646.608(1)(e)(g) and (u), *et seq.*;

o.  The Washington Consumer Protection Act, Wash. Rev. Code § 19.86.020, *et seq.*

**ANSWER:**

Behr does not answer for Home Depot. Behr denies the allegations in Paragraph 93.

94.  As a direct and proximate result of Defendants' unfair methods of competition and unfair, deceptive, fraudulent, unconscionable and/or unlawful acts or practices, Plaintiffs and the Class have suffered ascertainable losses and injuries, including without limitation: (1) monetary costs of purchasing, removing, and replacing DeckOver, which was susceptible to premature failure; (2) monetary costs of repairing and replacing decks and other property upon which defective DeckOver was applied; (3) other damages resulting from DeckOver's propensity to prematurely fail.

**ANSWER:**

Behr does not answer for Home Depot. Behr denies the allegations in Paragraph 94 and

specifically denies that class treatment of Plaintiffs' claims is appropriate and that Plaintiffs and

the members of the proposed classes are entitled to any relief whatsoever, including but not

limited to the relief requested in the Complaint.

95.  Plaintiffs bring this action on behalf of themselves and all similarly situated persons for the relief requested and to promote the public interests in the provision of truthful, non-

deceptive information to allow consumers to make informed purchasing decisions and to protect Plaintiffs, the Class, and the public from Defendants' unfair methods of competition and unfair, deceptive, fraudulent, unconscionable and/or unlawful practices. Defendants' wrongful conduct has had widespread impact on the public at large, as demonstrated by the sheer volume of complaints about DeckOver.

**ANSWER:**

Behr does not answer for Home Depot. Behr denies the allegations in Paragraph 95 and

specifically denies that class treatment of Plaintiffs' claims is appropriate and that Plaintiffs and

the members of the proposed classes are entitled to any relief whatsoever, including but not

limited to the relief requested in the Complaint.

96. Defendants have long had notice of Plaintiffs' allegations, claims and demands, including from online and direct complaints regarding DeckOver.

**ANSWER:**

Behr does not answer for Home Depot. Behr denies the allegations in Paragraph 96.

**FIFTH CLAIM FOR RELIEF**
**Violation Of The California Consumer Legal Remedies Act**
**(On Behalf Of The California Subclass)**

97. Plaintiffs re-allege and incorporate by reference the allegations contained in Paragraphs 1-71, as though set forth fully herein. Plaintiff Haman has standing to pursue this cause of action on behalf of the Class.

**ANSWER:**

Behr restates its answers to Paragraphs 1-71 above as if fully set forth herein.

98. Plaintiff Haman brings this claim pursuant to the Consumers Legal Remedies Act ("CLRA"), California Civil Code § 1750, *et seq.*, which prohibits unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result, or which does result, in the sale or lease of goods or services to any consumer.

**ANSWER:**

The Consumer Legal Remedies Act referenced in Paragraph 98 speaks for itself, and to

the extent that the allegations in Paragraph 98 vary therewith or with other applicable statutory or

decisional law, Behr denies those allegations.  Behr denies any and all remaining allegations in

Paragraph 98.

99.     Plaintiff Haman is a "consumer" and DeckOver is a "good" as defined by the CLRA.  Further, Plaintiff's purchase of DeckOver constitutes a "transaction," and Defendants' conduct described in this Complaint occurred in several states, including the State of California.

**ANSWER:**

Behr does not answer for Home Depot.  The allegations in Paragraph 99 are legal

conclusions to which no response is required.  To the extent a response is required, Behr denies

the allegations in Paragraph 99.

100.    Defendants violated the CLRA by engaging in unfair methods of competition and unfair, deceptive, fraudulent, unconscionable and unlawful acts or practices in connection with transactions—namely the sale of DeckOver to Plaintiff and the proposed Class members—that were intended to result and did result in the sale of DeckOver to consumers.

**ANSWER:**

Behr does not answer for Home Depot.  Behr denies the allegations in Paragraph 100 and

specifically denies that class treatment of Plaintiffs' claims is appropriate.

101.    In connection with these sales, Defendants omitted material information about DeckOver that they were legally obligated to disclose.  Defendants never informed Plaintiff or the proposed Class members, at the point of sale or otherwise, that DeckOver would prematurely fail shortly after application.  Defendants failed to disclose this information well after they were aware of these conditions.  Defendants have also failed or refused to pay for resulting expenses that consumers have incurred.

**ANSWER:**

Behr does not answer for Home Depot.  Behr denies the allegations in Paragraph 101 and

specifically denies that class treatment of Plaintiffs' claims is appropriate.

102.    Defendants have also violated the CLRA by making misrepresentations to Plaintiff and members of the proposed Class that were intended to result, and which did result, in the sale of DeckOver, including:  (1) that DeckOver is reliable and will last for years when in fact it degrades prematurely within months; (2) that DeckOver is a premium product when in fact it is not; and (3) that sales have been supplied in accordance with representations about DeckOver which, as outlined in this Complaint, are not true.

**ANSWER:**

Behr does not answer for Home Depot. Behr denies the allegations in Paragraph 102 and specifically denies that class treatment of Plaintiffs' claims is appropriate.

103. Plaintiff and the Class members reviewed and reasonably relied on Defendants' omissions and misrepresentations regarding DeckOver and incurred damages as a direct and proximate result, in an amount to be determined at trial. For example, Plaintiff Haman reviewed Defendants' advertising and product labeling regarding DeckOver's high quality and longevity, and in reasonable reliance of those statements, incurred out of pocket costs for damages caused by DeckOver's premature failure and/or the concomitant costs of repair and/or replacement of her deck.

**ANSWER:**

Behr does not answer for Home Depot. Behr denies the allegations in Paragraph 103 and specifically denies that class treatment of Plaintiffs' claims is appropriate.

104. Pursuant to § 1780(d) of the CLRA, Plaintiff Haman has or will provide Defendants with notice of Defendants' CLRA violations, accompanied by a demand that Defendants correct, repair, replace and/or otherwise rectify the prohibited practices as well as notice of Plaintiff's intent to sue.

**ANSWER:**

Behr does not answer for Home Depot. Behr denies that it received notice of Plaintiffs' claims pursuant to Section 1780 of the Consumer Legal Remedies Act. Behr denies any and all remaining allegations in Paragraph 104 and specifically denies that class treatment of Plaintiffs' claims is appropriate and that Plaintiffs and the members of the proposed classes are entitled to any relief whatsoever, including but not limited to the relief requested in the Complaint.

**SIXTH CLAIM FOR RELIEF**
**Violation Of The California False Advertising Law**
**(On Behalf Of The California Subclass)**

105. Plaintiffs re-allege and incorporate by reference the allegations contained in Paragraphs 1-71, as though set forth fully herein. Plaintiff Haman has standing to pursue this cause of action on behalf of the Class.

**ANSWER:**

Behr restates its answers to Paragraphs 1-71 above as if fully set forth herein.

39

106.     Plaintiff Haman brings this claim pursuant to California's False Advertising Law, California Business and Professions Code § 17500, *et seq.*, ( "False Advertising Law"), which prohibit deceptive, misleading and/or false advertising.

**ANSWER:**

California's False Advertising Law referenced in Paragraph 106 speaks for itself, and to the extent that the allegations in Paragraph 106 vary therewith or with other applicable statutory or decisional law, Behr denies those allegations. Behr denies any and all remaining allegations in Paragraph 106.

107.     Defendants violated the False Advertising Law by advertising and representing— on product labels and advertisements—that DeckOver was a premium and long-lasting product when in fact it was not.

**ANSWER:**

Behr does not answer for Home Depot. Behr denies the allegations in Paragraph 107.

108.     As alleged, these representations were false, misleading, and likely to deceive Plaintiffs, members of the Class, and other reasonable consumers.

**ANSWER:**

Behr does not answer for Home Depot. Behr denies the allegations in Paragraph 108 and specifically denies that class treatment of Plaintiffs' claims is appropriate.

109.     In connection with these sales, Defendants also omitted material information about DeckOver that they were legally obligated to disclose. Defendants never informed Plaintiffs or the Class, at the point of sale or otherwise, that DeckOver would prematurely fail shortly after application. Defendants failed to disclose this information well after they were aware of these conditions. Defendants have also failed or refused to pay for resulting expenses that consumers have incurred.

**ANSWER:**

Behr does not answer for Home Depot. Behr denies the allegations in Paragraph 109 and specifically denies that class treatment of Plaintiffs' claims is appropriate and that Plaintiffs and the members of the proposed classes are entitled to any relief whatsoever, including but not limited to the relief requested in the Complaint.

110.     At the time of sale, Defendants knew, or by the exercise of reasonable care should have known—given internal data and consumer complaints—that their representations and omissions were false and misleading; or Defendants had insufficient information or knowledge to make such representations truthfully.

**ANSWER:**

Behr does not answer for Home Depot.  Behr denies the allegations in Paragraph 110.

111.     Defendants made these representations and omissions for the purpose of inducing, and did induce, Plaintiff consumers to purchase DeckOver.

**ANSWER:**

Behr does not answer for Home Depot.  Behr denies the allegations in Paragraph 111 and

specifically denies that class treatment of Plaintiffs' claims is appropriate.

112.     Plaintiff reviewed and reasonably relied on Defendants' representations and omissions regarding DeckOver and incurred damages as a direct and proximate result.

**ANSWER:**

Behr does not answer for Home Depot.  Behr denies the allegations in Paragraph 112.

113.     As a direct and proximate result of Defendants' violation of False Advertising Law, Plaintiff and the Class have suffered ascertainable losses and injuries, including without limitation: (1) monetary costs of purchasing, removing, and replacing DeckOver, which was susceptible to premature failure; (2) monetary costs of repairing and replacing decks and other property upon which defective DeckOver was applied; (3) other damages resulting from DeckOver's propensity to prematurely fail.

**ANSWER:**

Behr does not answer for Home Depot.  Behr denies the allegations in Paragraph 113 and

specifically denies that class treatment of Plaintiffs' claims is appropriate and that Plaintiffs and

the members of the proposed classes are entitled to any relief whatsoever, including but not

limited to the relief requested in the Complaint.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this case be certified and maintained as a class action and for judgment to be entered against Defendants as follows:

A.      Enter an order certifying the proposed Class (and subclasses, if applicable), designating Plaintiffs as the class representatives, and designating the undersigned as class counsel;

B.      Declare that Defendants are financially responsible for notifying all Class members of the problems with DeckOver;

C.      Declare that Defendants must disgorge, for the benefit of the Class, all or part of the ill-gotten profits it received from the sale of DeckOver, or order Defendants to make full restitution to Plaintiffs and the members of the Class;

D.      Defendants shall audit and reassess all prior customer claims regarding DeckOver, including claims previously denied in whole or in part;

E.      For economic and compensatory damages on behalf of Plaintiffs and all members of the Class;

F.      For actual damages sustained and/or treble damages;

G.      For punitive or exemplary damages;

H.      For injunctive and declaratory relief;

I.      For reasonable attorneys' fees and reimbursement of all costs for the prosecution of this action; and

J.      For such other and further relief as this Court deems just and appropriate.

## **ANSWER:**

Behr does not answer for Home Depot.  Behr admits that Plaintiffs purport to seek the relief set forth in Plaintiffs' Prayer for Relief.  Behr denies that Plaintiffs are entitled to any relief whatsoever, including but not limited to the relief requested in the Complaint.  Behr further denies that class certification is appropriate and further denies that any claims in this action are appropriate for class treatment.  Except as expressly admitted, Behr denies any and all remaining allegations in Plaintiffs' Prayer For Relief.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

## ANSWER

Behr admits that Plaintiffs purport to seek a trial by jury of all claims so triable in the Complaint. Except as expressly admitted, Behr denies any and all remaining allegations in Plaintiffs' Jury Demand.

## AFFIRMATIVE DEFENSES

Behr's affirmative defenses to Plaintiffs' Complaint are set forth below. By setting forth the following allegations and defenses, however, Behr does not assume the burden of proof on matters and issues other than those on which Behr has the burden of proof as a matter of law.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The Court lacks jurisdiction to adjudicate the claims of Plaintiff Haman, who is a California resident, Plaintiff Graf, who is a New Jersey resident, and/or the claims of any other non-Illinois resident.

## THIRD AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or members of the proposed classes may be barred, in whole or in part, to the extent that Plaintiffs and/or members of the proposed classes contacted Behr regarding any issues that they may have had with DeckOver and had those issues fully resolved.

## FOURTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or members of the proposed classes may be barred, in whole or in part, to the extent that Plaintiffs and/or members of the proposed classes received refunds for their purchases of DeckOver.

## FIFTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or members of the proposed classes may be barred, in whole or in part, to the extent that Plaintiffs and/or members of the proposed classes received compensation from Behr for any purported damage caused by DeckOver.

## SIXTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or members of the proposed classes under the Declaratory Judgment Act may be barred, in whole or in part, to the extent Plaintiffs seek to adjudicate past conduct and/or their claims are duplicative of a damages action.

## SEVENTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or members of the proposed classes may be barred, in whole or in part, to the extent that they engaged in unlawful, inequitable or improper conduct.

## EIGHTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or members of the proposed classes may be barred, in whole or in part, by the economic loss doctrine.

## NINTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or members of the proposed classes may be barred, in whole or in part, to the extent that there is no legal injury, including no injury to Plaintiffs and/or members of the proposed classes who experienced no problems with DeckOver.

## TENTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or members of the proposed classes may be barred, in whole or in part, to the extent that Plaintiffs, members of the proposed classes and/or third parties damaged, changed or otherwise altered DeckOver after purchase.

## ELEVENTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or members of the proposed classes may be barred, in whole or in part, to the extent that Plaintiffs and/or members of the proposed classes failed to prepare the surface on which they used DeckOver in accordance with the instructions.

## TWELFTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or members of the proposed classes are barred, in whole or in part, to the extent that they failed to properly maintain the surfaces upon which they applied DeckOver.

## THIRTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or members of the proposed classes may be barred, in whole or in part, to the extent that Behr's conduct was not the proximate cause of any alleged injuries and/or damages incurred by Plaintiffs and/or members of the proposed classes.

## FOURTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or members of the proposed classes may be barred, in whole or in part, because the damages alleged by Plaintiffs and/or members of the proposed classes were proximately caused by persons and entities -- individual, corporate, governmental or otherwise -- other than Behr.

## FIFTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or members of the proposed classes may be barred, in whole or in part, to the extent that any actions by Plaintiffs and/or members of the proposed classes, whether negligent and/or careless or otherwise, proximately caused the damages alleged in Plaintiffs' Complaint.

## SIXTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or members of the proposed classes may be barred, in whole or in part, because Plaintiffs and/or members of the proposed classes cannot meet their burden of showing that any acts, conduct, statements or omissions on the part of Behr were likely to mislead.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or members of the proposed classes may be barred, in whole or in part, to the extent that neither Plaintiffs nor members of the proposed classes relied upon any alleged misstatements or omissions by Behr.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or members of the proposed classes may be barred, in whole or in part, to the extent that any alleged misstatements were non-actionable opinions and/or puffery.

## NINETEENTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or members of the proposed classes may be barred, in whole or in part, because they are not in privity with Behr.

## TWENTIETH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or members of the proposed classes may be barred, in whole or in part, to the extent that the damages alleged by Plaintiffs and/or members of the proposed classes were proximately caused by independent and supervening causes over which Behr had no knowledge or control.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or members of the proposed classes may be time-barred, in whole or in part, under the applicable statute of limitations, statute of repose and/or by the doctrines of waiver and/or laches.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or members of the proposed classes may be barred, in whole or in part, because they or others have made statements or taken actions (or failed to take actions) that estop them from asserting their claims.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs and/or members of the proposed classes may not seek equitable relief, because they have an adequate remedy at law.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or members of the proposed classes may be barred, in whole or in part, if in this or other tribunals they have brought actions and/or have received compensation, judgments or awards on some or all claims asserted herein.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or members of the proposed classes may be barred, in whole or in part, by the doctrine of accord and satisfaction.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or members of the proposed classes may be barred, in whole or in part, to the extent that they have released any claims.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The claims of Plaintiffs and/or members of the proposed classes may be barred, in whole or in part, by their failure to mitigate their damages.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Any claims for damages or other monetary recovery by Plaintiffs and/or members of the proposed classes must be offset and reduced by the value received from DeckOver.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

This action is not appropriate for class treatment because Plaintiffs' claims necessarily revolve around the individual preparation and application of DeckOver by Plaintiffs and each member of the proposed classes.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs' action is not properly maintained as a class action, because the requirements for class certification under federal law are not met and because certification of the proposed classes would result in a denial of due process to Behr as well as to members of the proposed classes.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

The claims being made on behalf of the proposed classes are barred, in whole or in part, by the doctrine set forth in Phillips Petroleum Co. v. Schutts, 472 U.S. 797 (1985), because applying Illinois law, or any other state's law, to a multi-state class under the circumstances presented would, inter alia, violate due process.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' request for punitive damages is barred by reason of the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' request for punitive damages is barred by the Commerce Clause of the United States Constitution, Article I, § 8, cl. 3, among other provisions.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

The claim of Plaintiffs and members of the proposed classes for unjust enrichment may be barred, in whole or in part, to the extent that the applicable law does not recognize a claim for unjust enrichment.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

Behr has insufficient knowledge or information upon which to form a belief as to whether it may have additional affirmative defenses that govern the claims asserted by Plaintiffs and/or on behalf of persons claimed to be members of the proposed classes. Behr, therefore, reserves the right to raise additional defenses as appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Behr prays:

      a.      That Plaintiffs and all members of the proposed classes take nothing by reason of this suit;

      b.      For attorneys' fees and costs;

      c.      For such other and further relief as the Court deems just and proper.

Dated: July 11, 2017             Respectfully submitted,

                        /s/ Kathleen P. Lally
                        One of the Attorneys for Defendant
                        Behr Process Corporation

Mark S. Mester
    mark.mester@lw.com
Kathleen P. Lally
    kathleen.lally@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois  60611
Telephone:  (312) 876-7700
Facsimile:  (312) 993-9767