**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| KATHLEEN BISHOP, et al., individually and on behalf of the putative class, | Case No. 17-cv-4464 |
| Plaintiffs, | |
| v. | Hon. John Robert Blakey |
| BEHR PROCESS CORP., a California corporation, et al., | Magistrate Judge Mary M. Rowland |
| Defendants. | |

# SETTLEMENT AGREEMENT

# SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release is entered into between and among (1) Kathleen Bishop, Nancy Graf, Jeanne Haman, Tom Paul, Mark Sumpter, Darin Richey, Bruce Tobey, Thomas Noftzger, Aaron Amborn, Laurie McCall, Zenas Whitehead, Stacey Clow, Aaron Corneail, Joel Darby, James Droge, Deborah Durda, William Elger, Anne Gober, Bruce Hultmark, Janice Huskey, Paula Kastanis, Erik Lagesen, Brian Lange, Glen Meyers, Philip Ross, Diane Stricklin, Ronald Stricklin, Charles Weygant, Heather Wood, David Wormwood, Bryon Zablotny, Kathie Hensley and Judy Anderson on behalf of themselves and as representatives of the Class and (2) Behr Process Corporation, Behr Paint Corp. and Masco Corporation in order to effect a full and final settlement and dismissal with prejudice of all claims against Behr and Home Depot alleged in the litigation known as *Bishop, et al. v. Behr Process Corporation, et al.*, Case No. 1:17-cv-04464 (N.D. Ill.), on the terms set forth below and to the full extent reflected herein. Capitalized terms shall have the meaning ascribed to them in Section II of this Agreement.

## I.      RECITALS

**WHEREAS**, on June 13, 2017, Plaintiffs filed a class action complaint in *Bishop, et al. v. Behr Process Corporation, et al.*, Case No. 1:17-cv-04464 (N.D. Ill.), alleging, *inter alia*, that Behr manufactures a line of products under the name "DeckOver" that is sold at Home Depot stores and that does not live up to the promises made regarding its performance, deteriorates quickly, fails to protect and/or adhere to the surfaces to which it is applied and causes property damage to the surfaces to which it is applied, giving rise to claims under the Declaratory Judgment Act, various states' consumer fraud statutes and common law theories of unjust enrichment and negligent misrepresentation;

- 1 -

**WHEREAS**, plaintiffs in *Richey, et al. v. Behr Process Corporation, et al.*, Case No. 8:17-cv-1016 (C.D. Cal., filed June 12, 2017; Consolidated Complaint filed October 27, 2017) have coordinated with the *Bishop* plaintiffs and participated in the negotiation of this Agreement;[1]

**WHEREAS**, on March 9, 2018, *Anderson v. Behr Process Corporation*, Case No. 1:17-cv-8735 (N.D. Ill., filed Dec. 4, 2017) was consolidated with the *Bishop* action, and plaintiffs in *Anderson* have coordinated with the *Bishop* plaintiffs and participated in the negotiation of this Agreement**;**

**WHEREAS**, the cases listed in Appendix 1 to this Agreement were filed subsequent to *Bishop* and *Richey* on behalf of classes that are either substantially similar to, or entirely subsumed within, the Class, and also arise out of and relate to the same nexus of law and fact as this Action;

**WHEREAS**, as a result of extensive arm's length negotiations, including numerous negotiations in person and by telephone, and with the assistance of the Honorable Wayne R. Andersen (Retired) of JAMS serving as mediator, Plaintiffs, Plaintiffs' Co-Lead Counsel and Behr have entered into this Agreement;

**WHEREAS**, Plaintiffs' Co-Lead Counsel have conducted substantial discovery, have investigated the facts and underlying events relating to the subject matter of the claims, have

---

[1] Both *Bishop, et al. v. Behr Process Corporation, et al.*, Case No. 1:17-cv-04464 (N.D. Ill.) and *Richey, et al. v. Behr Process Corporation, et al.*, Case No. 8:17-cv-1016 (C.D. Cal., filed June 12, 2017; Consolidated Complaint filed October 27, 2017) also name Home Depot, which sells DeckOver in its stores, as a defendant. Behr and Home Depot have entered into a supplier agreement that requires Behr to indemnify Home Depot with respect to, *inter alia*, lawsuits alleging the failure of Behr to comply with any warranties, guarantees, or representations or in connection with any promotional or advertising matter, guarantees, warranties, labels, and/or instructions furnished by Behr. As set forth in more detail herein, the Release applies to all claims asserted against Home Depot in the Action.

carefully analyzed the applicable legal principles and have concluded, based upon their investigation, and taking into account the risks, uncertainties, burdens and costs of further prosecution of their claims and taking into account the substantial benefits to be received pursuant to this Agreement as set forth below, which, in the view of the Plaintiffs and Plaintiffs' Co-Lead Counsel, is designed for the purpose of resolving all controversies with Behr and Home Depot that were or could have been alleged or brought and that a resolution and compromise on the terms set forth herein is fair, reasonable, adequate and in the best interests of the Plaintiffs and the Class;

WHEREAS, Behr and Home Depot deny and continue to deny each and every allegation of liability, wrongdoing and damages and further deny that the Action may be properly maintained as a class action except for settlement purposes. Nonetheless, without admitting or conceding any liability or damages whatsoever and without admitting any wrongdoing and without conceding the appropriateness of class treatment for claims asserted in any future complaint, Behr has agreed to settle the Action on the terms and conditions set forth in this Agreement solely to avoid the substantial expense, inconvenience, burden and disruption of continued litigation;

WHEREAS, Plaintiffs' Co-Lead Counsel represent and warrant that they are fully authorized to enter into this Agreement on behalf of Plaintiffs; and

WHEREAS, it is agreed that this Agreement shall not be deemed or construed to be an admission, concession or evidence of any violation of any federal, state or local statute, regulation, rule or other law or principle of common law or equity or of any liability or wrongdoing whatsoever by Behr, Home Depot, or any of the Released Parties or of the truth or validity of any of the claims that Plaintiffs have asserted.

**NOW, THEREFORE**, without any admission or concession by Plaintiffs or Plaintiffs' Co-Lead Counsel of any lack of merit to their allegations and claims and without any admission or concession by Behr and Home Depot of any liability or wrongdoing or lack of merit in their defenses on the merits or to the propriety of class treatment of Plaintiffs' claims in a non-settlement context, in consideration of the mutual covenants and terms contained herein and subject to the final approval of the Court, Plaintiffs, Plaintiffs' Co-Lead Counsel and Behr agree as follows:

## II.      DEFINITIONS

A.      As used in and solely for the purposes of this Agreement and the attached exhibits (which are an integral part of this Agreement and are incorporated in their entirety by reference), the following terms have the following meanings, unless this Agreement specifically provides otherwise:

1.      "Action" means *Bishop, et al. v. Behr Process Corporation, et al.*, Case No. 1:17-cv-04464 (N.D. Ill.) pending before the Honorable John Robert Blakey.

2.      "Agreement" means this Settlement Agreement and Release as well as the exhibits attached hereto or incorporated herein, including any subsequent amendments and any exhibits to such amendments.

3.      "Attorneys' Fees and Expenses" means such funds as may be awarded by the Court as described in Section V of this Agreement.

4.      "Behr" means Behr Process Corporation, Behr Paint Corp. and Masco Corporation collectively.

5.      "Behr's Counsel" means Mark S. Mester and Kathleen P. Lally of Latham & Watkins LLP.

6.     "Claim" means a claim for compensation as provided for under Section IV of this Agreement by a Class Member or his, her, or its representative.

7.     "Claim Deadline" means (a) one hundred and eighty days from the Notice Date or (b) one year from the date on which the Class Member purchased DeckOver, whichever is later and subject to the terms set forth in Section IV below.

8.     "Claim Form" means the form that Class Members must complete and submit on or before the Claim Deadline to be eligible for the benefits described herein, which document shall be substantially in the form of Exhibit A hereto.

9.     "Claims Period" means the time period during which Class Members may submit Claim Forms in accordance with the Claims Process. The Claims Period shall begin on the Notice Date and end on the Claim Deadline.

10.     "Claims Process" means the process described in this Agreement and further agreed to by the Parties and the Class Action Settlement Administrator.

11.     "Class" means, for settlement purposes only:

> All persons and entities that, between September 1, 2012 and the date of Preliminary Approval, purchased DeckOver in the United States (or caused it to be purchased) and applied it (or caused it to be applied) to any property located in the United States owned or leased by the purchasing person or entity. Excluded from the Class are Defendants, and any entity in which Defendants have a controlling interest or which have a controlling interest in Defendants; Defendants' legal representatives, assigns and successors; and all judges who have presided over the Action and any member of the judges' immediate families.

12.     "Class Action Settlement Administrator" means the third-party agent or administrator agreed to by the Parties and appointed by the Court to implement the notice and other settlement requirements of this Agreement. The Parties agree that Angeion Group shall serve as Class Action Settlement Administrator, subject to approval by the Court.

13.     "Class Member" means a member of the Class who has not Opted Out of the Class.

14.     "Class Notice" means the notice program that the Class Action Settlement Administrator will conduct as described in Section VI.

15.     "Class Period" means September 1, 2012 through the date on which the Court grants Preliminary Approval.

16.      "Court" means the United States District Court for the Northern District of Illinois.

17.     "DeckOver" means only Behr's wood coatings products, branded as Behr Premium DeckOver®, Behr Premium Textured DeckOver® and Behr Premium Extra Textured DeckOver®.

18.     "Defendants" means Behr and Home Depot.

19.     "Fairness Hearing" means the hearing conducted by the Court to determine whether to approve this Agreement as fair, reasonable, and adequate.

20.     "Final Effective Date" means the date on which the Final Order and Final Judgment approving this Agreement becomes final. For purposes of this Agreement the Final Effective Date will be:

a.     The date on which the time to appeal therefrom has expired, if no appeal has been taken from the Final Order and Final Judgment; or

b.     The date on which all appeals therefrom, including petitions for rehearing or re-argument, petitions for rehearing *en banc* and petitions for *certiorari* or any other form of review, have been finally disposed of in a manner that affirms the Final Order and Final Judgment, if any appeal has been taken from the Final Order and Final Judgment; or

c.     Any other date agreed to in writing by Plaintiffs' Co-Lead Counsel and Behr's Counsel.

21.     "Final Judgment" means the Court's final judgment as described in Section X of this Agreement.

22.     "Final Order" means the Court's Order approving the Settlement and this Agreement, as described in Section X of this Agreement.

23.     "Home Depot" means The Home Depot, Inc. and Home Depot, USA, Inc., collectively.

24.     "Mailed Notice" means the mailed notice program described in Section VI. The Mailed Notice will be in substantially the same form as Exhibit B.

25.     "Notice And Administrative Costs" means the reasonable and authorized costs and expenses of effecting notice in accordance with this Agreement and the Preliminary Approval Order and all reasonable and authorized costs and expenses incurred by the Class Action Settlement Administrator in administering the Agreement, including but not limited to costs and expenses associated with assisting Class Members, processing claims, and other reasonable and authorized fees and expenses incurred by the Class Action Settlement Administrator.

26.     "Notice Date" means the date by which the Class Action Settlement Administrator must (a) mail the Mailed Notice in accordance with the terms set forth in Section VI, (b) begin Publication Notice and (c) create and activate the Settlement Website.

27.     "Objection Deadline" means the date forty-five (45) days after the Notice Date by which objections to this Agreement must be submitted.

28.     "Opt-Out" means member of the Class who properly and timely submits a request for exclusion from the Class as set forth in Section VII.

29.     "Opt-Out Deadline" means the date forty-five (45) days after the Notice Date, by which Opt-Out Requests must be submitted.

30.     "Opt-Out List" means the list compiled by the Class Action Settlement Administrator, identifying those members of the Class who properly and timely submit a request for exclusion from the Class.

31.     "Parties" means Plaintiffs and Behr, as each of those terms is defined in this Agreement.

32.     "Plaintiffs" means Kathleen Bishop, Nancy Graf, Jeanne Haman, Tom Paul, Mark Sumpter, Darin Richey, Bruce Tobey, Thomas Noftzger, Aaron Amborn, Laurie McCall, Zenas Whitehead, Stacey Clow, Aaron Corneail, Joel Darby, James Droge, Deborah Durda, William Elger, Anne Gober, Bruce Hultmark, Janice Huskey, Paula Kastanis, Erik Lagesen, Brian Lange, Glen Meyers, Philip Ross, Diane Stricklin, Ronald Stricklin, Charles Weygant, Heather Wood, David Wormwood, Bryon Zablotny, Kathie Hensley and Judy Anderson.

33.     "Plaintiffs' Co-Lead Counsel" means certain counsel for Plaintiffs in the Action, collectively:  Katrina Carroll of Lite DePalma Greenberg, LLC; Daniel Herrera of Cafferty Clobes Meriwether and Sprengel LLP; Eric Gibbs of Gibbs Law Group LLP; and Joseph G. Sauder of Sauder Schelkopf LLC.

34.     "Plaintiffs' Class Counsel" means additional counsel for Plaintiffs in the Action, collectively:  The Malone Firm, Barrack, Rodos & Bacine, Chimicles & Tikellis LLP,

Kohn, Swift & Graf, P.C. Robins Kaplan LLP, MLG Automotive Law, APLC, The Ozzello Practice PC, Emerson Scott, LLP, Johnson Firm, and Rock Law LLP.

35. "Preliminary Approval Order" means the Order to be entered by the Court preliminarily approving the Settlement as outlined in Section X of this Agreement and in substantially the same form as Exhibit C hereto.

36. "Publication Notice" means the publication notice program described in Section VI. The Publication Notice will be created by the Class Action Settlement Administrator for appropriate publications in consultation with Plaintiffs' Co-Lead Counsel and Defendants' Counsel.

37. "Release" means the release and waiver set forth in Section IX of this Agreement and in the Final Order and Final Judgment.

38. "Released Parties" or "Released Party" means Behr and each of its past, present and future parents, predecessors, successors, spin-offs, assigns, holding companies, joint-ventures and joint-venturers, partnerships and partners, members, divisions, stockholders, bondholders, subsidiaries, related companies, affiliated entities, officers, directors, employees, associates, dealers, representatives, suppliers, vendors, advertisers, service providers, distributors and sub-distributors, agents, insurers, attorneys, administrators, advisors, principals, independent contractors, investors, owners, and any others who may have acted or been claimed to have acted in concert with them, or who may be liable or who might be claimed to be liable; and Home Depot and each of its past, present and future parents, predecessors, successors, spin-offs, assigns, holding companies, joint-ventures and joint-venturers, partnerships and partners, members, divisions, stockholders, bondholders, subsidiaries, related companies, affiliated entities, officers, directors, employees, associates, dealers, representatives, suppliers, vendors,

advertisers, service providers, distributors and sub-distributors, agents, insurers, attorneys, administrators, advisors, principals, independent contractors, investors, owners, and any others who may have acted or been claimed to have acted in concert with them, or who may be liable or who might be claimed to be liable. The Parties expressly acknowledge that each of the foregoing is included as a Released Party even though not identified by name herein.

39. "Service Awards" means such funds as may be awarded by the Court to Plaintiffs to compensate them for their participation in the Action, as described in Section V of this Agreement.

40. "Settlement" means the settlement set forth in this Agreement.

B. Other capitalized terms used in this Agreement but not defined in this Section shall have the meanings ascribed to them elsewhere in this Agreement.

C. All terms defined in this Agreement have the definition asserted herein solely for the purposes of this Agreement.

D. The terms "he or she" and "his or her" include "it" or "its" where applicable.

E. The plural of any defined term includes the singular, and the singular of any defined term includes the plural, as the case may be.

## III. CERTIFICATION OF SETTLEMENT CLASS

A. The Parties stipulate to certification, for settlement purposes only, of a Class defined as follows:

> All persons and entities that, between September 1, 2012 and the date of Preliminary Approval, purchased DeckOver in the United States (or caused it to be purchased) and applied it (or caused it to be applied) to any property located in the United States owned or leased by the purchasing person or entity. Excluded from the Class are Defendants, and any entity in which Defendants have a controlling interest or which have a controlling interest in Defendants; Defendants' legal representatives, assigns and successors; and all judges who have presided over the Action and any member of the judges' immediate families.

B.     Solely for the purpose of implementing this Agreement and effectuating the Settlement, Behr stipulates to the Court entering an Order preliminarily certifying the Class, appointing Plaintiffs as representatives of the Class and appointing Plaintiffs' Co-Lead Counsel as counsel for the Class.

C.     Solely for the purpose of implementing this Agreement and effectuating the Settlement, Behr stipulates that Plaintiffs and Plaintiffs' Co-Lead Counsel meet the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3).

## IV.     SETTLEMENT RELIEF

A.     Subject to the terms of this Agreement, the following benefits will be available to Class Members:

1.     **Option 1 Refund:**  Class Members shall be entitled to receive a refund from Behr upon completion and submission to the Class Action Settlement Administrator of a Claim Form, substantially in the form of Exhibit A (subject to Court approval) that contains, among other things, the following information:

a.     The number of gallons of DeckOver purchased;

b.     The approximate square footage of the surface to which the DeckOver was applied;

c.     The price per gallon paid;

d.     Proof of purchase of DeckOver products consisting of any of the following: (i) receipts; (ii) a photograph of an opened DeckOver container that the Class Member affirms having purchased during the Class Period; (iii) a formula sticker or UPC label taken from a DeckOver container; or (iv) other competent proof; and

e.     Proof of a problem related to the performance of DeckOver.

Each Class Member who provides the information described above will receive a full refund.

Class Members who do not or cannot provide proof of purchase that contains the amount spent on DeckOver will be compensated at thirty dollars ($30.00) per gallon.

2. **Option 2 Damages:** In addition to receiving a refund, Class Members shall be entitled to receive compensation from Behr for property damage relating to the use of DeckOver as provided for in <u>either</u> Paragraph a <u>or</u> Paragraph b below.

a. Class Members shall be eligible to receive from Behr compensation for seventy-five percent (75%) of the amount paid by the Class Member to repair the claimed damage (provided that Behr shall not compensate the class Member in an amount in excess of six dollars ($6) per square foot of substrate damage) upon completion and submission to the Class Action Settlement Administrator of a Claim Form substantially in the form of Exhibit A (subject to Court approval) that contains the following information:

(1) The number of gallons of DeckOver purchased;

(2) The approximate square footage of the surface to which the DeckOver was applied;

(3) The price per gallon paid;

(4) Proof of purchase of DeckOver products consisting of (i) receipts; or (ii) a photograph of an opened DeckOver container that the Claimant affirms having purchased during the Class Period; or (iii) a formula sticker or UPC label taken from a DeckOver container; or (iv) other competent proof; and

(5) Proof of damage to a deck or other substrate relating to the performance of DeckOver and consisting of (i) an invoice or estimate from a contractor to address damage to a deck or other substrate; or (ii) a receipt for supplies or equipment used to repair damage to a deck or other substrate; or (iii) other competent proof.

b. Any Class Member who cannot provide the information in Paragraph 2(a)(5) above and attests that he or she repaired damage caused by DeckOver, and that

they therefore cannot provide estimates, invoices or receipts for repair work, shall be entitled to receive from Behr seventy-five percent (75%) of an amount equal to four dollars ($4) per square foot for the substrate's surface area.

        3.     **Alternative Dispute Resolution ("ADR"):** Any Class Member who is not satisfied with the relief available pursuant to Paragraphs 1 and 2 above may opt to participate in an ADR process by selecting ADR on the Claim Form or otherwise contacting the Class Action Settlement Administrator before the Claim Deadline. The Class Action Settlement Administrator will provide additional information regarding beginning the ADR process. ADR shall be conducted before Hon. Wayne Andersen (ret.) at JAMS, at Behr's expense and based upon written submissions only, unless the Class Member requesting ADR requests otherwise.

        B.     Any Class Member who has previously received compensation from Behr with respect to a claim relating to DeckOver shall be entitled to be compensated under this Agreement, but the amount that the Class Member previously received from Behr shall be subtracted from the amount that he, she or it would otherwise be entitled to receive under the Settlement. For example, a Class Member who would otherwise be entitled to receive $500 under the Agreement, but had previously received $400 from Behr as compensation with respect to a claim relating to DeckOver, would be entitled to receive $100 under the Settlement.

        C.     The Class Action Settlement Administrator in consultation with and with the agreement of Behr's Counsel and Plaintiffs' Co-Lead Counsel shall be responsible for, without limitation:

        1.     Establishing a process through which Class Members may submit claims for relief pursuant to this Section;

2. Receiving and maintaining any correspondence from members of the Class regarding claims for relief under this Section;

3. Forwarding all completed Claim Forms to Behr, Behr's Counsel and Plaintiffs' Co-Lead Counsel; and

4. Performing any and all duties and tasks required to administer the process of receipt and processing all claims made by any Class Member pursuant to this Agreement. The Parties further agree that neither the Parties, Plaintiffs' Co-Lead Counsel nor Behr's Counsel will send any notice to members of the Class that is not approved by the Court or is outside the Court-approved notice program, unless otherwise agreed to by the Parties.

D. If a member of the Class contacts Behr during the Claims Period regarding failure of a DeckOver product purchased during the Class Period, Behr shall direct any such member of the Class to the Class Action Settlement Administrator. Behr shall not compensate any such Class Member except through the Claims Program.

E. Behr will have the right to audit the claim forms. Behr will provide Plaintiffs' Co-Lead Counsel with the results of any audit, as well as any claim file or other documentation related to the audit. Behr's Counsel will meet and confer with Plaintiffs' Co-Lead Counsel regarding the results of any audit to determine whether and to what extent certain claimants should have their claims reduced or denied. Any disagreements between the Parties will be resolved by Hon. Wayne R. Andersen of JAMS at Behr's expense.

F. The Class Action Settlement Administrator will pay all claims as soon as reasonably practicable following the Final Effective Date.

## V. ATTORNEYS' FEES AND EXPENSES AND PLAINTIFFS' SERVICE AWARDS

A. Plaintiffs will apply for reasonable Service Awards for the time and efforts spent by Plaintiffs on tasks related to the Action. Each Plaintiff represented by Plaintiffs' Co-Lead

Counsel will request a Service Award equal to $2,000.00. Each Plaintiff represented by Plaintiffs' Class Counsel will request an award equal to $1,000.00. Behr's obligation to pay any such awards shall be limited to the amounts set forth in this Paragraph, and Behr shall be under no obligation to pay any amounts in excess of those amounts.

B.      Plaintiffs' Co-Lead Counsel will apply to the Court for an award of Attorneys' Fees and Expenses in the amount of one million five hundred thousand dollars ($1,500,000) plus 20% of the amount awarded to each Class Member (i.e., if the Class Member's claim is for one hundred dollars ($100), the Class Member will receive eighty dollars ($80) and Plaintiffs' Co-Lead Counsel will receive twenty dollars ($20)) for attorneys' fees and out-of-pocket expenses for time and expenses incurred in prosecuting this case and estimated time and expenses through the final implementation of this Settlement Agreement. Any award of Attorneys' Fees and Expenses shall be subject to Court approval. Behr's obligation to pay Attorneys' Fees and Expenses shall be limited to the one million five hundred thousand dollars ($1,500,000) set forth above, and Behr shall be under no obligation to pay any amounts in excess of that amount.

C.      Plaintiffs' Co-Lead Counsel shall have the sole authority and discretion to allocate any Court-awarded attorneys' fees and expenses amongst Plaintiffs' Co-Lead Counsel and additional Plaintiffs' Counsel.

D.      Behr shall pay any Service Awards and the one million five hundred thousand dollars ($1,500,000) in Attorneys' Fees and Expenses within thirty (30) days of the Final Effective Date.

## VI.    NOTICE TO THE CLASS

A.      Reasonable Notice and Administrative Costs, as agreed to by the Parties, shall be paid by Behr.

B.      Solely for the purpose of implementing this Agreement and effectuating the Settlement, the Parties stipulate that they will request the Court to appoint the Angeion Group as Class Action Settlement Administrator. Once approved by the Court, the Class Action Settlement Administrator will be an agent of the Court and will be subject to the Court's supervision and direction as circumstances may require. The Class Action Settlement Administrator shall use its best efforts to provide notice to the Class as described in this Agreement, the Preliminary Approval Order and as may be ordered by the Court.

C.      The Class Action Settlement Administrator shall send to each appropriate State and Federal official, the materials specified in 28 U.S.C. § 1715 and otherwise comply with its terms.

D.      **Components of Class Notice.** Class Notice shall be accomplished through a combination of Mailed Notice, Publication Notice, a Settlement Website, and other applicable forms of notice, each of which is described below, as specified in the Preliminary Approval Order and this Agreement and in order to comply with all applicable laws, including but not limited to, Fed. R. Civ. P. 23, the Due Process Clause of the United States Constitution, and any other applicable statute, law or rule.

1.      **Mailed Notice.** Beginning not later than thirty (30) days after Preliminary Approval, the Class Action Settlement Administrator shall send the Mailed Notice, substantially in the form attached hereto as Exhibit B, by U.S. Mail, proper postage prepaid, to members of the Class for whom a mailing address exists in Behr's records. The Parties agree to work cooperatively to determine how to reasonably provide additional direct mail notice to members of the Class by exploring other reasonably accessible potential sources of DeckOver purchaser information. The Class Action Settlement Administrator shall send the Mailed Notice,

substantially in the form attached hereto as Exhibit B, by email to members of the Class for whom an email address, but not a mailing address, exists in Behr's records, which shall be supplied solely to the Class Action Settlement Administrator. In addition, the Class Action Settlement Administrator shall: (a) re-mail any notices returned by the United States Postal Service with a forwarding address and (b) by itself or using one or more address research firms, as soon as practicable following receipt of any returned notices that do not include a forwarding address, research such returned mail for better addresses and promptly mail copies of the applicable notice to any better addresses so found or email the Mailed Notice to members of the Class for whom Behr has an email address and an updated mailing address cannot be found.

        2.      **Settlement Website.** Prior to sending the first Mailed Notice, the Class Action Settlement Administrator shall establish a Settlement Website that will inform members of the Class of the terms of this Agreement, their rights, dates and deadlines and related information. The Settlement Website shall include, in .pdf format, materials agreed upon by the Parties and/or required by the Court, including a Long Form Notice, which shall be in substantially the same form as Exhibit D.

        3.      **Publication Notice.** The Class Action Settlement Administrator will cause Publication Notice to be published in accordance with a schedule and plan submitted by the Class Action Settlement Administrator to the Court.

        4.      **Toll-Free Telephone Number.** Prior to sending the first Mailed Notice, the Class Action Settlement Administrator shall establish a toll-free telephone number that will provide Settlement-related information to members of the Class.

        E.      The Class Action Settlement Administrator may make appropriate modifications to the Notice Plan and Class Notice described in this Section and the Exhibits to this Agreement

that have been approved by Behr, Plaintiffs' Co-Lead Counsel and the Court, and are consistent with Due Process and the terms of this Section. The Class Action Settlement Administrator may request the assistance of the Parties to facilitate Class Notice and to accomplish such other purposes as may be approved by Behr's Counsel and Plaintiffs' Counsel. The Parties shall reasonably cooperate with such requests.

F.     No notices of any kind shall be sent to members of the Settlement Class other than the Class Notice specified in this Agreement and agreed to by the Parties.

## VII.    REQUESTS FOR EXCLUSION

A.     Any member of the Class who wishes to be excluded from the Class must mail a written request for exclusion to the Class Action Settlement Administrator at the address provided in the Class Notice and the Settlement Website postmarked no later than the Opt-Out Deadline, specifying that they wish to be excluded from the Settlement and otherwise complying with the terms stated in the Preliminary Approval Order.

B.     The Class Action Settlement Administrator shall forward copies of any written requests for exclusion to Plaintiffs' Co-Lead Counsel and Behr's Counsel. A list reflecting all requests for exclusion shall be filed with the Court by the Class Action Settlement Administrator no later than fourteen days before the date of the Fairness Hearing.

C.     If a potential Class Member files a request for exclusion, he or she may not file an objection under Section VII.

D.     A member of the Class may opt-out on an individual basis only. So-called "mass" or "class" opt-outs, whether filed by third parties on behalf of a "mass" or "class" of class members or multiple class members where no personal statement has been signed by each and every individual class member, shall not be allowed.

E.     Any member of the Class who does not file a timely written request for exclusion as provided in this Section shall be bound by all subsequent proceedings, orders and judgments, including, but not limited to, the Release, Final Order and Final Judgment in the Action, even if he, she or it has litigation pending or subsequently initiates litigation against Behr or Home Depot relating to the claims and transactions released in the Action. Behr's Counsel shall provide to the Class Action Settlement Administrator, within ten (10) days of the entry of the Preliminary Approval Order, a list of all counsel for anyone who has then-pending litigation against Behr or Home Depot relating to DeckOver and/or otherwise covered by the Release.

## VIII.   OBJECTIONS TO SETTLEMENT

A.     Any Class Member who has not filed a timely written request for exclusion and who wishes to object to the fairness, reasonableness or adequacy of this Agreement or the proposed Settlement, the award of Attorneys' Fees and Expenses or the Service Awards to Plaintiffs must deliver to Plaintiffs' Co-Lead Counsel and to Behr's Counsel and file with the Court by the Objection Deadline a written statement of their objections.

B.     An objection must include (1) the full name and current address and telephone number of the Class Member; (2) the location of the deck or other substrate to which DeckOver purchased by the Class Member was applied, if different from the current address; (3) proof that the Class Member purchased DeckOver during the Class Period; (4) a statement of the amount of DeckOver purchased (in gallons or dollars); (5) all of the Class Member's objections, the reasons therefor, and all supporting papers, including, without limitation, all briefs, written evidence, and declarations; (6) a statement of whether the Class Member intends to appear at the Final Approval Hearing; and (7) the Class Member's signature and the signature of any attorney representing the Class Member. Neither an objection signed by counsel alone nor any "mass" or "class" objections shall be valid. In addition, any Class Member objecting to the settlement shall

provide a detailed list of any other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court, whether state, federal, or otherwise, in the United States in the previous five years. If the Class Member or his or her counsel has not made any such prior objection, the Class member shall affirmatively so state in the written materials provided with the objection.

C.      Any Class Member who files and serves a written objection, as described in the preceding Paragraph, may appear at the Fairness Hearing, either in person or through personal counsel hired at the Class Member's expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the proposed Settlement, or to the award of Attorneys' Fees and Expenses or the Service Awards to Plaintiffs. Class Members or their attorneys who intend to make an appearance at the Fairness Hearing must deliver a notice of intention to appear to Plaintiffs' Co-Lead Counsel and Behr's Counsel, and file said notice with the Court, on a date ordered by the Court.

D.      Any Class Member who fails to comply with the provisions of Paragraphs B or C above shall waive and forfeit any and all rights he or she may have to appear separately and/or to object, and shall be bound by all the terms of this Agreement and by all proceedings, orders and judgments, including, but not limited to, the Release, the Final Order and the Final Judgment in the Action. The exclusive means for any challenge to this Settlement shall be through the provisions of this Section. Without limiting the foregoing, any challenge to the Settlement, Final Approval Order or Final Judgment shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through any collateral attack.

E.      Any Class Member who objects to the Settlement shall be entitled to all of the benefits of the Settlement if this Agreement and the terms contained herein are approved, as long

as the objecting Class Member complies with all requirements of this Agreement applicable to Class Members.

## IX.    RELEASE

A.    The Parties agree to the following Release, which shall take effect upon entry of the Final Order and Final Judgment.

B.    In consideration of the Settlement, Plaintiffs and each Class Member, on behalf of themselves and any other legal or natural persons who may claim by, through or under them, agree to fully, finally and forever release, relinquish, acquit, discharge and hold harmless the Released Parties from any and all claims, demands, suits, petitions, liabilities, causes of action, rights, and damages of any kind and/or type regarding the subject matter of the Action, including, but not limited to, compensatory, exemplary, punitive, expert and/or attorneys' fees or by multipliers, whether past, present, or future, mature, or not yet mature, known or unknown, suspected or unsuspected, contingent or non-contingent, derivative or direct, asserted or un-asserted, whether based on federal, state or local law, statute, ordinance, regulation, code, contract, common law, or any other source, or any claim of any kind related arising from, related to, connected with, and/or in any way involving the Action, and the marketing, sale, application or manufacture of any DeckOver product by Behr (or the marketing, sale, application or manufacture of any DeckOver product by Home Depot) during the Class Period, in any manner that was, or could have been, defined, alleged or described in the Action or any amendments of the Action. The Parties explicitly agree that this Release shall bind each Class Member, whether or not that Class Member claims and/or receives compensation under the Agreement.

C.    Notwithstanding the foregoing, Plaintiffs and Class Members are not releasing claims relating to Behr's performance of the obligations imposed upon it by virtue of this Agreement, or its compliance with the terms of this Agreement.

D.      The Final Order and Final Judgment will reflect these terms.

E.      Plaintiffs and Class Members expressly agree that this Release, the Final Order, and the Final Judgment is, will be, and may be raised as a complete defense to, and will preclude any action or proceeding encompassed by, this Release.

F.      Plaintiffs and Class Members shall not now or hereafter institute, maintain, prosecute, assert, and/or cooperate in the institution, commencement, filing, or prosecution of any suit, action, and/or proceeding, against the Released Parties, either directly or indirectly, on their own behalf, on behalf of a class or on behalf of any other person or entity with respect to the claims, causes of action and/or any other matters released through this Settlement.

G.      In connection with this Agreement, Plaintiffs and Class Members acknowledge that they may hereafter discover claims presently unknown or unsuspected, or facts in addition to or different from those that they now know or believe to be true concerning the subject matter of the Action and/or the Release herein. Nevertheless, it is the intention of Plaintiffs and Class Members in executing this Agreement fully, finally and forever to settle, release, discharge, and hold harmless all such matters, and all claims relating thereto which exist, hereafter may exist, or might have existed (whether or not previously or currently asserted in any action or proceeding) with respect to the Action, except as otherwise stated in this Agreement.

H.      Plaintiffs expressly understand and acknowledge, and all Plaintiffs and Class Members will be deemed by the Final Order and Final Judgment to acknowledge and waive Section 1542 of the Civil Code of the State of California, which provides that:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs and Class Members expressly waive and relinquish any and all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542 of the California Civil Code, or any other law of any state or territory that is similar, comparable or equivalent to Section 1542, to the fullest extent they may lawfully waive such rights.

I.      Plaintiffs represent and warrant that they are the sole and exclusive owners of all claims that they are releasing under this Agreement. Plaintiffs further acknowledge that they have not assigned, pledged, conveyed, hypothecated or in any manner whatsoever, sold, transferred, assigned, subrogated or encumbered any right, title, interest or claim arising out of or in any way whatsoever pertaining to the Action, including without limitation, any claim for benefits, proceeds or value under the Action and that Plaintiffs are not aware of anyone other than themselves claiming any interest, in whole or in part, in the Action or in any benefits, proceeds or values under the Action. Class Members receiving payments pursuant to this Agreement shall, by participating in this Settlement, represent and warrant that they are the sole and exclusive owner of all claims that they are releasing under the Settlement and that they have not assigned, pledged, conveyed, hypothecated or in any manner whatsoever, sold, transferred, assigned, subrogated or encumbered any right, title, interest or claim arising out of or in any way whatsoever pertaining to the Action, including without limitation, any claim for benefits, proceeds or value under the Action, and that such Class Member(s) are not aware of anyone other than themselves claiming any interest, in whole or in part, in the Action or in any benefits, proceeds or values under the Action.

J.      Without in any way limiting its scope, and, except to the extent otherwise specified in the Agreement, this Release covers by example and without limitation, any and all claims for attorneys' fees, attorneys' liens, costs, expert fees, or consultant fees, interest, or

litigation fees, costs or any other fees, costs, and/or disbursements incurred by, Plaintiffs' Co-Lead Counsel, any other attorneys who receive attorneys' fees and costs allocated by Plaintiffs' Co-Lead Counsel.

K.       In consideration for the Settlement, Behr and its past or present officers, directors, employees, agents, attorneys, predecessors, successors, affiliates, subsidiaries, divisions, and assigns as well as Home Depot and its past or present officers, directors, employees, agents, attorneys, predecessors, successors, affiliates, subsidiaries, divisions, and assigns shall be deemed to have, and by operation of the Final Approval Order shall have, released Plaintiffs' Co-Lead Counsel and each current and former Plaintiff from any and all causes of action that were or could have been asserted pertaining solely to the conduct in filing and prosecuting the litigation or in settling the Action.

L.       Plaintiffs and Plaintiffs' Co-Lead Counsel acknowledge that they have conducted sufficient independent investigation and discovery to enter into this Settlement Agreement and, by executing this Settlement Agreement, state that they have not relied upon any statements or representations made by the Released Parties or any person or entity representing the Released Parties, other than as set forth in this Settlement Agreement.

M.       Nothing in this Release shall preclude any action to enforce the terms of the Agreement, including participation in any of the processes detailed herein.

N.       Plaintiffs and Plaintiffs' Co-Lead Counsel hereby agree and acknowledge that (i) the provisions of this Release are applicable to Home Depot and each of its past, present and future parents, predecessors, successors, spin-offs, assigns, holding companies, joint-ventures and joint-venturers, partnerships and partners, members, divisions, stockholders, bondholders, subsidiaries, related companies, affiliated entities, officers, directors, employees, associates,

dealers, representatives, suppliers, vendors, advertisers, service providers, distributors and sub-distributors, agents, insurers, attorneys, administrators, advisors, principals, independent contractors, investors, owners, and any others who may have acted or been claimed to have acted in concert with them, or who may be liable or who might be claimed to be liable, and (ii) Home Depot and the foregoing entities are third party beneficiaries with respect to this Release.

O.  Plaintiffs and Plaintiffs' Co-Lead Counsel hereby agree and acknowledge that the provisions of this Release together constitute an essential and material term of the Agreement and shall be included in any Final Order and Final Judgment entered by the Court.

## X.  PRELIMINARY APPROVAL ORDER, FINAL ORDER, FINAL JUDGMENT AND RELATED ORDERS

A.  The Plaintiffs shall seek from the Court, within a reasonable time after the execution of this Agreement, a Preliminary Approval Order, substantially in the form of Exhibit C hereto (subject to Court approval). The Preliminary Approval Order shall, among other things:

1.  Preliminarily approve the Settlement;

2.  Require the dissemination of the Class Notice and the taking of all necessary and appropriate steps to accomplish this task;

3.  Determine that the Class Notice complies with all legal requirements, including, but not limited to, Fed. R. Civ. P. 23 and the Due Process Clause of the United States Constitution;

4.  Schedule a date and time for a Fairness Hearing to determine whether the Settlement should be finally approved by the Court;

5.  Require that members of the Class who wish to exclude themselves to submit an appropriate and timely written request for exclusion as directed in this Agreement and that a failure to do so shall bind those Class Members who remain in the Class;

6.      Require Class Members who wish to appear to object to this Agreement to submit an appropriate and timely written statement as directed in the Agreement;

7.      Require attorneys representing Class Members, at the Class Members' expense, to file a notice of appearance as directed in this Agreement;

8.      Issue a preliminary injunction enjoining potential Class Members, pending the Court's determination of whether the Settlement should be given final approval, from challenging in any action or proceeding any matter covered by this Settlement, except for proceedings in this Court to determine whether the Settlement will be given final approval;

9.      Appoint the Class Action Settlement Administrator;

10.     Authorize Behr to take all necessary and appropriate steps to establish the means necessary to implement the Agreement; and

11.     Issue other related Orders to effectuate the preliminary approval of the Agreement.

B.      After the Fairness Hearing, the Parties and Home Depot shall seek to obtain from the Court a Final Order and Final Judgment. The Final Order and Final Judgment shall, among other things:

1.      Find that the Court has personal jurisdiction over all Plaintiffs and Class Members, that the Court has subject matter jurisdiction over the claims asserted in the Action, and that venue is proper;

2.      Finally approve the Agreement and Settlement, pursuant to Fed. R. Civ. P. 23;

3.      Finally certify the Class for settlement purposes only;

4. Find that the notice and the notice dissemination methodology complied with all laws, including, but not limited to, Fed. R. Civ. P. 23 and the Due Process Clause of the United States Constitution;

5. Dismiss the Action with prejudice and without costs (except as provided for herein as to costs);

6. Incorporate the Release set forth in the Agreement and make the Release effective as of the date of the Final Order and Final Judgment;

7. Issue a permanent injunction enjoining Class Members from challenging in any action or proceeding any matter covered by this Settlement;

8. Authorize the Parties to implement the terms of the Agreement;

9. Retain jurisdiction relating to the administration, consummation; enforcement, and interpretation of the Agreement, the Final Order and Final Judgment, and for any other necessary purpose; and

10. Issue related Orders to effectuate the final approval of the Agreement and its implementation.

## XI.   MODIFICATION OR TERMINATION OF THIS AGREEMENT

A. Within fifteen (15) days after the occurrence of any of the following events and upon written notice to counsel for all Parties, the Parties shall have the right to withdraw from the Settlement and terminate this Agreement:

1. If the Court fails to approve the Agreement as written or if on appeal the Court's approval is reversed or modified;

2. If the Court materially alters any of the terms of the Agreement, except that a reduction in an award of Attorneys' Fees and Expenses or Plaintiffs' Service Awards shall not be deemed to be a material alteration; or

3.      If the Preliminary Approval Order or the Final Order and Judgment is not entered by the Court or is reversed or modified on appeal, or otherwise fails for any reason. In the event of a withdrawal pursuant to this Paragraph, any certification of a Class for purposes of settlement will be vacated, without prejudice to the position of any Party and Home Depot on the issue of class certification and the amenability of the claims asserted in the Action to class treatment, and the Parties and Home Depot shall be restored to their litigation position existing immediately before the execution of this Agreement.

B.      If members of the Class properly and timely submit requests for exclusion from the Class as set forth in Section VII, thereby becoming Opt-Outs, and are in a number more than the confidential number submitted to the Court by the Parties under seal, then at its sole election, Behr may withdraw from the Settlement and terminate this Agreement. In that event, all of Behr's obligations under this Agreement shall cease to be of any force and effect, and the Parties and Home Depot shall be restored to their litigation position existing immediately before the execution of this Agreement. In order to elect to withdraw from the Settlement and terminate this Agreement on the basis set forth in this Paragraph, Behr must notify Plaintiffs' Co-Lead Counsel in writing of its election to do so within ten (10) business days after the Opt-Out List has been served on the Parties. In the event that Behr exercises such right, Plaintiffs' Co-Lead Counsel shall have twenty (20) business days or such longer period as agreed to by the Parties to address the concerns of the Opt-Outs. If through such efforts the total number of members of the Opt-Out List subsequently becomes and remains fewer than the number of Class Members submitted to the Court under seal at the time of filing the Motion For Preliminary Approval, Behr shall withdraw its election to withdraw from the Settlement and terminate the Agreement. In no event, however, shall Behr have any further obligation under this Agreement to any Opt-Out unless

such Class Member withdraws his/her request for exclusion. For purposes of this Paragraph, Opt-Outs shall not include (i) persons who are specifically excluded from the Class; (ii) Class Members who elect to withdraw their request for exclusion and (iii) Opt-Outs who agree to sign an undertaking that they will not pursue an individual claim, class claim or any other claim that would otherwise be a Released Claim as defined in this Agreement.

C.      In the event of withdrawal by Behr in accordance with the terms set forth in Paragraphs A and B above, the Agreement shall be null and void, shall have no further force and effect with respect to Home Depot and any party in any action listed in Appendix 1, and shall not be offered in evidence or used in any litigation for any purpose, including the existence, certification or maintenance of any proposed or existing class or the amenability of these or similar claims to class treatment. In the event of such withdrawal, this Agreement and all negotiations, proceedings, documents prepared and statements made in connection herewith shall be without prejudice to Behr, Home Depot, Plaintiffs, Class Members and all Parties, and shall not be deemed or construed to be an admission or confession in any way by any Party or Home Depot of any fact, matter or proposition of law and shall not be used in any manner for any purpose, and Home Depot and the Parties to the Action shall stand in the same position as if this Agreement had not been negotiated, made or filed with the Court. In the event of such withdrawal, Defendants expressly reserve the right to challenge and object to the factual allegations and legal claims of Plaintiffs, including without limitation that the requirements of Fed. R. Civ. P. 23 have been satisfied.

## XII.    GENERAL MATTERS AND RESERVATIONS

A.      Behr and Home Depot have denied and continue to deny each and all of the claims and contentions alleged in the Action and have denied and continue to deny that they have committed any violation of law or engaged in any wrongful act that was alleged or that could

have been alleged in the Action. Behr and Home Depot believe that they have valid and complete defenses to the claims asserted against them in the Action and deny that they committed any violations of law, engaged in any unlawful act or conduct or that there is any basis for liability for any of the claims that have been, are or might have been alleged in the Action. Nevertheless, Behr and Home Depot have concluded that it is desirable that the Action be fully and finally settled in the matter and upon the terms and conditions set forth in this Agreement.

B.     The obligation of the Parties to conclude the proposed Settlement is and shall be contingent upon each of the following:

1.     Entry by the Court of the Final Order and Final Judgment approving the Settlement, from which the time to appeal has expired or which has remained unmodified after any appeal(s); and

2.     Any other conditions stated in this Agreement.

C.     Plaintiffs, Behr and their counsel agree to keep the existence and contents of this Agreement confidential until the date on which the Motion for Preliminary Approval is filed; provided, however, that this Section shall not prevent (i) Behr from disclosing such information, prior to the date on which the Motion for Preliminary Approval is filed, to state and federal agencies, independent accountants, actuaries, advisors, financial analysts, insurers or in house attorneys; (ii) the Parties and their counsel from disclosing such information to persons or entities (such as experts, courts, co-counsel, and/or administrators) to whom the Parties agree disclosure must be made in order to effectuate the terms and conditions of this Agreement; and (iii) Behr and/or Plaintiffs disclosing this Agreement and the contents of this Agreement to any Party or Released Party.

D.     Plaintiffs and Plaintiffs' Co-Lead Counsel agree that any and all confidential information made available to them solely through the settlement process was made available on the condition that neither Plaintiffs nor Plaintiffs' Co-Lead Counsel may disclose it to third parties (other than experts or consultants retained by Plaintiffs in connection with the Actions); that it not be the subject of public comment; that it not be used by Plaintiffs or Plaintiffs' Co-Lead Counsel in any way in this litigation or otherwise should the Settlement not be achieved, and that it is to be returned if a Settlement is not concluded; provided, however, that nothing contained herein shall prohibit Plaintiffs from seeking such information through formal discovery if not previously requested through formal discovery or from referring to the existence of such information in connection with the Settlement of the Action.

E.     Information provided by Behr or Behr's Counsel to Plaintiffs, Plaintiffs' Co-Lead Counsel, any individual Class Member, counsel for any individual Class Member and/or administrators, pursuant to the negotiation and implementation of this Agreement, includes trade secrets and highly confidential and proprietary business information and shall be deemed "Confidential" pursuant to the protective orders that have been or will be entered in the Action, and shall be subject to all of the provisions thereof. Any materials inadvertently produced shall, upon Behr's request, be promptly returned to Behr's Counsel, and there shall be no implied or express waiver of any privileges, rights and defenses.

F.     Within ninety (90) days after the Final Effective Date (unless the time is extended by agreement of the Parties), Plaintiffs' Co-Lead Counsel and any expert or other consultant employed by them in such capacity or any other individual with access to documents provided by Behr and/or its Counsel, to Plaintiffs' Co-Lead Counsel shall either: (1) return to Behr's Counsel all such documents and materials (and all copies of such documents in whatever form

made or maintained) produced during the settlement process by Behr and/or its Counsel, and any and all handwritten notes summarizing, describing or referring to such documents; or (2) certify to Behr's Counsel that all such documents and materials (and all copies of such documents in whatever form made or maintained) and any and all handwritten notes summarizing, describing or referring to such documents have been destroyed, provided, however, that this Section shall not apply to any documents made part of the record in connection with a Claim, nor to any documents made part of a Court filing, nor to Plaintiffs' Co-Lead Counsel's work product.

G. Six (6) months after the completion of the Claims Process, the Class Action Settlement Administrator shall destroy or return all documents and materials to Behr and/or Behr's Counsel and/or Plaintiffs' Co-Lead Counsel that produced the documents and materials, except that it shall not destroy any and all information and/or documentation submitted by Class Members. Nothing in this Agreement shall affect any confidentiality order or protective order in the Action.

H. Behr's execution of this Agreement shall not be construed to release – and Behr expressly does not intend to release – any claim Behr may have or make against any insurer for any cost or expense incurred in connection with this Settlement, including, without limitation, for attorneys' fees and costs.

I. Plaintiffs' Co-Lead Counsel represent that: (1) they are authorized by the Plaintiffs to enter into this Agreement with respect to the claims in the Action; and (2) they are seeking to protect the interests of the Class.

J. Plaintiffs' Co-Lead Counsel further represent that the Plaintiffs: (1) have agreed to serve as representatives of the Class proposed to be certified herein; (2) are willing, able and ready to perform all of the duties and obligations of representatives of the Class, including, but

not limited to, being involved in discovery and fact finding; (3) have read the pleadings in the Action, or have had the contents of such pleadings described to them; (4) are familiar with the results of the fact-finding undertaken by Plaintiffs' Co-Lead Counsel; (5) have been kept apprised of settlement negotiations among the Parties, and have either read this Agreement, including the exhibits annexed hereto, or have received a detailed description of it from Plaintiffs' Co-Lead Counsel and they have agreed to its terms; (6) have consulted with Plaintiffs' Co-Lead Counsel about the Action and this Agreement and the obligations imposed on representatives of the Class; (7) have authorized Plaintiffs' Co-Lead Counsel to execute this Agreement on their behalf; and (8) shall remain and serve as representatives of the Class until the terms of this Agreement are effectuated, this Agreement is terminated in accordance with its terms, or the Court at any time determines that said Plaintiffs cannot represent the Class.

K.     The Parties acknowledge and agree that no opinion concerning the tax consequences of the proposed Settlement to Class Members is given or will be given by the Parties nor are any representations or warranties in this regard made by virtue of this Agreement. Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

L.     Behr represents and warrants that each individual executing this Agreement on behalf of Behr is authorized to enter into this Agreement on behalf of Masco Corporation, Behr Process Corporation, or Behr Paint Corp., as applicable.

M.     This Agreement, complete with its exhibits, sets forth the sole and entire agreement between and among the Parties with respect to its subject matter, and it may not be altered, amended or modified except by written instrument executed by Plaintiffs' Co-Lead

Counsel and Behr's Counsel. The Parties expressly acknowledge that no agreements, arrangements or understandings not expressed in this Agreement exist among or between them and that in deciding to enter into this Agreement, they rely solely upon their judgment and knowledge. This Agreement supersedes any prior agreements, understandings, or undertakings (written or oral) by and between the Parties regarding the subject matter of this Agreement.

N.      This Agreement and any amendments thereto shall be governed by and interpreted according to the substantive law of the State of Illinois notwithstanding its conflict of law provisions.

O.      Any disagreement regarding and/or action to enforce this Agreement shall be commenced and maintained only in the United States District Court for the Northern District of Illinois.

P.      Plaintiffs, Plaintiffs' Co-Lead Counsel, and Behr's Counsel hereby agree not to issue any press releases regarding this Settlement or publicize it in any way and further agree not to engage in any communications with the media or the press, on the internet, or in any public forum, orally or in writing, that relate to this Settlement or the Litigation other than statements that are fully consistent with the Class Notice.

Q.      Whenever this Agreement requires or contemplates that one of the Parties shall or may give notice to the other, notice shall be provided by e-mail and/or next-day (excluding Saturdays, Sundays and Federal Holidays) express delivery service as follows:

   If to Behr, then to:

     Mark S. Mester, Esq.
     Kathleen P. Lally, Esq.
     Latham & Watkins LLP
     330 North Wabash Avenue, Suite 2800
     Chicago, Illinois 60611

Telephone: 312-876-7700
Facsimile: 312-993-9767

If to Plaintiffs, then to:

Katrina Caroll
Lite DePalma Greenberg
211 W Wacker Drive
Chicago, Illinois 60606
Telephone: 312-750-1265
Facsimile: 312-212-5919

Joseph G. Sauder
Sauder I Schelkopf
555 Lancaster Avenue
Berwyn, Pennsylvania 19312
Telephone: 888-711-9975
Facsimile: 610-421-1326

If to Home Depot, then to:

Robert P. Alpert, Esq.
Jeffrey K. Douglass, Esq.
Morris, Manning & Martin, L.L.P.
1600 Atlanta Financial Center
3343 Peachtree Road, NE
Atlanta, Georgia 30326
Telephone: 404-223-7000
Facsimile: 404-36509532

R.     All time periods set forth herein shall be computed in calendar days unless

otherwise expressly provided. In computing any period of time prescribed or allowed by this

Agreement or by order of the Court, the day of the act, event, or default from which the

designated period of time begins to run shall not be included. The last day of the period so

computed shall be included, unless it is a Saturday, a Sunday or a Federal Holiday, or, when the

act to be done is the filing of a paper in court, a day on which weather or other conditions have

made the office of the clerk of the court inaccessible, in which event the period shall run until the

end of the next day that is not one of the aforementioned days. As used in this Section, "Federal

Holiday" includes New Year's Day, Birthday of Martin Luther King, Jr., Presidents' Day,

Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day, Patriot's Day, Thanksgiving Day, Christmas Day, and any other day appointed as a holiday by the President, the Congress of the United States or the Clerk of the United States District Court for the Northern District of Illinois.

S.     The Parties reserve the right, subject to the Court's approval, to agree to any reasonable extensions of time that might be necessary to carry out any of the provisions of this Agreement.

T.     The Class, Plaintiffs, Plaintiffs' Co-Lead Counsel, Behr and/or Behr's Counsel shall not be deemed to be the drafter of this Agreement or of any particular provision, nor shall they argue that any particular provision should be construed against its drafter. The Parties agree that this Agreement was drafted by counsel for the Parties during extensive arm's length negotiations. No parol or other evidence may be offered to explain, construe, contradict or clarify its terms, the intent of the Parties or their counsel, or the circumstances under which this Agreement was made or executed.

U.     The Parties expressly acknowledge and agree that this Agreement and its exhibits, along with all related drafts, motions, pleadings, conversations, negotiations and correspondence, constitute an offer of compromise and a compromise within the meaning of Federal Rule of Evidence 408 and any equivalent rule of evidence in any state. In no event shall this Agreement, any of its provisions or any negotiations, statements or court proceedings relating to its provisions in any way be construed as, offered as, received as, used as, or deemed to be evidence of any kind in the Action, any other action, or in any judicial, administrative, regulatory or other proceeding, except in a proceeding to enforce this Agreement or the rights of the Parties or their counsel. Without limiting the foregoing, neither this Agreement nor any related negotiations,

statements, or court proceedings shall be construed as, offered as, received as, used as or deemed to be evidence or an admission or concession of any liability or wrongdoing whatsoever on the part of any person or entity, including, but not limited to, the Released Parties, Plaintiffs, or the Class or as a waiver by the Released Parties, Plaintiffs or the Class of any applicable privileges, claims or defenses.

V.     The Parties, their successors and assigns, and their counsel undertake to implement the terms of this Agreement in good faith, and to use good faith in resolving any disputes that may arise in the implementation of the terms of this Agreement.

W.     The waiver by one Party of any breach of this Agreement by another Party shall not be deemed a waiver of any prior or subsequent breach of this Agreement.

X.     If one Party to this Agreement considers another Party to be in breach of its obligations under this Agreement, that Party must provide the breaching Party with written notice of the alleged breach and provide a reasonable opportunity to cure the breach before taking any action to enforce any rights under this Agreement.

Y.     The Parties, their successors and assigns, and their counsel agree to cooperate fully with one another in seeking Court approval of this Agreement and to use their best efforts to effect the prompt consummation of this Agreement and the proposed Settlement.

Z.     This Agreement may be signed with a facsimile signature and in counterparts, each of which shall constitute a duplicate original.

AA.     In the event any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision if Behr's Counsel, on behalf of Behr, and Plaintiffs' Co-Lead Counsel, on behalf of Plaintiffs and Class Members, mutually

agree in writing to proceed as if such invalid, illegal, or unenforceable provision had never been included in this Agreement. Any such agreement shall be reviewed and approved by the Court before it becomes effective.

*Agreed to on the date indicated below.*

APPROVED AND AGREED TO BY:

## PLAINTIFFS' CO-LEAD COUNSEL

Dated: 5/1/18

**CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**

By: _____

Bryan L. Clobes
1101 Market St., Suite 2650
Philadelphia, PA 19107
p 215.864.2800
f 215.864.2810
bclobes@caffertyclobes.com

*Attorneys for Plaintiffs Kathie Hensley and Judy Anderson*

Dated:

**LITE DEPALMA GREENBERG, LLC**

By: _____

Katrina Carroll
Ismael T. Salam
211 W. Wacker Drive, Suite 500
Chicago, Illinois 60606
Ph: (312) 750-1265
kcarroll@litedepalma.com
isalam@litedepalma.com

*Attorneys for Plaintiffs Kathleen Bishop, Nancy Graf, Jeanne Haman, Tom Paul and Mark Sumpter*

agree in writing to proceed as if such invalid, illegal, or unenforceable provision had never been included in this Agreement. Any such agreement shall be reviewed and approved by the Court before it becomes effective.

*Agreed to on the date indicated below.*

APPROVED AND AGREED TO BY:

**PLAINTIFFS' CO-LEAD COUNSEL**

Dated:                                          **CAFFERTY CLOBES MERIWETHER & SPRENGEL LLP**

By: _____

Bryan L. Clobes
1101 Market St., Suite 2650
Philadelphia, PA 19107
p 215.864.2800
f 215.864.2810
bclobes@caffertyclobes.com

*Attorneys for Plaintiffs Kathie Hensley and Judy Anderson*

Dated:                                          **LITE DEPALMA GREENBERG, LLC**

By: *Katrina Carroll*

Katrina Carroll
Ismael T. Salam
211 W. Wacker Drive, Suite 500
Chicago, Illinois 60606
Ph: (312) 750-1265
kcarroll@litedepalma.com
isalam@litedepalma.com

*Attorneys for Plaintiffs Kathleen Bishop, Nancy Graf, Jeanne Haman, Tom Paul and Mark Sumpter*

Dated: 5/1/18

**GIBBS LAW GROUP LLP**

By: _____

Eric H. Gibbs
David Stein
Amanda Karl
505 14th Street, Suite 1110
Oakland, CA 94612
Tel: (510) 350-9700
Fax: (510) 350-9701
ehg@classlawgroup.com
ds@classlawgroup.com
amk@classlawgroup.com

*Attorneys for Plaintiffs Amborn, McCall, Noftzger, Richey, Tobey, and Whitehead*

Dated:

**SAUDER SCHELKOPF**

By: _____

Joseph G. Sauder
555 Lancaster Avenue
Berwyn, PA 19312
610.200.0580
jgs@sstriallawyers.com

*Attorneys for Plaintiffs Kathie Hensley and Judy Anderson*

## PLAINTIFFS' CLASS COUNSEL

**THE MALONE FIRM, LLC**
Thomas B. Malone
1650 Arch Street
Suite 2501
Philadelphia, PA 19103

*Attorneys for Plaintiffs Kathie Hensley and Judy Anderson*

Dated:

**CHIMICLES & TIKELLIS LLP**

By: _____

Dated: 5/1/18

**GIBBS LAW GROUP LLP**

By: _____

Eric H. Gibbs
David Stein
Amanda Karl
505 14th Street, Suite 1110
Oakland, CA 94612
Tel: (510) 350-9700
Fax: (510) 350-9701
ehg@classlawgroup.com
ds@classlawgroup.com
amk@classlawgroup.com

*Attorneys for Plaintiffs Amborn, McCall, Noftzger,
Richey, Tobey, and Whitehead*

Dated: 5/1/18

**SAUDER SCHELKOPF**

By: _____

Joseph G. Sauder
555 Lancaster Avenue
Berwyn, PA 19312
610.200.0580
jgs@sstriallawyers.com

*Attorneys for Plaintiffs Kathie Hensley and Judy
Anderson*

**PLAINTIFFS' CLASS COUNSEL**

**THE MALONE FIRM, LLC**
Thomas B. Malone
1650 Arch Street
Suite 2501
Philadelphia, PA 19103

*Attorneys for Plaintiffs Kathie Hensley and Judy
Anderson*

Dated:

**CHIMICLES & TIKELLIS LLP**

By:_____

- 39 -

Dated:                                **GIBBS LAW GROUP LLP**

By: _____

Eric H. Gibbs
David Stein
Amanda Karl
505 14th Street, Suite 1110
Oakland, CA 94612
Tel: (510) 350-9700
Fax: (510) 350-9701
ehg@classlawgroup.com
ds@classlawgroup.com
amk@classlawgroup.com

*Attorneys for Plaintiffs Amborn, McCall, Noftzger, Richey, Tobey, and Whitehead*

Dated:                                **SAUDER SCHELKOPF**

By: _____

Joseph G. Sauder
555 Lancaster Avenue
Berwyn, PA 19312
610.200.0580
jgs@sstriallawyers.com

*Attorneys for Plaintiffs Kathie Hensley and Judy Anderson*

<u>**PLAINTIFFS' CLASS COUNSEL**</u>

**THE MALONE FIRM, LLC**
Thomas B. Malone
1650 Arch Street
Suite 2501
Philadelphia, PA 19103

*Attorneys for Plaintiffs Kathie Hensley and Judy Anderson*

Dated: April 30, 2018          **CHIMICLES & TIKELLIS LLP**

By: _____

Steven A. Schwartz
Benjamin F. Johns
Andrew W. Ferich
One Haverford Centre
361 West Lancaster Avenue
Haverford, PA 19041
Telephone: (610) 642-8500
Facsimile: (610) 649-3633
SAS@chimicles.com
BFJ@chimicles.com
AWF@chimicles.com

**MLG AUTOMOTIVE LAW, APLC**
Jonathan Michaels
Kathryn Harvey
2801 W. Coast Highway Suite 370
Newport Beach, CA 92663
Telephone: (949) 581-6900
Facsimile: (949) 581-6908
jmichaels@mlgautomotivelaw.com
kharvey@mlgautomotivelaw.com

*Attorneys for Plaintiffs Elger and Ross*

Dated:

**KOHN, SWIFT & GRAF, P.C.**

By: _____

Jonathan Shub
Kevin Laukaitis
One South Broad Street
Suite 2100
Philadelphia, Pennsylvania 19107
Ph: (215) 238-1700
jshub@kohnswift.com
klaukaitis@kohnswift.com

**LITE DEPALMA GREENBERG LLC**
Katrina Carroll
Ismael T. Salam
211 W. Wacker Drive, Suite 500
Chicago, Illinois 60606
Ph: (312) 750-1265
kcarroll@litedepalma.com
isalam@litedepalma.com

*Attorneys for Plaintiffs Gober, Wormwood,*
*Corneail, Weygant, Durda, Darby, and Zablotny*

Dated:                              **BARRACK, RODOS & BACINE**


By: _____

Stephen R. Basser
Samuel M. Ward
600 West Broadway, Suite 900
San Diego, CA 92101
Telephone: (619) 230-0800
Facsimile: (619) 230-1874
sbasser@barrack.com
sward@barrack.com

**THE OZZELLO PRACTICE PC**
Mark A. Ozzello
17383 W Sunset Blvd, Ste A380
Pacific Palisades, CA 90272
Telephone: (844) 774-2020
Facsimile: (310) 454-5970
mark@ozzellolaw.com

**EMERSON SCOTT, LLP**
John G. Emerson
830 Apollo Lane
Houston, TX 77058
Telephone: (281) 488-8854
Facsimile: (281) 488-8867
jemerson@emersonfirm.com

**JOHNSON FIRM**
Christopher D. Jennings
2226 Cottondale Ln., Suite #210
Little Rock, AR 72202
Telephone: (501) 777-7777
Facsimile: (888) 505-0909
chris@yourattorney.com


*Attorneys for Plaintiffs Kastanis, Lange, Wood,*
*Diane and Ronald Stricklin, Droge, Langesen,*
*Clow, Huskey, and Hultmark*

Dated:                              **ROBINS KAPLAN LLP**

By: _Michael F. Ram_

Michael F. Ram
Susan S. Brown
2440 West El Camino Real
Mountain View CA 94040
Tel: (650) 784-4040
Fax: (650) 784-4041

Dated: *May 1, 2019*

**BARRACK, RODOS & BACINE**

By: _____

Stephen R. Basser
Samuel M. Ward
600 West Broadway, Suite 900
San Diego, CA 92101
Telephone: (619) 230-0800
Facsimile: (619) 230-1874
sbasser@barrack.com
sward@barrack.com

**THE OZZELLO PRACTICE PC**
Mark A. Ozzello
17383 W Sunset Blvd, Ste A380
Pacific Palisades, CA 90272
Telephone: (844) 774-2020
Facsimile: (310) 454-5970
mark@ozzellolaw.com

**EMERSON SCOTT, LLP**
John G. Emerson
830 Apollo Lane
Houston, TX 77058
Telephone: (281) 488-8854
Facsimile: (281) 488-8867
jemerson@emersonfirm.com

**JOHNSON FIRM**
Christopher D. Jennings
2226 Cottondale Ln., Suite #210
Little Rock, AR 72202
Telephone: (501) 777-7777
Facsimile: (888) 505-0909
chris@yourattorney.com

*Attorneys for Plaintiffs Kastanis, Lange, Wood,
Diane and Ronald Stricklin, Droge, Langesen,
Clow, Huskey, and Hultmark*

Dated:

**ROBINS KAPLAN LLP**

By: _____

Michael F. Ram
Susan S. Brown
2440 West El Camino Real
Mountain View CA 94040
Tel: (650) 784-4040
Fax: (650) 784-4041

- 41 -

mram@robinskaplan.com
sbrown@robinskaplan.com

**ROCK LAW LLP**
Jeffrey B. Cereghino
Matt J. Malone
101 Montgomery Street, Suite 1800
San Francisco, California 94111
Tel: (415) 433-4949
jbc@rocklawcal.com
mjm@rocklawcal.com

*Attorneys for Plaintiff Meyers*

## **PLAINTIFFS**

BY:_____          DATE:_____
     KATHLEEN BISHOP


BY:_____          DATE:_____
     NANCY GRAF


BY:_____          DATE:_____
     JEANNE HAMAN


BY:_____          DATE:_____
     TOM PAUL


BY:_____          DATE:_____
     MARK SUMPTER


BY:_____          DATE:_____
     DARIN RICHEY


BY:_____          DATE:_____
     BRUCE TOBEY


BY:_____          DATE:_____
     THOMAS NOFTZGER


BY:_____          DATE:_____
     AARON AMBORN

BY:_____  DATE:_____
  LAURIE MCCALL

BY:_____  DATE:_____
  ZENAS WHITEHEAD

BY:_____  DATE:_____
  STACEY CLOW

BY:_____  DATE:_____
  AARON CORNEAIL

BY:_____  DATE:_____
  JOEL DARBY

BY:_____  DATE:_____
  JAMES DROGE

BY:_____  DATE:_____
  DEBORAH DURDA

BY:_____  DATE:_____
  WILLIAM ELGER

BY:_____  DATE:_____
  ANNE GOBER

BY:_____  DATE:_____
  BRUCE HULTMARK

BY:_____  DATE:_____
  JANIE HUSKEY

BY:_____  DATE:_____
  PAULA KASTANIS

BY:_____  DATE:_____
  ERIK LAGESEN

BY:_____ DATE:_____
    BRIAN LANGE


BY:_____ DATE:_____
    GLEN MEYERS


BY:_____ DATE:_____
    PHILIP ROSS


BY:_____ DATE:_____
    DIANE STRICKLIN


BY:_____ DATE:_____
    RONALD STRICKLIN


BY:_____ DATE:_____
    CHARLES WEYGANT


BY:_____ DATE:_____
    HEATHER WOOD


BY:_____ DATE:_____
    DAVID WORMWOOD


BY:_____ DATE:_____
    BRYON ZABLOTNY


BY:_____ DATE:_____
    KATHIE HENSLEY


BY:_____ DATE:_____
    JUDY ANDERSON

## COUNSEL FOR DEFENDANT BEHR PROCESS CORPORATION

DATED: April 30, 2018

**LATHAM & WATKINS LLP**

By: _____

Mark S. Mester
mark.mester@lw.com
Kathleen P. Lally
kathleen.lally@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

*Lead Counsel for Defendant Behr
Process Corporation*

## BEHR

BY:_____       DATE:_____
    MASCO CORPORATION

BY:_____       DATE:_____
    BEHR PROCESS CORPORATION

BY:_____       DATE:_____
    BEHR PAINT CORP.

By:_____
Mark S. Mester
mark.mester@lw.com
Kathleen P. Lally
kathleen.lally@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

*Lead Counsel for Defendant Behr
Process Corporation*

**BEHR**

BY:_____   DATE:___4/30/18_____
  MASCO CORPORATION

BY:_____   DATE:_____
  BEHR PROCESS CORPORATION

BY:_____   DATE:_____
  BEHR PAINT CORP.

By:_____

Mark S. Mester
mark.mester@lw.com
Kathleen P. Lally
kathleen.lally@lw.com
LATHAM & WATKINS LLP
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone: (312) 876-7700
Facsimile: (312) 993-9767

*Lead Counsel for Defendant Behr*
*Process Corporation*

## BEHR

BY:_____                DATE:_____
   MASCO CORPORATION

BY:_____                DATE: 4-30-18
   BEHR PROCESS CORPORATION

BY:_____                DATE: 4-30-18
   BEHR PAINT CORP.

- 45 -

# **APPENDIX 1**

<u>**DECKOVER ACTIONS FILED SUBSEQUENT TO *BISHOP***</u>

1. <u>Anderson v. Behr Process Corporation</u>, Case No. 1:17-cv-08735 (N.D. Ill.).

2. <u>Brock v. Behr et al.</u>, Case No. 2:17-cv-12341 (D.N.J.).

3. <u>Cole et al. v. Behr et al.</u>, Case No. 1:17-cv-05052 (E.D.N.Y.).

4. <u>Cortinas v. Behr et al.</u>, Case No. 4:18-cv-00491 (E.D. Mo.).

5. <u>Domson v. Behr et al.</u>, Case No. 3:17-cv-06060 (W.D. Wash.).

6. <u>Edwards v. Behr et al.</u>, Case No. 3:17-cv-00683 (W.D. N.C.).

7. <u>Hamilton v. Behr et al.</u>, Case No. 2:17-cv-01765 (E.D. Cal.).

8. <u>In re Behr</u>, Case No. 8:17-cv-01016 (C.D. Cal.).[1]

9. <u>Leiker v. Behr et al.</u>, 3:17-cv-01909 (D. Or.).

10. <u>Rose v. Behr et al.</u>, Case No. 2:17-cv-01754 (W.D. Wash.).

11. <u>Stratton-Hamil et al. v. Behr et al.</u>, Case No. 6:17-cv-02058 (M.D. Fl.).

12. <u>Surprenant v. Behr et al.</u>, Case No. 1:17-cv-05330 (N.D. Ga.).

13. <u>Zydowicz v. Masco Corporation</u>, Case No. 17-723806 (Mich. Cir.).

---

[1] <u>In re Behr</u>, originally filed as <u>Richey v. Behr et al.</u>, was re-styled following consolidation with <u>Elger et al. v. Behr et al.</u>, Case No. 8:17-cv-01100 (C.D. Cal.); <u>Gober et al. v. Behr et al.</u>, Case No. 8:17-cv-01282 (C.D. Cal.); <u>Huskey v. Behr et al.</u>, Case No. 8:17-cv-01374 (C.D. Cal.); <u>Kastanis et al. v. Behr et al.</u>, Case No. 8:17-cv-01488 (C.D. Cal.); and <u>Meyers v. Behr et al.</u>, Case No. 8:17-cv-01228 (C.D. Cal.).

# EXHIBIT A

<u>**CLAIM FORM – MUST BE MAILED BY [MM DD, 2018]**</u>

**I.** <u>**PROVIDE YOUR CONTACT INFORMATION:**</u>

Name: _____ Phone: (____) _____

Address: _____ _____

**II.** <u>**CHECK THE APPROPRIATE BOX(ES) AND ENCLOSE YOUR DOCUMENTS**</u>

☐ **I Want to Be Reimbursed for the Money I Spent Buying DeckOver**

    **If you check this box, you must provide <u>both</u>:**

    **Proof that You Bought DeckOver** – This can be a receipt, photo of opened DeckOver containers, formula sticker or UPC label, or other competent proof.

<u>**AND**</u>

    **Proof of Problems with DeckOver** – This can be a photo of your deck, invoices or estimates for repairs, or other competent proof.

☐ **I Also Want to Be Reimbursed for the Money I Spent Repairing My Surface**

    **If you check this box, in addition to the items above, you must also provide <u>either</u>:**

    **Proof Regarding Cost of Repairs** –This could be an estimate or invoice from a contractor to repair the damage, a receipt for supplies or equipment you used to repair your deck, or other competent proof.

<u>**OR**</u>

    **Attestation** - If you cannot provide documents showing how much you spent, you must provide an explanation:

I applied DeckOver to real property owned or leased by me that caused damage in the form of _____ _____

that I repaired by _____.

**III.** <u>**ADR OPTION**</u>

☐ If you are dissatisfied with the relief offered, you may participate in alternative dispute resolution ("ADR") by checking this box. The ADR would be conducted before Hon. Wayne Andersen (ret.) at JAMS, at Behr's expense and based on written submissions only (unless you request otherwise).

**IV.** <u>**PROVIDE THE FOLLOWING INFORMATION :**</u>

Number of Gallons Purchased: _____ Approximate Date of Purchase:_____

Price Paid per Gallon (if known): $_____ Approximate Square Footage of Surface: _____

**V.** <u>**FILL OUT AND SIGN THE FOLLOWING ATTESTATION**</u>

I declare under penalty of perjury under the laws of the United States that I am a Class Member (as defined in the Class Notice), and that the information in this Claim Form and any documentation attached to it are true and correct to the best of my knowledge. If I did not provide required documents, it is because I do not have them.

Executed on _____ (month), _____ (year) in _____ (city, state, country), by _____ (signature).

MAIL YOUR CLAIM FORM AND DOCUMENTATION, POSTMARKED BY <u>MM DD, 201__</u> TO:
**DECKOVER CLASS SETTLEMENT**
**C/O [SETTLEMENT ADMINISTRATOR ADDRESS]**

# EXHIBIT B

## Purchasers of Behr DeckOver May Be Entitled to a Share of a Class Action Settlement

A Settlement has been preliminarily approved by the U.S. District Court for the Northern District of Illinois, in the case *Bishop, et al. v. Behr Process Corporation, et al., Case No. 1:17-cv-04464*. **If you are a member of the Class, your rights may be affected and you may be entitled to a portion of this Settlement.**

**Who Is Included in the Settlement?** You are a member of the Class if between September 1, 2012 and **[PA DATE]** you purchased DeckOver in the United States (or caused it to be purchased) and applied it (or caused it to be applied) to any property located in the United States owned or leased by you.

**What Is This Case About?** The lawsuit claims that Behr manufactures and sells a line of products under the name "DeckOver" that does not perform as advertised. Behr denies the allegations in the lawsuit.

**Do I Need to Ask for Payment?** Yes. In order to receive a payment under the Settlement, you will need to file a Claim Form. Claim Forms are available at **[SETTLEMENT WEBSITE]**.

**What Are My Options?** If you stay in the Class, you will be legally bound by the Settlement's terms and you will release your claims against Defendants, regardless of whether you file a Claim Form. If you do not want to be legally bound by the Settlement, you must Opt Out of the Settlement by **Month DD, 2018**. If you Opt Out, you will not be entitled to any payments but you will retain the ability to file your own claim against Defendants. If you do not Opt Out, you may Object to the Settlement by **Month DD, 2018**. The detailed notice available on the Settlement Website explains how to Opt Out or Object. The Court will hold a Hearing on **Month DD, 2018** to consider whether to approve the Settlement and a request

for attorneys' fees of $1.5 million and 20% of subsequent claims and Service Award of _____ to Plaintiffs.

**Fairness Hearing.** A Fairness Hearing will be held on **Month DD, 2018** at the U.S. District Court for the Northern District of Illinois, Everett McKinley Dirksen Courthouse, Courtroom 1203, 219 S. Dearborn St., Chicago, IL 60604. At this hearing, the Court will consider whether: 1) the Settlement is fair, reasonable, and adequate; 2) to approve service awards to Plaintiffs; and 3) to approve the award of attorneys' fees and expenses to Plaintiffs' Co-Lead Counsel.

**Where Can I Get More Information?** To get a copy of the Long Form Notice or Settlement Agreement or to learn more visit the Settlement Website at **[WEBSITE]**, call toll-free by phone at **1-888-888-8888**, or email at **email@email.com.**

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KATHLEEN BISHOP, et al., individually and on behalf of the putative class, | Case No. 17-cv-4464 |
| Plaintiffs, | |
| | Hon. John Robert Blakey |
| v. | |
| | Magistrate Judge Mary M. Rowland |
| BEHR PROCESS CORP., a California corporation, et al., | |
| Defendants. | |

<u>**PRELIMINARY APPROVAL ORDER**</u>

Having fully considered Plaintiffs' Motion For Preliminary Approval Of Class Action Settlement ("Motion"), the Parties' arguments and submissions concerning the Motion, and the applicable facts and law, the Court hereby finds and orders as follows:

1. Except as otherwise provided below, all capitalized terms used in this Preliminary Approval Order shall have the meanings and/or definitions given them in the Settlement Agreement and Release, attached to the Motion as **Exhibit A.**

2. The Court preliminarily approves the Agreement subject to the Fairness Hearing, the purpose of which will be to decide whether to grant final approval to the Settlement reached by the Parties. The Court finds that the Agreement, the Settlement set forth therein and all exhibits attached thereto and/or to Plaintiffs' Motion For Preliminary Approval Of Class Action Settlement are fair, reasonable and adequate, entered into in good faith, free of collusion to the detriment of the Class and within the range of possible judicial approval to warrant sending notice of *Bishop, et al. v. Behr Process Corporation, et al.*, Case No. 1:17-cv-04464 (N.D. Ill.) and the proposed Settlement to the Class and to hold a full hearing on the proposed Settlement.

3.     For settlement purposes only, conditioned upon final certification of the proposed class and upon Final Judgment, the Court finds that the Litigation may be maintained on behalf of the following class:

> All persons and entities that, between September 1, 2012 and the date of Preliminary Approval (*i.e.*, _____) purchased DeckOver in the United States (or caused it to be purchased) and applied it (or caused it to be applied) to any property located in the United States owned or leased by the purchasing person or entity.

> Excluded from the Class are Defendants, and any entity in which Defendants have a controlling interest or which have a controlling interest in Defendants; Defendants' legal representatives, assigns and successors; and all judges who have presided over the Action and any member of the judges' immediate families.

4.     The Court recognizes that Defendants reserve all their defenses and objections against and rights to oppose any request for class certification in the event that the proposed Settlement does not become final for any reason. Defendants also reserve all their defenses to the merits of the claims asserted in the event the Settlement does not become final for any reason.

5.     For settlement purposes only, the Court preliminarily appoints Plaintiffs Kathleen Bishop, Nancy Graf, Jeanne Haman, Tom Paul, Mark Sumpter, Darin Richey, Bruce Tobey, Thomas Noftzger, Aaron Amborn, Laurie McCall, Zenas Whitehead, Stacey Clow, Aaron Corneail, Joel Darby, James Droge, Deborah Durda, William Elger, Anne Gober, Bruce Hultmark, Janice Huskey, Paula Kastanis, Erik Lagesen, Brian Lange, Glen Meyers, Philip Ross, Diane Stricklin, Ronald Stricklin, Charles Weygant, Heather Wood, David Wormwood, Bryon Zablotny, Kathie Hensley and Judy Anderson as representatives of the Class.

6.     For settlement purposes only, the Court preliminarily appoints Katrina Carroll of Lite DePalma Greenberg, LLC; Daniel Herrera of Cafferty Clobes Meriwether and Sprengel LLP; Eric Gibbs of Gibbs Law Group LLP; and Joseph G. Sauder of Sauder Schelkopf LLC to act as counsel for the Class.

7.     The Court appoints Angeion Group as the Class Action Settlement Administrator, who will be an agent of the Court and subject to the Court's supervision and direction as circumstances may require.

8.     Notice to the Class shall begin no later than thirty (30) days after entry of this order, *i.e.*, _____ (the "Notice Date"). Notice shall be in a form substantially the same as the Postcard Notice and Long Form Notice attached to the Settlement Agreement as **Exhibits B and C** and shall be effectuated as follows:

    a. On or before the Notice Date, the Class Action Settlement Administrator shall begin direct notice, in the form of **Exhibit B** attached to the Settlement Agreement, by U.S. Mail, proper postage prepaid, to members of the Class for whom a mailing address exists in Behr's records.

    b. Prior to sending the first mailed notice, the Class Action Settlement Administrator shall establish a Settlement Website that will inform members of the Class of the terms of this Agreement, their rights, dates and deadlines and related information. The Settlement Website shall include, in .pdf format, materials agreed upon by the Parties and/or required by the Court, including a Long Form Notice, which shall be in substantially the same form as **Exhibit C** to the Settlement Agreement.

    c. Prior to sending the first mailed notice, the Class Action Settlement Administrator shall establish a toll-free telephone number that will provide Settlement-related information to members of the Class.

d. The Class Action Settlement Administrator will cause Publication Notice to be published in accordance with a schedule and plan submitted by the Class Action Settlement Administrator to the Court.

9. The form and content of the notice are fair and reasonable, and notice shall be disseminated to the Class as due process and Rule 23 of the Federal Rules of Civil Procedure require and in accordance with the Agreement.

10. The Court finds that the notice and Notice Plan meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all potential members of the Class. The notice is reasonably calculated, under the circumstances, to apprise the Class: (a) of the pendency of the Litigation and the essential terms of the Settlement; (b) of the benefits the Settlement provides to the Class as well as how to claim those benefits; (c) of any requested amounts for Attorneys' Fees and Expenses and Service Awards; (d) of their right to exclude themselves from the Class and the proposed Settlement; (e) that any judgment, whether favorable or not, will bind all members of the Class who do not request exclusion; (f) that any member of the Class who does not request exclusion may object to the Settlement, the request for attorneys' fees and costs and/or the service award and, if he or she desires, enter an appearance personally or through counsel; and (g) prominently display the address of Plaintiffs' Co-Lead Counsel and the Class Action Settlement Administrator as well as the procedure for making inquiries. The Court further finds that the notices are written in plain English and are readily understandable by members of the Class.

11. No later than seven (7) days before the Fairness Hearing, *i.e.*, on or before _____, the Class Action Settlement Administrator shall file a declaration with the Court

attesting to the (a) completion of notice, including publication and, if applicable, sending Mailed Notice and (b) number of valid claims, opt-outs, and objections.

12.     The Court approves the Claim Form in substantially the same form as the Claim Form attached to the Settlement Agreement as **Exhibit A**. Any member of the Class who wishes to receive benefits under the Agreement must sign and return a complete and timely Claim Form in compliance with the process set forth in the Agreement.   Such Claim Forms must be postmarked and submitted to the Class Action Settlement Administrator either (a) one hundred and eighty days from the Notice Date or (b) one year from the date on which the Class Member purchased DeckOver, whichever is later. Any Class Member who does not submit a complete and timely Claim Form in compliance with the Agreement shall not be entitled to any benefits under the Settlement, but nonetheless shall be barred by the release provisions of the Agreement and the Final Judgment and shall be deemed to have released the Released Parties from the Released Claims.

13.     Any member of the Class who wishes to be excluded from the Class must mail a written request for exclusion to the Class Action Settlement Administrator at the address provided in the Class Notice, and the Settlement Website, postmarked no later than forty-five (45) days after the Notice Date, *i.e.*, _____ (the "Opt-Out Deadline").  The opt-out request must (a) identify the member of the Class by name, address, and phone number and (b) state that he or she wishes to be excluded from the Settlement Class. A member of the Class may opt-out on an individual basis only. So-called "mass" or "class" opt-outs, whether filed by third parties on behalf of a "mass" or "class" of class members or multiple class members where no personal statement has been signed by each and every individual class member, shall not be allowed.

14. A timely and valid request to opt out of the Settlement Class shall preclude the person opting out from participating in the proposed Settlement and he or she will be unaffected by the Agreement. The Class Action Settlement Administrator shall compile a list of all members of the Settlement Class who properly and timely submit an opt-out request ("Opt-Out List").

15. Any member of the Settlement Class who does not submit a timely and valid written request for exclusion shall be bound by all subsequent proceedings, orders and judgments in this Litigation, regardless of whether he or she currently is, or subsequently becomes, a plaintiff in any other lawsuit, arbitration or other proceeding against any of the Released Parties asserting any of the Released Claims.

16. The Settlement Administrator shall provide the Opt-Out List to Plaintiffs' Co-Lead Counsel and Behr's Counsel within a reasonable amount of time after the Opt-Out Deadline and shall file the Opt-Out List along with an affidavit attesting to the completeness and accuracy thereof with the Court no later than seven (7) days before the Fairness Hearing, *i.e.*, on or before _____.

17. Any Class Member who does not properly and timely submit an opt-out request and who wishes to object to the fairness, reasonableness or adequacy of the Agreement or the proposed Settlement or who wishes to object to the award of attorneys' fees and expenses or Plaintiff's service award must file with the Court and serve on Class Counsel and Defendant's Counsel, postmarked no later than the Opt-Out/Objection Deadline, a written statement of the objection signed by the Settlement Class Member containing all of the following information:

    a. the full name and current address and telephone number of the Class Member;

b.      the location of the deck or other substrate to which DeckOver purchased by the Class Member was applied, if different from the current address;

c.      proof that the Settlement Class Member purchased DeckOver during the Class Period;

d.      a statement of the amount of DeckOver purchased (in gallons or dollars);

e.      all of the Class Member's objections, the reasons therefor, and all supporting papers, including, without limitation, all briefs, written evidence, and declarations;

f.      the Class Member's signature and the signature of any attorney representing the Class Member; and

g.      a detailed list of any other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court, whether state, federal, or otherwise, in the United States in the previous five years. If the Class Member or his or her counsel has not made any such prior objection, the Class Member shall affirmatively so state in the written materials provided with the objection.

18.      Neither an objection signed by counsel alone nor any "mass" or "class" objections shall be valid.

19.      Any objections must be appropriately filed with the Court no later than no later than forty-five (45) days after the Notice Date, *i.e.*, _____ (the "Objection Deadline"), or alternatively they must be mailed to the Court at the address below and postmarked no later than the Objection Deadline.

Clerk of Court
United States District Court for the Northern District of Illinois
219 South Dearborn Street
Chicago, Illinois  60604
Attention: *Bishop, et al. v. Behr Process Corporation, et al.*, Case No. 1:17-cv-04464 (N.D. Ill.)

A copy of the objection, postmarked no later than the Objection Deadline, must also be mailed to the Class Action Settlement Administrator at the post office box described further below.

20. No person shall be heard and no paper or brief submitted by any objector shall be received or considered by the Court unless such person has filed with the Clerk of Court and timely mailed to the Class Action Settlement Administrator, as provided above, the concise written statement of objections as described above, together with copies of any supporting materials, papers or briefs. Any Class Member who does not file a written objection in the time and manner described above shall be: (a) deemed to have waived and forfeited any objections to the proposed Settlement; (b) foreclosed from raising any objection to the proposed Settlement at the Fairness Hearing; (c) bound by all of the terms of the Agreement and by all proceedings, orders and judgments by the Court; and (d) foreclosed from seeking any adjudication or review of the Settlement by appeal or otherwise.

21. Any objecting Class Member who intends to appear at the Fairness Hearing, either with or without counsel, must also file a notice of intention to appear with the Court postmarked no later than the Objection Deadline, which notice shall be filed with, or mailed to, the Clerk of the Court, with copy to the Class Action Settlement Administrator, as set forth above.

(a) If the objecting Settlement Class Member intends to appear at the Fairness Hearing through counsel, he or she must also identify any attorney representing the objector who will appear at the Fairness Hearing and include the attorney(s) name, address, phone number, e-mail address and state bar(s) to which counsel is admitted. Any attorney hired by a Class Member for the purpose of objecting to the Agreement or to the proposed Settlement or to the attorneys' fees and expenses will be at the Class Member's own expense; and

(b)     If the objecting Class Member intends to request the Court allow the Class Member to call witnesses at the Fairness Hearing, the objecting Class Member must provide a list of any such witnesses together with a brief summary of each witness's expected testimony no later than the Objection Deadline. If a witness is not identified in the notice of appearance, such witness shall not be permitted to object or appear at the Fairness Hearing.

22.     The Class Action Settlement Administrator will establish a post office box to be used for receiving requests for exclusion or objections, Claim Forms and any other communications relating to this Settlement.

23.     The Court preliminarily enjoins all members of the Class unless and until they have timely and properly excluded themselves from the Class from (a) filing, commencing, prosecuting, intervening in or participating as plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; (b) filing, commencing, participating in or prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class action on behalf of any member of the Class who has not timely excluded himself or herself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; and (c) attempting to effect Opt-Outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration or other proceeding based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims. Any person who knowingly violates such injunction shall pay the attorneys' fees and

costs incurred by Behr, any other Released Person and Plaintiffs' Co-Lead Counsel as a result of the violation. This Order is not intended to prevent members of the Class from participating in any action or investigation initiated by a state or federal agency.

24.     A Fairness Hearing to determine (a) whether the Class should be finally certified pursuant to Rule 23 of the Federal Rules of Civil Procedure and (b) whether the proposed Settlement is fair, reasonable and adequate shall be conducted in the United States Courthouse, United States District Court for the Northern District of Illinois, Eastern Division, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, 60604, Courtroom 1203, commencing on _____ \_\_\_, **2018, at _____ \_.m.**

25.     The Court may reschedule the Fairness Hearing without further written notice. If the Fairness Hearing is rescheduled from the currently scheduled date, information regarding a rescheduled Fairness Hearing will be posted on the Court's docket and the Settlement Website.

26.     Papers in support of the final approval of the Settlement, including responses to objections, shall be filed with the Court no later than fourteen (14) days before the Fairness Hearing, *i.e.*, on or before _____.

27.      An application of Class Counsel for an award of fees and expenses shall be filed with the Court no later than fourteen (14) days before the Objection Deadline, *i.e.*, on or before _____.

28.     All discovery and other pre-trial proceedings in this Litigation are stayed and suspended pending the Fairness Hearing, except such actions as may be necessary to implement the Agreement and this Order.

29. Defendants and/or the Class Action Settlement Administrator shall file proof of compliance with the notice requirements of The Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1715(b), no later than fourteen (14) days before the Fairness Hearing.

30. This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (a) the proposed Settlement is not finally approved by the Court, or does not become final, pursuant to the terms of the Agreement or (b) the proposed Settlement is terminated in accordance with the Agreement or does not become effective as required by the terms of the Agreement for any other reason. In any such event, the proposed Settlement and Agreement shall become null and void and be of no further force and effect, and neither the Agreement nor the Court's orders, including this Order, shall be used or referred to for any purpose whatsoever.

31. Neither the Agreement, nor any of its terms or provisions, nor any of its exhibits, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by any Defendant of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind, or of the appropriateness of the certification of the Settlement Class for purposes other than for settlement. This Order shall not be construed or used as an admission, concession or declaration by or against any of the Released Parties of any fault, wrongdoing, breach, or liability.

32. The terms and provisions of the Agreement may be amended by agreement of the Parties in writing or with approval of the Court without further notice to the Settlement Class, if such changes are consistent with this Order and do not limit the rights of the Settlement Class.

IT IS SO ORDERED:

_____

Hon. John Robert Blakey
United States District Court Judge, Northern
District Of Illinois, Eastern Division

# EXHIBIT D

United States District Court for the Northern District of Illinois

*Bishop, et al. v. Behr Process Corporation, et al.*, Case No. 1:17-cv-04464 (N.D. Ill.)

**If you used Behr Deckover between xx/xxxx-yy/yyyy you may be entitled to compensation and this class action settlement may affect your rights.**

*A Federal Court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.*

## A. BASIC INFORMATION

| 1.  What is this Notice about? |
|---|

A Court authorized this notice because you may have rights pursuant to a proposed Settlement of a class action lawsuit and to inform you of your options and associated deadlines before the Court decides whether to give final approval to the Settlement.  The name of the lawsuit is *Bishop, et al. v. Behr Process Corporation, et al.*, Case No. 1:17-cv-04464 (N.D. Ill.).  The defendants are Behr Process Corporation, Behr Paint Corp., Masco Corporation, The Home Depot, Inc. and Home Depot, USA, Inc. ("Defendants").  This notice explains the lawsuit, the Settlement and your legal rights.  You are NOT being sued.  The Court still has to decide whether to finally approve the Settlement.  Payments and other benefits will be distributed only if the Court finally approves the Settlement and after any appeals are resolved in favor of the Settlement.  Please be patient and check the website identified in this notice regularly.  Please do not contact the Parties as the Court has ordered that all questions be directed to the Class Action Settlement Administrator.

*Your legal rights may be affected even if you do not act.*
*Please read this Notice carefully*.

**YOUR RIGHTS AND CHOICES**

| *YOU MAY:* | | *DUE DATE* |
|---|---|---|
| **SUBMIT A CLAIM FORM** | Submit a Claim Form seeking payment.<br><br>Give up your right to be part of another lawsuit, arbitration or proceeding against Defendants for the same legal claims resolved by this Settlement. | *[date(s)]* |
| **OBJECT** | Write to the Court about why you don't like the proposed Settlement. | *[date]* |
| **EXCLUDE YOURSELF/ OPT OUT** | Ask to get out (opt out) of the proposed Settlement.  If you do this, you are not entitled to any benefits under the Settlement, but you keep your right to sue Defendants about the issues in the lawsuit. | *[date]* |
| **APPEAR IN THE LAWSUIT OR ATTEND THE FAIRNESS HEARING** | You are not required to enter an appearance in the lawsuit in order to participate in the proposed Settlement, but you may enter an appearance on your own or through your own lawyer in addition to filing an objection if you do not opt out.  You can also ask to speak in Court at the Fairness Hearing about the proposed Settlement. | *[Appearance deadline - date]*<br><br>*[Fairness Hearing date and time]* |
| **DO NOTHING** | Get no benefits. | |

| | Give up your right to be part of another lawsuit, arbitration or proceeding against Defendants for the same legal claims resolved by this Settlement. | |
|---|---|---|

## 2. What is the lawsuit about?

The class action lawsuit claims that Behr manufactures and sells a line of products under the name "DeckOver" that (a) does not live up to the promises made regarding the performance of DeckOver, (b) deteriorates quickly, (c) fails to protect the surfaces to which they are applied, (d) fails to adhere to the surfaces to which it was applied and (e) causes property damage to the surfaces to which they are applied, and asserts claims under the Declaratory Judgment Act, various states' consumer fraud statues, and common law theories of unjust enrichment and negligent misrepresentation. You can read the Consolidated Complaint by visiting www.[website]. Defendants deny that they have violated any law and deny any wrongdoing. The parties agreed to resolve these matters before these issues were decided by the Court.

## 3. What customers are included in the Settlement?

The Court has certified a class of DeckOver purchasers that includes:

All persons and entities that, between September 1, 2012 and [PA DATE], purchased DeckOver in the United States (or caused it to be purchased) and applied it (or caused it to be applied) to any property located in the United States owned or leased by the purchasing person or entity.

Excluded from the Class are Defendants, and any entity in which Defendants have a controlling interest or which have a controlling interest in Defendants; Defendants' legal representatives, assigns and successors; and all judges who have presided over the Action and any member of the judges' immediate families.

## 4. Why is this a class action?

In a class action, people called "class representatives" sue on behalf of other people who have similar claims. All of these people together are the "Class" or "Class Members" if the Court approves this procedure. Then, that Court resolves the issues for all Class Members, except for those who exclude themselves from (opt out of) the Class.

## 5. Why is there a Settlement?

Both sides in the Lawsuit agreed to a Settlement to avoid the cost and risk of further litigation, including a potential trial, and so that the Class Members can receive benefits, in exchange for releasing Defendants from liability. The Settlement does not mean that Defendants broke any laws and/or did anything wrong, and the Court did not decide which side was right. The Settlement here has been preliminarily approved by the Court, which authorized the issuance of this Notice. Plaintiffs and the lawyers representing them (called "Plaintiffs' Co-Lead Counsel") believe that the Settlement is in the best interests of the Class.

The essential terms of the Settlement are summarized in this Notice. The Settlement Agreement along with all exhibits and addenda sets forth in greater detail the rights and obligations of the parties. If there is any conflict between this Notice and the Settlement Agreement, the Settlement Agreement governs.

QUESTIONS? CALL TOLL FREE [NUMBER] OR VISIT WWW.[WEBSITE]
PLEASE DO NOT CALL THE JUDGE OR THE CLERK OF COURT

## B. Who is in the Settlement?

To see if you are affected or if you can get money or benefits, you first have to determine whether you are a member of the Class.

### 6. How do I know if I am part of the Settlement?

You are part of the Settlement if between September 1, 2012 and **[PA DATE]**, you purchased DeckOver in the United States (or caused it to be purchased) and applied it (or caused it to be applied) to any property located in the United States owned or leased by you.

Excluded from the Class are Defendants, and any entity in which Defendants have a controlling interest or which have a controlling interest in Defendants; Defendants' legal representatives, assigns and successors; and all judges who have presided over the Action and any member of the judges' immediate families.

### 7. I'm still not sure if I'm included in the Settlement.

If you are not sure whether you are included in the Class, you may call **[toll free number of Administrator]**. Please do not contact the Parties, the Court, or Court staff, as the Court has ordered that all questions be directed to the Administrator.

## C. The Settlement benefits—What You Get and How to Get It

### 8. What does the Settlement provide?

Subject to the terms set forth in the Settlement, a Class Member who submits a valid Claim Form is entitled to receive a refund for his or her purchase of DeckOver and/or compensation for property damage relating to his or her use of DeckOver. The amount any given Class Member is eligible to receive depends on several factors, including, the proof he or she is able to submit with his or her claim.

The Settlement benefits are outlined generally below, but more information, including the Agreement, can be found at the Settlement Website, **[WEBSITE]**. The Court still has to decide whether to finally approve the Settlement. Benefits will be provided only if the Court finally approves the Settlement and any appeal period expires or any appeals are resolved in favor of the Settlement. We do not know when the Court will finally approve the Settlement, if it will do so, or whether there will be any appeals that would have to be resolved in favor of the Settlement before certain benefits would be provided, so we do not know precisely when any benefits may be available. Please check **[WEBSITE]** for updates regarding the Settlement.

### a. Refund

Class Members may receive a refund upon completion and submission to the Class Action Settlement Administrator of a Claim Form that contains, among other things, the following information: (1) the number gallons of DeckOver purchased; (2) the approximate square footage of the surface to which the DeckOver was applied; (3) the price per gallon paid; (4) proof of purchase of DeckOver products consisting of any of the following: (i) receipts; (ii) a photograph of an opened DeckOver container that the Class Member affirms having purchased during the Class Period; (iii) a formula sticker or UPC label taken from a DeckOver container; or (iv) other competent proof; and (5) proof of a problem

**Questions? Call toll free [NUMBER] or visit WWW.[WEBSITE]**
**Please Do NOT call the Judge or the Clerk of Court**

3

related to the performance of DeckOver. Each Class Member who provides the information described above will receive a full refund. Class Members who do not or cannot provide proof of purchase that contains the amount spent on DeckOver will be compensated at thirty dollars ($30.00) per gallon.

## b. Damages

In addition to receiving a refund, Class Members may receive compensation from Behr for property damage relating to the use of DeckOver. Class Members shall be eligible to receive from Behr compensation for seventy-five percent (75%) of the amount paid by the Class Member to repair the claimed damage (provided that Behr shall not compensate the Class Member in an amount in excess of six dollars ($6) per square foot of substrate damage) upon completion and submission to the Class Action Settlement Administrator of a Claim Form that contains the following information: (a) the number of gallons of DeckOver purchased; (b) the approximate square footage of the surface to which the DeckOver was applied; (c) the price per gallon paid; (d) proof of purchase of DeckOver products consisting of (i) receipts; or (ii) a photograph of an opened DeckOver container that the Claimant affirms having purchased during the Class Period; or (iii) a formula sticker or UPC label taken from a DeckOver container; or (iv) other competent proof; and (d) proof of damage to a deck or other substrate relating to the performance of DeckOver and consisting of (i) an invoice or estimate from a contractor to address damage to a deck or other substrate; or (ii) a receipt for supplies or equipment used to repair damage to a deck or other substrate; or (iii) other competent proof.

Any Class Member who cannot provide the information in subsection (d) and attests that he or she repaired damage caused by DeckOver and that he or she therefore cannot provide estimates, invoices or receipts for repair work, may receive seventy-five percent (75%) of an amount equal to four dollars ($4) per square foot for the substrate's surface area.

## c. Alternative Dispute Resolution.

Any Class Member who is not satisfied with the relief offered above may opt to participate in an alternative dispute resolution ("ADR") process by selecting ADR on the Claim Form or otherwise contacting the Class Action Settlement Administrator before the Claim Deadline. The Class Action Settlement Administrator will provide additional information regarding beginning the ADR process. ADR shall be conducted before Hon. Wayne Andersen (ret.) at JAMS, at Behr's expense and based upon written submissions only, unless the Class Member requesting ADR requests otherwise.

## 9. What am I giving up in exchange for the Settlement benefits?

If the Settlement becomes final, Class Members who do not exclude themselves from the Class will release Defendants from liability and will not be able to sue them about the issues in the lawsuit. The Settlement Agreement describes the released claims in necessary legal terminology, so read it carefully. The Settlement Agreement is available at **[WEBSITE]**. You can talk to one of the lawyers listed in Question 15 below for free or you can, of course, talk to your own lawyer at your own expense if you have questions about the released claims or what they mean.

### D. Excluding Yourself from the Settlement
**Questions? Call toll free [NUMBER] or visit www.[WEBSITE]**
**Please Do Not call the Judge or the Clerk of Court**

If you want to keep the right to sue or continue to sue Defendants over the legal issues in the lawsuit, then you must take steps to remove yourself from this Settlement. This is called asking to be excluded from the Class, also referred to as "opting out" of the Class.

## 10. If I exclude myself, can I get anything from this Settlement?

If you exclude yourself, you cannot receive the Settlement benefits described above. But, if you timely and properly request exclusion, the Settlement will not prevent you from suing, continuing to sue or remaining in a different lawsuit to which you are a party, or becoming part of a different lawsuit against Defendants in the future about the issues in the lawsuit. If you exclude yourself, you will not be bound by anything that happens in this lawsuit and you may not object to the Settlement.

## 11. If I don't exclude myself, can I sue later?

Unless you exclude yourself, you give up the right to sue Defendants for the claims resolved by this Settlement. If the Settlement is finally approved, you will be permanently enjoined and barred from initiating or continuing any lawsuit or other proceeding against Defendants about the issues in the lawsuit.

## 12. How do I get out of the Settlement?

To exclude yourself from the Settlement, you **must** send a letter by mail saying that you want to be excluded from the Settlement in *Bishop, et al. v. Behr Process Corporation, et al.*, Case No. 1:17-cv-04464 (N.D. Ill.). In the letter, you **must** include your name, address and your personal signature (not the signature of a representative or attorney). A member of the Class may opt-out on an individual basis only. So-called "mass" or "class" opt-outs, whether filed by third parties on behalf of a "mass" or "class" of class members or multiple class members where no personal statement has been signed by each and every individual class member, shall not be allowed.

You **cannot** ask to be excluded over the phone or on the Settlement Website. Your exclusion request **must** be postmarked no later than **[date]** and **mailed** to:

**[contact and address]**

Your exclusion request must be mailed to the Class Action Settlement Administrator by the date shown above in order to be considered by the Court. The deadlines found in this Notice may be changed by the Court. Please check www.[Settlement Website] regularly for updates regarding the Settlement.

### E. The Lawyers Representing You

## 13. Do I have a lawyer in the case?

Yes. The Court has appointed lawyers to represent you and other Class Members. These lawyers are called "Plaintiffs' Co-Lead Counsel": Katrina Carroll of Lite DePalma Greenberg, LLC; Daniel Herrera of Cafferty Clobes Meriwether and Sprengel LLP; Eric Gibbs of Gibbs Law Group LLP; and Joseph G. Sauder of Sauder Schelkopf LLC. You will not be charged for these lawyers. If you want to be represented by another lawyer, you may hire one to appear in Court for you at your own expense.

**Questions? Call toll free [NUMBER] or visit WWW.[WEBSITE]**
**Please Do Not call the Judge or the Clerk of Court**

## 14. How will the lawyers be paid?

Plaintiffs' Co-Lead Counsel are requesting to be paid in the amount of one million five hundred thousand dollars ($1,500,000) plus 20% of the amount awarded to each Class Member (i.e., if the Class Member's claim is for one hundred dollars ($100), the Class Member will receive eighty dollars ($80) and Plaintiffs' Co-Lead Counsel will receive twenty dollars ($20)) for attorneys' fees and out-of-pocket expenses for time and expenses incurred in prosecuting this case and estimated time and expenses through the final implementation of this Settlement Agreement.

Plaintiffs' Co-Lead Counsel will ask for payments to each Plaintiff of $_____, for their time invested in connection with the Actions and securing the benefits of this Settlement for the Class. The Court may award less than these amounts.

## F. OBJECTING TO THE SETTLEMENT

You can tell the Court if you don't agree with the Settlement or some part of it.

## 15. How do I tell the Court if I don't like the Settlement?

If you are a Class Member, and you don't exclude yourself from the Class, you can object to the Settlement if you don't like some part of it. You can give reasons why you think the Court should not approve it. To object, you **must** send a written objection saying that you object to the Settlement in *Bishop, et al. v. Behr Process Corporation, et al.*, Case No. 1:17-cv-04464 (N.D. Ill.), to Plaintiffs' Co-Lead Counsel and Behr's Counsel at the address below so that the objection is received by Plaintiffs' Co-Lead Counsel and Behr's Counsel no later than [date]. To have your objection considered by the Court, you also **must** file the objection with the Clerk of Court (identified below) so that it is received and filed no later than [date]. In your objection, you must include (a) your full name, address and telephone number; (b) the location of the deck or other substrate to which DeckOver was applied (if different from the current address); (c) proof that you are a member of the Class; (d) the number of gallons of DeckOver purchased; (e) a full statement of your objections, the reasons therefor, and all supporting papers, including, without limitation, all briefs, written evidence, and declarations; (f) a statement of whether you or your attorney intend to appear at the Final Approval Hearing; (g) a detailed list of any other objections submitted by you or your attorney to any class action settlements submitted in the previous five years; and (g) your signature and the signature of any attorney you.

| Clerk of Court | **Plaintiffs' Co-Lead Counsel** | **Behr's Counsel** |
| --- | --- | --- |
| United States District Court | Katrina Carol | Kathleen P. Lally |
| Northern District of Illinois | Lite DePalma Greenberg | Latham & Watkins LLP |
| 219 South Dearborn Street | 211 W Wacker Drive | 330 North Wabash Avenue, |
| Chicago, IL 60604 | Chicago, Illinois 60606 | Suite 2800 |
| | | Chicago, IL 60611 |
| | Joseph G. Sauder | |
| | Sauder I Schelkopf | |
| | 555 Lancaster Avenue | |
| | Berwyn, Pennsylvania 19312 | |

## 16.  What's the difference between objecting and excluding?

Excluding yourself is telling the Court that you don't want to be part of the Class.  If you exclude yourself, you have no basis to object because the Settlement no longer affects you. Objecting is telling the Court that you don't like something about the Settlement.  You can object only if you stay in the Class.

If you are a Class Member and you do nothing, you will remain a Class Member and all of the Court's orders will apply to you.  You will not receive any benefits from the Settlement and you will not be able to sue Defendants over the issues covered by the lawsuit.

## G. THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to grant final approval to the Settlement.  If you have filed an objection on time and attend the hearing, you may ask to speak, but you don't have to attend or speak.

## 17.  When and where will the Court decide whether to grant final approval of the Settlement?

The Court will hold a Fairness Hearing at **__ p.m. on [date]** at the Everett McKinley Dirksen United States Courthouse, United States District Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, IL 60604.  At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate.  If there are objections, the Court will consider them.  The Court will only listen to people who have met the requirement to speak at the hearing (*See* Question 19 below).  After the hearing, the Court will decide whether to grant final approval the Settlement, and, if so, how much to pay the lawyers representing Class Members.  We do not know how long these decisions will take.

## 18.  Do I have to come to the hearing?

No.  Plaintiffs' Co-Lead Counsel will answer any questions the Court may have.  But you are welcome to come at your own expense.  If you send an objection, you don't have to come to Court to talk about it – but you can if you provide advance notice of your intention to appear (*See* Question 19 below).  As long as you filed a written objection with all of the required information on time with the Court and delivered it on time to Plaintiffs' Co-Lead Counsel and Behr's Counsel, the Court will consider it.  You may also pay another lawyer to attend, but it is not required.

## 19.  May I speak at the hearing?

You or your attorney may ask the Court for permission to speak at the Fairness Hearing.  To do so, you **must** provide notice that it is your intent to appear in *Bishop, et al. v. Behr Process Corporation, et al.*, Case No. 1:17-cv-04464 (N.D. Ill.) to Plaintiffs' Co-Lead Counsel, Behr's Counsel and the Class Action Settlement Administrator identified above in response to Question 15 so that they receive it no later than **[date]**.  You must also file the document with the Clerk of Court so that it is received and filed no later than **[date]**.  You **must** include your name, address, telephone number and your signature as well as the name of any attorney representing you and his or her name, address, phone number, e-mail address and state bar(s) to which he or she is admitted. Any attorney hired by a Class Member for the purpose of objecting to the Agreement or to the proposed Settlement or to the attorneys' fees and expenses will be at the Class Member's own expense. If you intend to request the Court allow you to call witnesses at the Fairness Hearing, you must provide a list

of any such witnesses together with a brief summary of each witness's expected testimony no later than **[date]**.

Anyone who has requested permission to speak must be present at the start of the Fairness Hearing at **__ p.m.** on **[date]**.  You cannot speak at the hearing if you excluded yourself from the Class.

## H. GETTING MORE INFORMATION

### 20.  How do I get more information?

This Notice summarizes the proposed Settlement.  More details are in the Agreement, including its exhibits and addenda.  You can get a copy of the Agreement and other information about the Settlement, including, but not limited to, answers to frequently asked questions and the Claim Forms, at **www.[website].**  You can also call the toll-free number, [**number**], or write the Administrator at **[contact and address].**  You can also look at the documents filed in the lawsuit at the Court at the address provided above in response to Question 15.

### 21. When will the Settlement be final?

The Settlement will not be final unless and until the Court grants final approval of the Settlement at or after the Fairness Hearing and after any appeals are resolved in favor of the Settlement.  Please be patient and check the website identified in this Notice regularly. Please do not contact the Parties, the Court, or Court staff, as the Court has ordered that all questions be directed to the Administrator.

**QUESTIONS?  CALL TOLL FREE [NUMBER] OR VISIT WWW.[WEBSITE]**
**PLEASE DO <u>NOT</u> CALL THE JUDGE OR THE CLERK OF COURT**