# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KATHLEEN BISHOP, et al., individually and on behalf of the putative class,<br><br>Plaintiffs,<br><br>v.<br><br>BEHR PROCESS CORP., a California corporation, et al.,<br><br>Defendants. | Case No. 17-cv-4464<br><br>Judge John Robert Blakey |

## PRELIMINARY APPROVAL ORDER

Having fully considered Plaintiffs' motion for preliminary approval of class action settlement [61], the parties' arguments and submissions concerning the motion, and the applicable facts and law, the Court hereby finds and orders as follows:

1. Except as otherwise provided below, all capitalized terms used in this Preliminary Approval Order shall have the meanings and/or definitions given them in the Settlement Agreement and Release, attached to the motion as Exhibit 1 [61-1].

2. The Court preliminarily approves the Agreement subject to the Fairness Hearing, the purpose of which will be to decide whether to grant final approval to the Settlement reached by the parties. The Court finds that the Agreement, the Settlement set forth therein and all exhibits attached thereto and/or

to Plaintiffs' motion for preliminary approval are fair, reasonable and adequate, entered into in good faith, free of collusion to the detriment of the Class and within the range of possible judicial approval to warrant sending notice of *Bishop, et al. v. Behr Process Corporation, et al.*, Case No. 1:17-cv-04464 (N.D. Ill.) and the proposed Settlement to the Class and to hold a full hearing on the proposed Settlement.

3. For settlement purposes only, conditioned upon final certification of the proposed class and upon Final Judgment, the Court finds that the Litigation may be maintained on behalf of the following class:

> All persons and entities that, between September 1, 2012 and the date of Preliminary Approval (*i.e.*, June 27, 2018) purchased DeckOver in the United States (or caused it to be purchased) and applied it (or caused it to be applied) to any property located in the United States owned or leased by the purchasing person or entity.
>
> Excluded from the Class are Defendants, and any entity in which Defendants have a controlling interest or which have a controlling interest in Defendants; Defendants' legal representatives, assigns and successors; and all judges who have presided over the Action and any member of the judges' immediate families.

4. The Court recognizes that Defendants reserve all their defenses and objections against and rights to oppose any request for class certification in the event that the proposed Settlement does not become final for any reason. Defendants also reserve all their defenses to the merits of the claims asserted in the event the Settlement does not become final for any reason.

5. For settlement purposes only, the Court preliminarily appoints Plaintiffs Kathleen Bishop, Nancy Graf, Jeanne Haman, Tom Paul, Mark Sumpter, Darin Richey, Bruce Tobey, Thomas Noftzger, Aaron Amborn, Laurie McCall, Zenas

Whitehead, Stacey Clow, Aaron Corneail, Joel Darby, James Droge, Deborah Durda, William Elger, Anne Gober, Bruce Hultmark, Janice Huskey, Paula Kastanis, Erik Lagesen, Brian Lange, Glen Meyers, Philip Ross, Diane Stricklin, Ronald Stricklin, Charles Weygant, Heather Wood, David Wormwood, Bryon Zablotny, Kathie Hensley and Judy Anderson as representatives of the Class.

6. For settlement purposes only, the Court preliminarily appoints Katrina Carroll of Lite DePalma Greenberg, LLC; Daniel Herrera of Cafferty Clobes Meriwether and Sprengel LLP; Eric Gibbs of Gibbs Law Group LLP; and Joseph G. Sauder of Sauder Schelkopf LLC to act as counsel for the Class.

7. The Court appoints Angeion Group as the Class Action Settlement Administrator, who will be an agent of the Court and subject to the Court's supervision and direction as circumstances may require.

8. Notice to the Class shall begin no later than thirty (30) days after entry of this order, *i.e.*, **August 6, 2018** (the "Notice Date"). Notice shall be in a form substantially the same as the Postcard Notice attached to the Settlement Agreement [61-1] as Exhibits B ([61-1] at 59**)** and the Long Form Notice attached to the Declaration of Eric H. Gibbs in Support of Preliminary Approval [86] as Exhibit A [86-1] and shall be effectuated as follows:

    a. On or before the Notice Date, the Class Action Settlement Administrator shall begin direct notice, in the form of Exhibit B ([61-1] at 59**)** attached to the Settlement Agreement [61-1], by U.S.

3

Mail, proper postage prepaid, to members of the Class for whom a mailing address exists in Behr's records.

b. Prior to sending the first mailed notice, the Class Action Settlement Administrator shall establish a Settlement Website that will inform members of the Class of the terms of this Agreement, their rights, dates and deadlines and related information. The Settlement Website shall include, in .pdf format, materials agreed upon by the Parties and/or required by the Court, including a Long Form Notice, which shall be in substantially the same form as Exhibit A to the Declaration of Eric H. Gibbs in Support of Preliminary Approval [86-1].

c. Prior to sending the first mailed notice, the Class Action Settlement Administrator shall establish a toll-free telephone number that will provide Settlement-related information to members of the Class.

d. The Class Action Settlement Administrator will cause Publication Notice to be published in accordance with a schedule and plan submitted by the Class Action Settlement Administrator to the Court.

9. The form and content of the notice are fair and reasonable, and notice shall be disseminated to the Class as due process and Rule 23 of the Federal Rules of Civil Procedure require and in accordance with the Agreement.

10. The Court finds that the notice and Notice Plan meet the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process, constitute the best notice practicable under the circumstances, and constitute due and sufficient notice to all potential members of the Class. The notice is reasonably calculated, under the circumstances, to apprise the Class: (a) of the pendency of the Litigation and the essential terms of the Settlement; (b) of the benefits the Settlement provides to the Class as well as how to claim those benefits; (c) of any requested amounts for Attorneys' Fees and Expenses and Service Awards; (d) of their right to exclude themselves from the Class and the proposed Settlement; (e) that any judgment, whether favorable or not, will bind all members of the Class who do not request exclusion; (f) that any member of the Class who does not request exclusion may object to the Settlement, the request for attorneys' fees and costs and/or the service award and, if he or she desires, enter an appearance personally or through counsel; and (g) prominently display the address of Plaintiffs' Co-Lead Counsel and the Class Action Settlement Administrator as well as the procedure for making inquiries. The Court further finds that the notices are written in plain English and are readily understandable by members of the Class.

11. No later than seven (7) days before the Fairness Hearing, *i.e.*, on or before **November 29, 2018**, the Class Action Settlement Administrator shall file a declaration with the Court attesting to the (a) completion of notice, including publication and, if applicable, sending Mailed Notice and (b) number of valid claims, opt-outs, and objections.

12.     The Court approves the Claim Form in substantially the same form as the Claim Form attached to the Settlement Agreement as Exhibit A ([61-1] at 56-57). Any member of the Class who wishes to receive benefits under the Agreement must sign and return a complete and timely Claim Form in compliance with the process set forth in the Agreement.  Such Claim Forms must be postmarked and submitted to the Class Action Settlement Administrator either (a) one hundred and eighty days from the Notice Date or (b) one year from the date on which the Class Member purchased DeckOver, whichever is later. Any Class Member who does not submit a complete and timely Claim Form in compliance with the Agreement shall not be entitled to any benefits under the Settlement, but nonetheless shall be barred by the release provisions of the Agreement and the Final Judgment and shall be deemed to have released the Released Parties from the Released Claims.

13.     Any member of the Class who wishes to be excluded from the Class must mail a written request for exclusion to the Class Action Settlement Administrator at the address provided in the Class Notice, and the Settlement Website, postmarked no later than forty-five (45) days after the Notice Date, *i.e.*, **September 20, 2018** (the "Opt-Out Deadline").  The opt-out request must (a) identify the member of the Class by name, address, and phone number and (b) state that he or she wishes to be excluded from the Settlement Class. A member of the Class may opt-out on an individual basis only. So-called "mass" or "class" opt-outs, whether filed by third parties on behalf of a "mass" or "class" of class members or

multiple class members where no personal statement has been signed by each and every individual class member, shall not be allowed.

14. A timely and valid request to opt out of the Settlement Class shall preclude the person opting out from participating in the proposed Settlement and he or she will be unaffected by the Agreement. The Class Action Settlement Administrator shall compile a list of all members of the Settlement Class who properly and timely submit an opt-out request ("Opt-Out List").

15. Any member of the Settlement Class who does not submit a timely and valid written request for exclusion shall be bound by all subsequent proceedings, orders and judgments in this Litigation, regardless of whether he or she currently is, or subsequently becomes, a plaintiff in any other lawsuit, arbitration or other proceeding against any of the Released Parties asserting any of the Released Claims.

16. The Settlement Administrator shall provide the Opt-Out List to Plaintiffs' Co-Lead Counsel and Behr's Counsel within a reasonable amount of time after the Opt-Out Deadline and shall file the Opt-Out List along with an affidavit attesting to the completeness and accuracy thereof with the Court no later than seven (7) days before the Fairness Hearing, *i.e.*, on or before **November 29, 2018**.

17. Any Class Member who does not properly and timely submit an opt-out request and who wishes to object to the fairness, reasonableness or adequacy of the Agreement or the proposed Settlement or who wishes to object to the award of attorneys' fees and expenses or Plaintiff's service award must file with the Court

7

and serve on Class Counsel and Defendant's Counsel, postmarked no later than the Opt-Out/Objection Deadline, a written statement of the objection signed by the Settlement Class Member containing all of the following information:

  a. the full name and current address and telephone number of the Class Member;

  b. the location of the deck or other substrate to which DeckOver purchased by the Class Member was applied, if different from the current address;

  c. proof that the Settlement Class Member purchased DeckOver during the Class Period;

  d. a statement of the amount of DeckOver purchased (in gallons or dollars);

  e. all of the Class Member's objections, the reasons therefor, and all supporting papers, including, without limitation, all briefs, written evidence, and declarations;

  f. the Class Member's signature and the signature of any attorney representing the Class Member; and

  g. a detailed list of any other objections submitted by the objector, or the objector's counsel, to any class action settlements submitted in any court, whether state, federal, or otherwise, in the United States in the previous five years. If the Class Member or his or her counsel has not made any such prior objection, the Class Member shall affirmatively so state in the written materials provided with the objection.

18. Neither an objection signed by counsel alone nor any "mass" or "class" objections shall be valid.

19. Any objections must be appropriately filed with the Court no later than no later than forty-five (45) days after the Notice Date, *i.e.*, **September 20, 2018** (the "Objection Deadline"), or alternatively they must be mailed to the Court at the address below and postmarked no later than the Objection Deadline.

> Clerk of Court
> United States District Court for the Northern District of Illinois
> 219 South Dearborn Street
> Chicago, Illinois 60604
> Attention: *Bishop, et al. v. Behr Process Corporation, et al.*, Case No. 1:17-cv-04464 (N.D. Ill.)

A copy of the objection, postmarked no later than the Objection Deadline, must also be mailed to the Class Action Settlement Administrator at the post office box described further below.

20. No person shall be heard and no paper or brief submitted by any objector shall be received or considered by the Court unless such person has filed with the Clerk of Court and timely mailed to the Class Action Settlement Administrator, as provided above, the concise written statement of objections as described above, together with copies of any supporting materials, papers or briefs. Any Class Member who does not file a written objection in the time and manner described above shall be: (a) deemed to have waived and forfeited any objections to the proposed Settlement; (b) foreclosed from raising any objection to the proposed Settlement at the Fairness Hearing; (c) bound by all of the terms of the Agreement

9

and by all proceedings, orders and judgments by the Court; and (d) foreclosed from seeking any adjudication or review of the Settlement by appeal or otherwise.

21. Any objecting Class Member who intends to appear at the Fairness Hearing, either with or without counsel, must also file a notice of intention to appear with the Court postmarked no later than the Objection Deadline, which notice shall be filed with, or mailed to, the Clerk of the Court, with copy to the Class Action Settlement Administrator, as set forth above.

(a) If the objecting Settlement Class Member intends to appear at the Fairness Hearing through counsel, he or she must also identify any attorney representing the objector who will appear at the Fairness Hearing and include the attorney(s) name, address, phone number, e-mail address and state bar(s) to which counsel is admitted. Any attorney hired by a Class Member for the purpose of objecting to the Agreement or to the proposed Settlement or to the attorneys' fees and expenses will be at the Class Member's own expense; and

(b) If the objecting Class Member intends to request the Court allow the Class Member to call witnesses at the Fairness Hearing, the objecting Class Member must provide a list of any such witnesses together with a brief summary of each witness's expected testimony no later than the Objection Deadline. If a witness is not identified in the notice of appearance, such witness shall not be permitted to object or appear at the Fairness Hearing.

22. The Class Action Settlement Administrator will establish a post office box to be used for receiving requests for exclusion or objections, Claim Forms and any other communications relating to this Settlement.

23. The Court preliminarily enjoins all members of the Class unless and until they have timely and properly excluded themselves from the Class from (a) filing, commencing, prosecuting, intervening in or participating as plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; (b) filing, commencing, participating in or prosecuting a lawsuit or administrative, regulatory, arbitration or other proceeding as a class action on behalf of any member of the Class who has not timely excluded himself or herself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; and (c) attempting to effect Opt-Outs of a class of individuals in any lawsuit or administrative, regulatory, arbitration or other proceeding based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims. Any person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by Behr, any other Released Person and Plaintiffs' Co-Lead Counsel as a result of the

violation. This Order is not intended to prevent members of the Class from participating in any action or investigation initiated by a state or federal agency.

24. A Fairness Hearing to determine (a) whether the Class should be finally certified pursuant to Rule 23 of the Federal Rules of Civil Procedure and (b) whether the proposed Settlement is fair, reasonable and adequate shall be conducted in the United States Courthouse, United States District Court for the Northern District of Illinois, Eastern Division, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, 60604, Courtroom 1203, commencing on **December 6, 2018, at 9:30 a.m.**

25. The Court may reschedule the Fairness Hearing without further written notice. If the Fairness Hearing is rescheduled from the currently scheduled date, information regarding a rescheduled Fairness Hearing will be posted on the Court's docket and the Settlement Website.

26. Papers in support of the final approval of the Settlement, including responses to objections, shall be filed with the Court no later than **November 19, 2018**.

27. An application of Class Counsel for an award of fees and expenses shall be filed with the Court no later than fourteen (14) days before the Objection Deadline, *i.e.*, on or before **September 6, 2018**.

28. All discovery and other pre-trial proceedings in this Litigation are stayed and suspended pending the Fairness Hearing, except such actions as may be necessary to implement the Agreement and this Order.

29. Defendants and/or the Class Action Settlement Administrator shall file proof of compliance with the notice requirements of The Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1715(b), no later than **November 19, 2018**.

30. This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (a) the proposed Settlement is not finally approved by the Court, or does not become final, pursuant to the terms of the Agreement or (b) the proposed Settlement is terminated in accordance with the Agreement or does not become effective as required by the terms of the Agreement for any other reason. In any such event, the proposed Settlement and Agreement shall become null and void and be of no further force and effect, and neither the Agreement nor the Court's orders, including this Order, shall be used or referred to for any purpose whatsoever.

31. Neither the Agreement, nor any of its terms or provisions, nor any of its exhibits, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by any Defendant of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind, or of the appropriateness of the certification of the Settlement Class for purposes other than for settlement. This Order shall not be construed or used as an admission, concession or declaration by or against any of the Released Parties of any fault, wrongdoing, breach, or liability.

32. The terms and provisions of the Agreement may be amended by agreement of the Parties in writing or with approval of the Court without further notice to the Settlement Class, if such changes are consistent with this Order and do not limit the rights of the Settlement Class.

IT IS SO ORDERED.

Dated: July 6, 2018

Entered:

_____
John Robert Blakey
United States District Judge