IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KATHLEEN BISHOP, et al., individually and on behalf of the putative class,<br><br>Plaintiffs,<br><br>v.<br><br>BEHR PROCESS CORP., a California corporation, et al.,<br><br>Defendants. | Case No. 17-cv-4464<br><br>Judge John Robert Blakey |

**FINAL JUDGMENT ORDER GRANTING FINAL APPROVAL
OF SETTLEMENT, INCENTIVE AWARDS, ATTORNEYS' FEES AND COSTS**

**WHEREAS**, on August 10, 2018, this Court entered an amended order granting preliminary approval [92] (the "Preliminary Approval Order") of the Settlement between Plaintiffs, individually and on behalf of the Class, and Defendants Behr Process Corporation, Behr Paint Corp. and Masco Corporation (collectively, "Behr") and Home Depot U.S.A., Inc. and The Home Depot, Inc. (together with Behr, "Defendants"), as memorialized in the Class Action Settlement Agreement and Release [61-1] ("Agreement") in this proposed class action ("Action");

**WHEREAS**, on December 6, 2018, the Court convened a Final Approval Hearing for which members of the Class had been given appropriate notice. An opportunity to be heard was provided to all persons requesting to be heard in accordance with the Preliminary Approval Order and the Class Notice provided; and

**WHEREAS**, the Court having considered the following documents: the Settlement Agreement; Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement [111]; Declaration of Daniel O. Herrera in Support of Plaintiffs'

Unopposed Motion for Final Approval of Class Action Settlement [112]; Declaration of Steven Weisbrot, Esq. [113]; Objections to Settlement by Mary Ann Beane [95], Joy Thormodsgard [103], and John Cull [106]; the Declaration of Katrina Carroll [110]; Letters from Mary Christina Lebrasseur [105], [108]; Plaintiffs' Motion For Attorneys' Fees, Expenses and Incentive Awards [96] and the Declaration of Eric Gibbs in support thereof [97]; Plaintiffs' Motion for Preliminary Approval [61] and Reply in Support of Preliminary Approval [85]; and all other pleadings filed in relation to the Settlement and the Action, as well as the evidence submitted, the Court hereby finds the motion for Final Approval should be **GRANTED**.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. This Final Judgment and Order incorporates by reference the Agreement, including all definitions therein, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Settlement Agreement.

2. This Court has jurisdiction over Plaintiffs, Defendants, Class Members, and the claims asserted in the Litigation.

3. The Settlement Agreement was entered into in good faith following arm's-length negotiations and is non-collusive.

**Class Certification and Approval of Settlement**

4. The Court finally approves the following Class for settlement purposes only:

> All persons and entities that, between September 1, 2012 and the date of Preliminary Approval (*i.e.*, June 27, 2018) purchased DeckOver in the United States (or caused it to be purchased) and applied it (or caused it to be applied) to

>any property located in the United States owned or leased by the purchasing person or entity.

5.	Excluded from the Class are Defendants, and any entity in which Defendants have a controlling interest or which have a controlling interest in Defendants; Defendants' legal representatives, assigns and successors; and all judges who have presided over the Action and any member of the judges' immediate families.

6.	The Court finds that class certification solely for purposes of settlement is appropriate in that: (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the class that predominate over any questions affecting only individual class members; (c) Plaintiffs' claims are typical of the claims of the Class; (d) Plaintiffs will fairly and adequately protect the interests of the Class; (e) Katrina Carroll of Lite DePalma Greenberg, LLC; Daniel Herrera of Cafferty Clobes Meriwether and Sprengel LLP; Eric Gibbs of Gibbs Law Group LLP; and Joseph G. Sauder of Sauder Schelkopf LLC are adequate class counsel (hereinafter, "Plaintiffs' Co-Lead Counsel"); and (f) a class action is the superior method for the fair and efficient adjudication of this controversy.

7.	Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, reasonable, and adequate. To evaluate the fairness of the Settlement, the Court considered: (a) the strength of Plaintiffs' case compared to the substantial relief the Settlement affords the Class, (b) the likely complexity, length and expense of the Action, (c) the amount of opposition to Settlement among affected Parties, (d) the opinion of competent counsel, and (e) the stage of the

proceedings and the amount of discovery completed at the time of settlement. Each of the five factors weighs in favor of approval of the Agreement reached here and supports the Court's finding that the Settlement is fair, reasonable and adequate:

      a.    **Strength of Plaintiffs' Case**: The terms of the Settlement provide immediate benefits to all Class Members, including cash payments to Class Members. The Settlement also contains an effective method of distributing relief to Class Members, including its method of processing Class Member claims. On the other hand, as noted in Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (ECF 112), the case presents a host of risks for Plaintiffs overall. This factor favors approval of the Settlement.

      b.    **The Likely Complexity, Length, and Expense of Continued Litigation**: Litigating a class action lawsuit of this nature to conclusion would have been a complex, lengthy, and expensive endeavor. The trial in and of itself would have been a prolonged and complicated process and could have taken months to complete. Appeals almost certainly would have also followed any class certification ruling or judgment. This factor favors approval of the Settlement.

      c.    **Opposition to the Settlement by Class Members**: There was virtually no opposition to the Settlement amongst Class Members despite the extensive Class Notice program. Of the eligible Class Members, only 9 members of the Class requested exclusion from the Class. The Court also finds that only 4 Class Members submitted an objection to the Settlement, 3 of whom ultimately withdrew their objections, and that, in any event, the objections raised do not provide grounds on which to deny the Settlement final approval. In addition, the Settlement treats

Class Members equitably relative to each other. This factor favors approval of the Settlement.

        d.    **The Settlement is Supported by the Opinion of Competent Counsel**: In connection with the fourth factor—the opinion of competent counsel—the Court finds that Plaintiffs' Co-Lead Counsel are experienced in class action litigation and have submitted their opinions in favor of the Settlement. Both Plaintiffs and Plaintiffs' Co-Lead Counsel have adequately represented the Class. Thus, this factor weighs in favor of approval.

        e.    **The Stage of the Proceedings and the Amount of Discovery Completed at the Time of Settlement**: The case settled only after Plaintiffs consulted with an expert in the field of wood sciences and inspected the decks of several members of the Class, and the Parties exchanged MIDP and other confirmatory discovery and were in the best position to fully assess the strengths and weaknesses of the claims and defenses in negotiating the Settlement. Accordingly, the stage of the proceedings weighs in favor of approving the Settlement.

    8.    The Court further finds that the Settlement set forth in the Agreement is the result of arm's-length negotiations between experienced counsel and overseen by the Honorable Wayne Andersen (Ret.), an experienced and able mediator. Accordingly, the Settlement embodied in the Agreement is hereby finally approved in all respects. The Parties to the Agreement are hereby directed to perform the terms as set forth therein.

    9.    The Plaintiffs listed in the Agreement are designated as representatives of the Class.

10. Katrina Carroll of Lite DePalma Greenberg, LLC; Daniel Herrera of Cafferty Clobes Meriwether and Sprengel LLP; Eric Gibbs of Gibbs Law Group LLP; and Joseph G. Sauder of Sauder Schelkopf LLC are appointed as Plaintiffs' Co-Lead Counsel.

**Class Notice**

11. The Court finds that the Class Notice: (a) satisfied the requirements of Rule 23(c)(3) and due process; (b) was the best practicable notice under the circumstances; (c) reasonably apprised members of the Class of the pendency of the action and their right to object to the proposed settlement or opt out of the Class; and (d) was reasonable and constituted due, adequate, and sufficient notice to all those entitled to receive notice. Additionally, the Class Notice adequately informed members of the Class of their rights in the Action. *See* Fed. R. Civ. P. 23(c)(2).

12. The Court further finds that the Parties, through the Class Action Settlement Administrator, provided notice of the Settlement to the appropriate state and federal government officials pursuant to 28 U.S.C. § 1715. Furthermore, the Court has given the appropriate state and federal government officials the requisite 90-day period to comment or object to the Settlement before entering its Final Order and Final Judgment. No comments or objections were filed by any state or federal government official.

**Objections and Opt-Outs**

13. Timely objections to the Settlement were submitted by Mary Ann Beane [95], Joy Thormodsgard [103], Mary Christina Lebrasseur [105], and John Cull [106]. After communicating with Plaintiffs' Co-Lead Counsel, Mary Ann Beane, Mary Christina Lebrasseur, and John Cull withdrew their objections and decided to

participate in the Settlement [108], [110]. Two other individuals, Aaron and Donna Carbon, submitted a joint objection, but after the Objection Deadline. No other objections or comments have been timely filed with the Court.

14. After full consideration of the issues raised, this Court overrules all objections to the proposed Settlement.

15. A total of nine persons have validly requested exclusion from the Settlement Class: Michael Teves; Nancy Baahlmann; Nicholas Provenzo; Siobhan M. Esposito; David G. Hymer; Kathleen Johnson; Lawrence Grossberg; Linda Hoover; and Linda Rise. These individuals are not members of the Settlement Class, are not bound by the Settlement or this Judgment and Order and are not entitled to seek compensation or other relief under the Settlement Agreement.

**Class Compensation**

16. The Court orders Behr to pay for reasonable notice and administrative costs in accordance with Section VI of the Agreement.

17. The Court orders Behr to compensate Class Members in accordance with the terms of Section IV of the Agreement.

18. The Court orders the Class Action Settlement Administrator to administrate the Settlement in accordance with Section IV of the Agreement and the following schedule:

    a. With respect to Claims submitted on or before February 27, 2019, the Class Action Settlement Administrator will make all reasonable efforts to approve all valid Claims by no later than August 26, 2019.

b. With respect to Claims timely submitted on or after February 28, 2019, the Class Action Settlement Administrator will make all reasonable efforts to approve all valid Claims by no later than October 28, 2019.

**Releases**

19. Upon entry of this Final Order and Judgement, Plaintiffs and each member of the Class (except those listed in Paragraph 15) shall be bound by the release and discharge of claims set forth in the Agreement. Without in any way limiting the release and discharge of claims set forth in the Settlement Agreement, it is agreed that Class Members are not precluded from contacting and/or complying with requests and/or inquiries from any governmental authorities relating to the issues raised in this class action settlement.

20. The Court enjoins all Class Members (except those listed in Paragraph 15) from (a) filing, commencing, prosecuting, intervening in or participating as a plaintiff, claimant, or member of the class in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on the released claims; (b) filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any members of the Class who have not timely excluded themselves (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on claims made in this Action; (c) pursuing any released claims; and (d) attempting to effect opt-outs of individuals or a class of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on the released claims.

**Award of Attorneys' Fees and Costs**

21. The Court has considered Plaintiffs' Co-Lead Counsel's application for attorneys' fees and costs [96], which requests that the Court award Plaintiffs' Co-Lead Counsel an initial sum of $1,500,000.00 plus twenty percent (20%) of each approved Claim.

22. In awarding fees, the Court's goal is to "recreate the market" and approximate the fees that Plaintiffs' Co-Lead Counsel and Class Members would have agreed to *ex ante*, if such a negotiation were feasible. Considering that consumer litigation is litigated almost exclusively on a contingency basis, and that *ex ante* market rates for contingency-fee lawyers range between 30% to 40% of the plaintiffs' ultimate recovery, the Court finds Plaintiffs' Co-Lead Counsel's requested fee award to be appropriate and within the range of *ex ante* fees that could reasonably have been agreed upon.

23. Plaintiffs' Co-Lead Counsel's request is also consistent with the Seventh Circuit's suggestion that attorneys' fees awarded in consumer class actions "should not exceed a third or at most a half of the total amount of money going to class members and their counsel." *Pearson v. NBTY, Inc.*, 772 F.3d 778, 782 (7th Cir. 2014). Based on the claims received to date and the Class Action Settlement Administrator's sampling of the value of those claims, Plaintiffs' Co-Lead Counsel's share of the Settlement's proceeds already falls below that threshold and will only continue to drop as additional claims are submitted.

24. The Court finds the structure of the proposed fee award to be appropriate and beneficial to the class. Awarding Plaintiffs' Co-Lead Counsel a

percentage share of each approved claim further aligns Plaintiffs' Co-Lead Counsel's interests with those of the Class. The fixed component of Plaintiffs' Co-Lead Counsel's fee award works in conjunction with the percentage-based portion to create a built-in sliding scale: Plaintiffs' Co-Lead Counsel are compensated for each claim that is submitted but at a declining overall percentage.

25. The Court notes that Plaintiffs' Co-Lead Counsel and Plaintiffs' Class Counsel submitted lodestar reports showing that they collectively have a lodestar in excess of $2.2 million [97]. Although a lodestar cross-check is not required in all cases, in this instance it further supports Plaintiffs' Co-Lead Counsel's fee request.

26. Accordingly, based on applicable law and consideration of the benefits obtained by Plaintiffs' Co-Lead Counsel under the Settlement, the Court awards Plaintiffs' Co-Lead Counsel the initial sum of $1,500,000 and twenty percent (20%) of each approved Claim as an award of attorneys' fees and reasonable expenses.

27. Plaintiffs' Co-Lead Counsel shall have sole discretion in the distribution of any fees, costs, litigation expenses amongst counsel of record in the Action. This Court shall retain jurisdiction over any issues or disputes relating to such allocation.

**Incentive Payments**

28. The Court grants the request for incentive awards in the amount of $2,000 to Plaintiffs Kathleen Bishop, Nancy Graf, Jeanne Haman, Tom Paul, Mark Sumpter, Kathie Hensley, Judy Anderson, Aaron Amborn, Laurie McCall, Thomas Noftzger, Darin Richey, Bruce Tobey, and Zenas Whitehead. The Court grants the request for incentive awards in the amount of $1,000 to Plaintiffs Stacey Clow, Aaron Corneail, Joel Darby, James Droge, Deborah Durda, William Elger, Anne Gober, Bruce Hultmark, Janice Huskey, Paula Kastanis, Erik Lagesen, Brian Lange, Glen

Meyers, Philip Ross, Diane Stricklin, Ronald Stricklin, Charles Weygant, Heather Wood, David Wormwood, and Bryon Zablotny.

**Distributions**

29. Within thirty (30) days of the Final Effective Date, Behr shall pay to Plaintiffs' Co-Lead Counsel $1,500,000.00 in attorneys' fees, and $46,000.00 in incentive awards to Class Representatives.

30. Within fourteen (14) days of completing its review of all Claims as set forth in Section IV(C) of the Settlement Agreement and paragraphs 18(a) and 18(b) hereto, the Class Action Settlement Administrator shall prepare a report setting forth: (a) the total number of timely Claims; (b) the number of such Claims approved and denied, respectively; and (c) the aggregate value of all approved Claims, which Plaintiffs' Co-Lead Counsel will file with the Court in connection with a motion for distribution authorizing the Class Action Settlement Administrator to pay Plaintiffs' Co-Lead Counsel twenty percent (20%) of each approved Claim in attorneys' fees and issue payment to Class Members in the amount of eighty percent (80%) of each approved Claim.

31. Within fourteen (14) days of the Court approving the motion for distribution as provided for in paragraph 30 hereto, Behr shall transmit to the Class Action Settlement Administrator funds in the amount of the aggregate value of all approved Claims as set forth therein. The Class Action Settlement Administrator will effect payments as ordered pursuant to the Court's distribution Orders within thirty (30) days of entry of each such Order.

**Other Provisions**

32.     The Parties to the Agreement shall use their best efforts to carry out their respective obligations thereunder.

33.     Neither the Agreement, the Preliminary Approval Order, this Final Order and Judgment, nor any of their provisions, nor any of the documents (including, but not limited to, drafts of the Settlement Agreement, the Preliminary Approval Order, or the Order Granting Final Approval), negotiations, or proceedings relating in any way to the Settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind by any person, including Defendants, and shall not be offered or received in evidence in this or any other action or proceeding except in an action brought to enforce the terms of the Agreement.

34.     Without affecting the finality of this Final Order and Judgment in any way, this Court hereby retains continuing jurisdiction over the implementation of the Settlement and any award thereunder and all Parties hereto for the purpose of construing, enforcing, and administering the Agreement.  The Agreement is incorporated in this Final Order and Judgment for purposes of enforcement of the Agreement.

**Dismissal and Judgment**

35.     Each of the suits that constitute the Action are hereby dismissed with prejudice on the merits and without costs to any party, except as otherwise provided herein or in the Agreement.

36.     Pursuant to Fed. R. Civ. P. 58, the Court hereby directs the Clerk of the Court to enter a judgment approving the Settlement and dismissing this Action with prejudice, in accordance with this Final Order and Judgment.

37. This Final Order and Judgment is a final and appealable decision.

IT IS SO ORDERED.

Dated: December 19, 2018

                                        Entered:

                                        _____
                                        John Robert Blakey
                                        United States District Judge